# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN SAYYAH, et al.,

    Plaintiffs,

:

Case No. 1:01-cv-459

:

District Judge Herman Jacob Weber
Magistrate Judge Timothy S. Hogan

    -vs-

WAYNOKA PROPERTY OWNERS
ASSOCIATION, INC., et al.,

:

    Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiffs' Motion for Recusal (Doc. No. 100). Judge Weber referred the motion to Chief Judge Rice for decision (Doc. No. 108) and Judge Rice has referred the motion to the undersigned for report and recommendations under Fed. R. Civ. P. 72 (Doc. No. 111).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F. 2d 311 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). The Supreme Court has recently written:

1

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 127 L. Ed. 2d 474, 114 S. Ct. 1147 (1994). The Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Id.*

As Plaintiffs acknowledge, a disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F. 2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966); *see also Youn v. Track, Inc.,* 324 F. 3d 409 (6th Cir. 2003); *Bradley v. Milliken,* 620 F.2d 1143 (6th Cir. 1980).

Although the Motion in its caption seeks only recusal of Judge Weber, the body of the Motion also seeks the recusal of Magistrate Judge Hogan. The Plaintiffs recite in their Motion that

Magistrate Judge Hogan advised them in a conference call on August 8, 2002, that he intended to recuse himself because of his son's employment with the law firm with which defense counsel Yeager is associated. Thereafter, on August 14, 2002, Judge Hogan filed an entry recusing himself (Doc. No. 73). Therefore, to the extent the Motion seeks the recusal of Judge Hogan, it is moot.

Although Plaintiffs acknowledge that they must meet the extrajudicial source rule, they provide no evidence of extrajudicial bias as to Judge Weber. They have attached no evidentiary materials to their Motion, but rely entirely on their interpretation of the record in this case. They claim that Judge Weber is somehow "covering up" for Judge Hogan, but point to no evidence of any such activity and fail to acknowledge that Judge Hogan recused himself as soon as his disqualification became evident.

Plaintiffs claim that Judge Weber somehow denied them due process by not ruling on motions filed by them in timely fashion, particularly complaining of Doc. Nos. 7, 24, 33, 37, 44, 51, 62, 70, 71, 82, 83, 91, and 94. The first seven of these were decided September 19, 2002, at which time the oldest of them had been ripe for decision for less than nine months. Within a short period of time after the other motions were filed, Plaintiffs sought to have Judge Weber removed from the case. Judge Weber's motions docket has been as crowded as that of the other judges of this Court during the relevant time period and most of the judges have motions as old as these. Certainly there is no showing of denial of due process here or that the delay in deciding the motions proceeded from any bias of Judge Weber.

Plaintiffs also complain that Judge Weber displayed bias against them by warning them against filing too many motions. An impartial examination of the docket reveals that there has been a great deal of motion practice in this case, much of it by the Plaintiffs. Even assuming all of the Plaintiffs' motions are arguably meritorious, the Supreme Court held in *Liteky* that a judge's display of annoyance at particular methods of practice is not disqualifying.

Plaintiffs have not presented any disqualifying evidence with respect to Judge Weber. Their Motion for Recusal should be DENIED.

October 20, 2003.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).