# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| John Sayya, *pro se*, et al., | ) Case No.: 01-CV-459 |
| Plaintiffs, | ) Senior District Judge Herman J. Weber |
| v. | ) |
| Waynoka Property Owners | ) MOTION FOR RECONSIDERATION |
| Association, Inc., et al., | ) |
| Defendants. | ) |

NOW COME Plaintiffs, John Sayyah and Brenda Frank, and move this Court to reconsider its "Decision and Entry Adopting Report and Recommendations of United States Magistrate Judge (Doc. #112)." The reasons in support of such a motion are more particularly set forth in the accompanying memorandum.

## MEMORANDUM

Motions for reconsideration are generally treated as motions to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Moore's Federal Practice* § 59.30[7] (3rd ed. 2000). In such cases, a *de novo* standard of review is required. *Smith v. Wal-Mart Stores, Inc.*, 167 F3d 286, 289 (6th Cir. 1999). Furthermore, in applying a *de novo* standard of review, the court is required to turn to the merits of the case in order to evaluate those specific objections raised by Plaintiffs to the Magistrate's Report and Recommendations ("R&R").

The 6th Circuit Court has on numerous occasions specifically held that in cases referred under § 636(b)(1)(B), the *de novo* standard of review must be used to review the merits of the case in order to evaluate *specific* objections timely raised by a party to a magistrate's Report and

Recommendations ("R&R"). See, *Thornton v. Jennings,* 819 F.2d 153 (6th Cir. 1987); *Flournoy v. Seiter,* No. 86-2289, (6th Cir.1987); *Hill v. Duriron Co.,* 656 F.2d 1208, 1209 (6th Cir. 1981).

### Ignoring the Central Issue

With all due respect, instead of this Court concentrating its attention on the central issue, it seems it would rather drag smoked herrings across the trail and totally ignore the central issue, which is Plaintiffs' allegations that Judge Hogan had a conflict of interest from the very get-go, which manifested itself in a deliberate, unconscionable disregard to the serious nature of the numerous motions for sanctions lodged against Mr. Yeager, the defense attorney contracted by the very same insurance company in which Judge Hogan's son is on its legal staff.

To make matters worse, that very same company whose Judge Hogan's son is on legal staff for is confronted with the troubling headache that they are totally exposed to multi-millions of dollars not only in liability claims but also in humongous attorney fees which could very well be in the hundreds of thousands of dollars. To say that was of no concern to Judge Hogan, one would have to believe in the tooth fairy. Or else, what could account for Judge Hogan not immediately addressing such a serious matter involving accusations of lying and misleading fraudulent statements by Mr. Yeager directed at the court.

One must remember that Mr. Yeager represented to the court that he had discussed fully the issues of conflict of interest pertaining to their testimony with each and every one of his client involved in this Civil RICO Complaint. Yet, there are affidavits, statements, and testimony, under oath that Mr. Yeager *intentionally and maliciously* lied to the court and that, at no time, had he ever contacted his clients to discuss their testimony. There can be no denying, it is all in the record; no need to rehash what has been stated, over and over, ***ad nauseam*** and ***ad infinitum***.

Simple, plain, to the point: everyone is covering-up each other's butt.

All of the above can also be laid at the feet of Judge Weber, who was covering-up for Judge Hogan and his efforts to not address Plaintiffs serious and numerous compelling motions.

Or else, just like Judge Hogan, why did ***he*** not *immediately* address those motions.

There is much at stake, what with the insurance company's liabilities—now, if only Plaintiffs would eventually get tired, give up, and go away, that would be so nice for everyone.

Well, be that as it may, there can be little question, when one reviews the record of what really transpired, one can clearly see the scandalous and numerous lies, deceptions, deceits, and cover-ups, and, beyond a doubt, would have to realize the sad but compelling **truth**: there is a cancerous bias against those who would dare enter a courtroom as *pro se* litigants.

Cynical? No, just saddened, yet with an upbeat affirmative belief all will turn out right.

### An Affirmative Belief

Perennial optimists, true believers that faith can move mountains, convicted by the abiding belief that justice ultimately will prevail, and that somewhere along the path there are good and noble judges and magistrates who, true to their awesome calling, will, in the end, abide their oath of office, looking neither to the left nor the right but straight ahead, rule justly without bias, with a welcoming and open hand to those who come before them, knowing full well that in the end they must be true unto themselves. What profits a man to gain the world but lose his soul?

### CONCLUSION

While Plaintiffs are upbeat, praying this Court to reconsider, review the record closely, and judge accordingly, yet always realistic, they are preparing a notice of appeal, just in case.

Respectfully submitted,

John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171
937-446-4136

Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 45171
937-446-4136

### CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 17st day of December, 2003 to Herbert Freeman, Attorney at Law, 114 East Eight Street, Cincinnati, OH, 45202, Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202, Michael P. Foley, Esq., 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, Colleen Blandford, Attorney at Law, 1400 Carew Tower, 441 Vince Street, Cincinnati, OH 45202, and Thomas Shore, Jr., Attorney at Law, Rendigs, Fry, Kiely & Dennis, LLP, 900 Fourth and Vine Tower, Five West Fourth Street, Cincinnati, OH 45202.

John Sayyah, *pro se*

Brenda Frank, *pro se*

-3-