# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO

## WESTERN DIVISION

**JOHN SAYYAH & BRENDA FRANK**
<u>pro se</u> **plaintiffs**

                                     CASE NO. C-1-01-459

                                     NOTICE OF INTENTION
                                     TO USE 404(B) EVIDENCE;
                                     MOTION FOR TEMPORARY
                                     RESTRAINING ORDER;
                                     MOTION FOR LEAVE TO
                                     AMEND ANSWER TO
                                     INCLUDE COUNTERCLAIM
                                     FOR COMPENSATORY AND
                                     PUNITIVE DAMAGES

**WAYNOKA PROPERTY OWNERS**                **Senior Judge Herman J. Weber**
    **ASSOCIATION, INC., ET AL**
**defendants**

Now comes Herbert E. Freeman, Ohio Supreme Court Registration Number 0005364 but herein appearing as a <u>pro se</u> defendant, who hereby notifies this Court of his intention to utilize evidence permissible under Federal Rule of Evidence 404(B). Some but expressly not all of such evidence is newly-discovered, and attached hereto as exhibits.

Such evidence is to be proffered under authority inclusive of but specifically not limited to the aforementioned rule, which in pertinent part recites:
> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as **proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.**

Evidence of the character of a witness on the issue of credibility is otherwise admissible as provided in Federal Rule of Evidence 607, which provides that **the credibility of a witness may be attacked by any party, including the party calling the witness.**

Federal Rule of Civil Procedure 7 provides in pertinent part that...**an application to the Court for an order shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.** Federal Rule of Civil Procedure 9 deals with the protocol for pleading special matters. Subsection 9(b) states in pertinent part that ..... **In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.**

Subsection 9(g) recites that.....**When items of special damage are claimed, they shall be specifically stated.**

Exhibit "A" consists of plaintiffs Sayyah & Frank's arrogant & threatening handout, mailed (per Exhibit "B") on or about February 12th of 2004 and received on or about February 13th of 2004 by the individual members of the Waynoka Property Owners Association, Inc. Board of Trustees. It should be noted that Lizabeth Freeman (referred to in pejorative terms in Exhibit "A"), current president of the Board of Trustees, is the spouse of defendant-movant, although defendant-movant is not her legal representative.

The only reasonable interpretation of Exhibit "A" is to be put on notice that plaintiffs Sayyah & Frank have no serious intention of pursuing the instant case to trial and then accepting the verdict, win or lose. Sayyah & Frank, have suffered a series of setbacks in attempting to disqualify Magistrate Judge Hogan & Senior Judge Weber. They have filed a notice of appeal in the 6th Circuit Court of Appeals challenging the validity of decisions rendered by Magistrate Judge Michael Merz and Chief Judge Walter Herbert Rice. From the tone of the handout "New Federal Lawsuits to be Filed," however, it is apparent that plaintiffs know full well that they expect to have the Civil R.I.C.O. case restored to Judge Weber's trial docket. Since plaintiffs' true agenda is harrassment & intimidation, their response is not to prepare for trial and take their chances, but instead to walk away from the case, and recategorize the same allegations as alleged violations of 42 United States Code Section 1983.

Exhibits "C" and "D" constitute reduction photocopies of two newsletters issued shortly before the appearance of Exhibit "A". They are relevant to this discussion because they rattle off a "laundry list" of alleged grievances which (1) constitute the same grievances at issue in the instant case, and (2) are the same alleged grievances currently simultaneously pending in Brown County Common Pleas Court, in whole or in part, and (3) are the "roadmap" allowing this Court to determine with specificity the anticipated content of the **five to six new federal lawsuits to state and federal constitutional rights** (emphasis added).

Defendant-movant is respectful of this Court's long-standing protection of the freedoms enumerated in the Bill of Rights. At a previous hearing, this Court found that for plaintiffs to be allowed to restrict defendants from meeting with their own attorneys would constitute conduct that would be "unconstitutional since 1791." Nevertheless it is respectfully submitted that **pro se does not mean consequence-free.** Plaintiffs' right to

access the court system must be balanced against the rights of the current and preannounced future defendants. Furthermore the issue is whether or not the plaintiffs' anticipated **five to six new federal lawsuits** are legitimate, or whether they in fact are merely a malicious and bad faith repackaging of the same old allegations. If this Court finds that the preannounced **five to six new federal lawsuits** are deemed to be highly likely to be nothing more than another manifestation of plaintiffs' attempt to pull off a hostile takeover of Lake Waynoka's governmental entities, or if this Court finds that the new projected causes of action are (utilizing plaintiffs' own words in previous filings) geared to create **humongous (defense) attorney fees** in bad faith, a special response is justified.

In addition defendant-movant asks this Court for leave to amend his answer to incorporate a counterclaim not just for attorney's fees but also for compensatory damages and for punitive damages. If in fact plaintiffs' instant Civil R.I.C.O. action, and/or one or more of the anticipated **five to six new federal lawsuits** are deemed to be pursued in bad faith, then appropriate consequences should be available in the arsenal of remedies of the Court. Under notice pleading, it is therefore appropriate to propose such amendments now, so defendant-movant will not be in procedural default later on.

**WHEREFORE** defendant-movant asks this Court to:
1. Issue a restraining order, temporarily prohibiting plaintiffs from undertaking such "new" litigation, unless and until such time as this Court is convinced that plaintiffs are not simply repackaging the same "laundry list" of alleged grievances primarily for malicious reasons, and in bad faith;
2. In the alternative, issue an order that in the event that this or any other defendant become the subject of one or more of the anticipated **five or six new federal lawsuits**, then the time to respond to said filings which otherwise is set forth in the Federal Rules of Civil Procedure shall be extended, until such time as the instant case is resolved, so that the **thirty-one defendants** shall not be in the position of having to prepare the complex & costly responsive pleadings until the instant case gives this Court some insight as to whether or not plaintiffs are operating in good faith, in bad faith, or out of actual malice;
3. Issue an order allowing defendant-movant (as well as other similarly-situated defendants) to amend their pleadings, so as to include counterclaims for the reasonable valuation of attorney's fees necessitated by plaintiffs' lawsuit, and to include compensatory & punitive damages. Most defendants are represented by Lake Waynoka's insurance attorneys, and their response has been purely defensive, with no plan of counterattack. This strategy, while perhaps satisfying the requirements of coverage under the policy, creates no disincentive for **vexatious litigators & serial abusers of process Sayyah & Frank** to refrain from filing redundant and malicious lawsuit after lawsuit, until they in effect win by intimidation.

Respectfully submitted,

*/s/ Herbert C. Freeman*

Herbert E. Freeman  {0005364}
Attorney at Law & pro se defendant
114 East Eighth Street
Cincinnati, Ohio  45202-2102
(513) 381-8115  FAX 381-8153

### Certificate of Service

I certify that on the filing date time-stamped hereon I have sent exact copies of this pleading by ordinary U.S. Mail (postage prepaid) to the following individuals:

| | | |
|---|---|---|
| John Sayyah<br>238 Waynoka Drive<br>Sardinia, Ohio  45171 | Brenda Frank<br>273 Yuma Drive<br>Sardinia, Ohio  45171 | Robert Rickling<br>44 Comanche Drive<br>Sardinia, Ohio  45171 |
| Shirley Hempfling<br>5757 Cheviot Road Unit 3-B<br>Cincinnati, Ohio  45247 | Stephen Yeager<br>One West 4th Street<br>Suite 1800<br>Cincinnati OH 45202 | James A. Hunt<br>97 Main Street<br>Batavia, Ohio  45103 |
| K. R. Schoeni/ C. Blandford<br>Suite 800 PNC Center<br>201 East 5th Street<br>Cincinnati, Ohio  45202 | Steve Hengehold<br>900 4th & Vine Tower<br>One West 4th Street<br>Cincinnati OH 45202 | David W. Peck<br>One W. 4th Street<br>Suite 900<br>Cincinnati 45202 |

Michael P. Foley
900 Central Trust Tower
5 West 4th Street
Cincinnati, Ohio  45202

*H.C.F.*
-----------------------------
Herbert E. Freeman