

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

04 FEB 27 PM 3:03

| | |
|---|---|
| **John Sayya,** *pro se*, **et al.,** | ) Case No.: 01-CV-459 )  |
| **Plaintiffs,** | ) Senior District Judge Herman J. Weber ) |
| v. | ) |
|  | ) MOTION FOR LEAVE OF COURT TO |
| **Waynoka Property Owners** | ) FILE A MOTION FOR SANCTIONS |
| **Association, Inc., et al.,** | ) AGAINST DEFENDANT FREEMAN FOR |
|  | ) BAD FAITH LITIGATION IN VIOLATION |
|  | ) OF FED. R. CIV. P. 11 AND 28 U.S.C. 1927 |
| **Defendants.** | ) |

**NOW COME** Plaintiffs, and move this Court for leave to file a motion for sanctions to be applied against Defendant Freeman ("Defendant") for bad faith litigation in violation of Fed. R. Civ. P. 11 and 28 U.S.C. 1927. The reasons in support of such a motion are more particularly set forth in the accompanying memorandum.

## MEMORANDUM

*Note: Plaintiffs were under the impression Judge Weber had issued an "order" to hold up proceedings until a ruling had been made on his disqualification. Under the circumstance, not knowing why Defendant is proceeding, left little choice, Plaintiffs are filing this motion*

******************

Here again, Plaintiffs must take time out of their busy lives to respond to another of Defendant's predictable vexatious verbiage to which Plaintiffs, since the day they filed this pending cause of action, have been continuously subjected. Long suffering, and suffering still, Plaintiffs will try, once again, to persuade this Court that Defendant makes all these wild unsubstantiated accusations without ever checking their veracity, the facts and laws to support them as required, and sanctions may be applied when not complied with.

**Three Grounds for Sanctioning**

Plaintiffs allege three grounds for sanctioning Defendant: (1) this Court's inherent power; (2) 28 U.S.C. § 1927; and, (3) Fed. R. Civ. P. 11. *Oliveri v. Thompson*, 803 F.2d 1265, 1271-1275 (2nd Cir. 1986); *see*, Johnson & Casady, *Frivolous Lawsuits and Defensive Responses to them – What Relief is Available I*, 36 Ala. L. Rev. 927 (1985). As the *Oliveri* Court noted: there are three specific grounds for awarding sanctions, each of which require close and careful analysis: (1) bad faith; (2) 28 U.S.C. § 1927; and (3) Fed. R. Civ. P. 11.

1. **Bad Faith Rule**

Courts have inherent equitable power to award appropriate sanctions for "bad faith" or frivolous conduct of a case. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-67, 65 L.Ed.2d 488, 100 S.Ct. 2455 (1980); *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1088 (2nd Cir. 1977); *Shimman v. International Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1228-30 & nn. 5, 6 (6th Cir. 1984).

2. **28 U.S.C. § 1927**

Courts may allow for awards, in which an attorney unreasonably and vexatiously multiplies the proceedings. The intent is to sanction dilatory litigation practices, and satisfy the excess cost incurred by said unreasonable and vexatious conduct. Courts also have defined "unreasonable and vexatious" to mean "an intentional departure from proper conduct, and a "reckless disregard of duty owed…the court, and may assess fees, despite the absence of conscious impropriety," *U.S. v. Ross*, 535 F.2d 346 (6th Cir. 1976); no right to burden Plaintiffs with claims that are frivolous on their merits, nothing more than multiplicative litigation tactics that are harassing, and that are dilatory, "unreasonable and vexatious." *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986); *Coluci v. New York Times Co.*, 533 F.Supp. 1011, 1013-14 (S.D.N.Y. 1982). *Jones* makes clear that § 1927 supports sanctions against acts that unnecessarily delay

proceedings. Id. at 1230; *see, also, Haynie v. Ross Gear Div. Of TRW, Inc.*, 799 F.2d 237, 243 (6th Cir. 1986) cert. dismissed, 482 U.S. 901, 107 S.Ct 2475, 96 L.Ed.2d 368 (1987)

### 3. Fed. R. Civ. P. 11

While the goal is deterrence, sanctions under Rule 11 may include attorney fees. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (1989). In determining an appropriate sanction, courts consider the nature of the violation committed, the circumstances in which it was committed, and sanctioning measures that would deter from similar violations in the future. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 877 (5th Cir. 1988) (en banc); *Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1438 (7th Cir. 1987). Plaintiffs allege that Defendant egregiously has violated: the Bad Faith Rule, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11, in as much as he has presented claims, defenses, and other legal contentions not warranted by evidentiary support or by existing law; but merely to harass, cause unnecessary delay, and needless cost of litigation.

### A Few Sanctionable Particulars

Defendant makes conclusions without any facts or legal support, as follows:

1. On page 2, para. 2: "...plaintiffs have no serious intention of pursuing the instant case to trial and then accepting the verdict, win or lose." That is not true; Defendant provides no facts or laws to support such a wild accusation, therefore, *sanctionable!*

2. On page 2, para. 4: "Sayyah and Frank, have suffered a series of setbacks in attempting to disqualify Magistrate Judge Hogan...[.]" That is not true, Plaintiffs never moved to disqualify Judge Hogan—*he had already recused himself, of his own free volition*, no facts, no laws, *sanctionable!*

3. On page 2, para. 34: Defendant states: "Plaintiffs...expect to have the Civil R.I.C.O. case restored to Judge Weber's docket...[.]" Unless Defendant is a mind reader, how could he know what Plaintiffs' *expected*? No facts, no laws, therefore, *sanctionable!*

4. On page 2, para. 4: "Since Plaintiffs' true agenda is harassment & intimidation, their response is not to prepare for trial and take their chances, but instead to walk away from the case, and recategorize the same allegations as alleged violations of 42 United States Code Section 1983." What bull-roar! What total inane nonsense! How dare Defendant make such a wild unfounded accusation? No facts, no law, *sanctionable!*

5. On page 2. para. 5: "They are relevant to this discussion..." First, Plaintiffs have a right to publish their opinions in their newsletters, on public issues. As for his statement that "They are relevant to this discussion," no way, no how. Defendant does not indicate the "relevance," nor does he offer any facts or proof, *sanctionable!*

6. On page 3, para. 2: "...[Defendant] asks this Court for leave to amend his answer...[.]" That is not possible. Why? Because Defendant did not move to amend as a matter of right under Rule 15(a). *Old Republic Ins. Co. v. Hansa World Cargo Service, Inc.,* 170 F.R.D. 361, 383-384 (S.D.N.Y. 1997). Besides, Plaintiffs would assert "estoppel by laches," because of Defendant's long delay to assert a said claim. *Bell v. Hudson,* 1887, 73 Cal. 285, 287, 14 P. 291, 792, 2 AmSt.Rep. 791; *Porter v. Van Denburgh,* 1940, 15 Cal.2d 173, 99 P.2d 265, 267. No facts, no law, therefore, *sanctionable!*

7. On page 3, para. Numbered 3: "...**vexatious litigators & serial abuser of process Sayyah and Frank...**" Defendant has use this "worn-out" line *ad nauseam,* in which he offers no proof or law to make such a legal conclusion, therefore, *sanctionable!*

### Cited Rules Having No Relevance

2. As to his claim under 404(B), Defendant states: "such evidence...attached hereto as exhibits...is to be proffered...[as] evidence of other crimes, wrongs or acts...as proof of motive, opportunity, intent, preparation..." Rue 404(B) has no application in this instant case. It speaks of evidence of *repetitive* collateral crimes, wrongs, or other acts so similar as to crimes, wrongs, or other acts in a present pending case, "and must be so unusual and distinctive as to be like a

signature." *United States v. Pisari,* 636 F.2d 855 (1st Cir. 1981), at 404-92; *see, also, Thornberg v. Perleberg,* 158 N.W.2d 188 (N.D. 1968).

To admit evidence under 404(b), Defendant must demonstrate: (1) proof of the prior criminal act sufficiently to allow the jury to conclude that the act occurred and that Plaintiffs were the actors; (2) the prior act was not remote in time relative to the current charge; (3) similarity between the instant charge and the prior act; (4) the prior act is introduced to prove an element of the current charge. *See U.S. v. Jimimez,* 967 F.2d 1321, 1326 (9th Cir. 1992).

Finally, "similarity" is a necessary element to justify admission of evidence of other crimes, wrongs, or acts to prove other like crimes, wrongs, or acts ***are*** so nearly identical in method as to *ear-mark* them as the handiwork of Plaintiffs—*much more* is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used in the commission of the crimes must be so unusual and distinctive as to be like a signature. *U.S. v. Eatherton,* 519 F.2d 603, 611 (1st Cir.), cert. denied, 423 U.S. 987 (1975); *U.S. v. Barrett,* 539 F.2d 244, 248 (1st Cir. 1976); *see, also,* McCormick, *Law of Evidence,* ch. 56, §36 at 70 (2nd ed. 1972); Saltzburg and Redden, *Federal Rules of Evidence Manual,* 390 (2nd ed. 1977.

So much for ***404(b)***.

**3.** As for 607, that rule merely raises the question as to "who may impeach?" And, for the most part, is used primarily by the prosecution to lay a foundation and have the court declare a State's witness[es] as "hostile," in order to begin leading and otherwise impeaching, and used by others to impeach upon a showing of "surprise," *United States v. Gregory,* 472 F.2d 484, 487 (5th Cir. 1973). Why? Because of the questioning's prejudicial impact on witness may outweigh any rehabilitative effect on the case in point. *U.S. v. Bohle,* 445 F.2d 54, 73 (7th Cir. 1971).

So much for ***607***.

**4.** As for 7, if Defendant meant to impose such a motion to this Court, he has failed to satisfy the basic requirements of 7(b): to wit: "…[Defendant] shall state with particularity the grounds therefore, and shall set forth, the relief or order sought…and is fulfilled if the motion is stated in

a written notice of the hearing of the motion." *St. Marys Hosp. Medical Center v. Heckler*, 753 F.2d 1362, 1365 (7th Cir.), cert. denied, 472 U.S. 1028 (1985); *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1248-49 (9th Cir. 1982).

So much for *7*.

**5.** As for 9, what in the dickens is Defendant talking about? If he meant to impose such a motion, he has, once again, failed to satisfy its most basic requirement: making "an application to the Court for an order…shall state with particularity, the grounds therefore, and shall set forth the relief or order sought." While Defendant quotes as much, he never once sets forth the circumstances constituting fraud, the time and place, exactly what specific laws were broken that constitutes fraud, the circumstances surrounding the fraud, and ***must be stated*** with specificity and in particularity. *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080 (S.D.N.Y. 1977); see, also, Fed. R. Civ. P. 9(b); *U.S. v. Rapanos*, F.3d 2003 WL 21789241 (6th Cir. 2003); *U.S. v. Markwood*, 48 F.3d 969, 975 (6th Cir. 1995); *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical labs., Inc.*, 149 F.3d 227, 234 (3rd Cir. 1998). While not required to state "intent" *per se*, Defendant is required by law to state the facts and circumstances surrounding the fraud, which indicate "a mental state embracing intent to deceive, manipulate, and defraud." *Roger v. Lehtman Bros. Kuhn Loeb, Inc.*, 604 F.Supp. 222, 225 (S.D. Ohio 1984); see, also, *Hochfelder v. Ernst & Ernst*, 425 U.S. 185, 193 (1976); *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir.).

Courts have noted that "9(b) has three (3) broad purposes: (1) to ensure that allegations are specific enough to inform the accused party of the act(s) in which the accusing party complains, to enable the accused party to prepare an effective response and defense; (2) to eliminate complaints filed as a pretext for discovery; and (3) to seek to protect the accused party from unfounded charges of wrongdoings which injures their reputation and goodwill." *Vennittilli v. Primerica, Inc.*, 943 F.Supp. 793, 798 (E.D. Mich. 1996).

So much for *9*.

### Vexatious Litigator Cause of Action

For Freeman to label Plaintiffs *vexatious litigators,* it is not enough for him to just file a counterclaim alleging as much, he is mandated by law to proceed, as in any other civil action, under Ohio Rules of Civil Procedure, entitled with all appeals applicable, and then, and only then, after going through all the legal hoops, can Freeman lawfully state that Plaintiffs are ve*xatious litigators*. This has not been done. No facts, no law, therefore, *sanctionable!*

### CONCLUSION

Based upon all of the above, Plaintiffs pray this Court to: (1) deny Defendant his "requests," (2) sanction Defendant accordingly, and (3) finally put a halt to this troubling boorish nuisance.

Respectfully submitted,

John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171 -- (937) 446-4136

Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 45171 -- (937) 446-1265

### CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 27st day of February, 2004 to Herbert Freeman, Attorney at Law, 114 East Eight Street, Cincinnati, OH, 45202, Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202, Michael P. Foley, Esq., 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, C. Blandford & K.R. Schoeni Attorneys at Law, Suite 800 PNC Center, 201 East 5th Street, Cincinnati, OH 45202, Steve Hengehold, Attorney at Law, 900 4th & Vine Tower, One West 4th Street, Cincinnati, OH 45202, Robert Rickling, *pro se,* 44 Comanche Drive, Sardinia, OH 45171, and Shirley Hempfling, *pro se,* 5757 Cheviot Rd, Unit 3-B, Cincinnati, OH 45202.

John Sayyah, *pro se*

Brenda Frank, *pro se*