FILED
JAMES BONINI
CLERK

04 JUL -6 PM 12:52

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **John Sayyah,** *pro se,* *et al* ) | Case No.: C-1-01-459 |
| ) | |
| **Plaintiffs,** ) | **EMERGENCY EXPEDITED MOTION** |
| vs. ) | |
| ) | **MOTION FOR FRAUD UPON THE COURT** |
| **Waynoka Prop. Owners** ) | **WITH IMMEDIATE STAY OF PROCEEDINGS** |
| **Assoc., Inc.** *et al,* ) | **PENDING REVIEW AND OUTCOME OF SAID** |
| ) | **MOTION PURSUANT TO FED. R. CIV. P. 60(b)** |
| **Defendants.** ) | |
| ) | |

**COME NOW** Plaintiffs, and move this Court to stay all proceedings pending a full and complete investigation involving *Fraud Upon the Court* and other questions of exceptional importance and urgency, due in no small part to the fraudulent misconduct of Defense Attorney, Stephen Yeager ("Yeager") and Defendant Herbert Freeman ("Freeman"). The reasons in support of said motion are more properly set forth in the accompanying memorandum.

### MEMORANDUM

### Rule 60(b)

Plaintiffs make their "stay of proceedings" request pursuant to Rule 60(b)(2), (3), and (6) of the Federal Rules of Civil Procedure, which provide: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from …[an]order, or proceeding for the following reasons:…fraud [upon the court], misrepresentation, or other misconduct of an adverse party…"

Plaintiffs argue that their motion is in particular, "procedurally correct," because Rule 60(b) is applicable to orders and/or proceedings. Where a Court Order or procedure is stayed pending a full hearing on a serious charge of "Fraud Upon the Court," especially, as in this instant case, where there is more than ample evidence that throughout the entire proceedings, Yeager and

Freeman deliberately and willfully committed numerous frauds upon this Court and upon the 32 specifically named defendants as well as upon Plaintiffs, by means of Yeager's and Freeman's ongoing scheme of multifarious lies, false statements and perjury. *Broadway v. City of New York*, 2003 WL 21209635 at 2 (S.D.N.Y. May 21, 2003). Baker v. Nemaizer, 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

As in this case at bar, "[g]enerally courts require that the evidence in support of the motion [of fraud upon the court]...[under Rule 60(b)] [to] be 'highly convincing' . . . " Gwynn v. Deleo, WL 125185, at 4 (S.D.N.Y. July 3, 1991) (quoting Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

The court record clearly shows that both Yeager and Freeman lied, making false misleading statements that intentionally, egregiously and maliciously caused a fraud to be played upon this Court, which, by their deceitful and unethical behavior, violated Plaintiffs' rights to Due Process under the Fourteenth Amendment," depriving them of basic justice and fairness.

Stupid, naïve, Plaintiffs had hoped for better than this.

Told by many that taking on entrenched interests in this "biased corrupt district" as two *pro se* litigants would be ***totally*** futile. ***Still***, they had that "dumb" optimistic hope that maybe working through the system, giving it their very ***very*** best, things could and would change.

But, now, completely betrayed—*betrayed by judges, magistrates, and attorneys*—**betrayed** by a damnable "system" that is ***more*** corrupt, ***more*** perverse, ***more*** evil to the core than those that are luckless to stand before it to be judged.

Where is that vaunted "liberty and justice for ***all***" worth dying for?

> "I tell you, Sam, thar's a wind a'blowing. And it's hot, ugly hot. What with all the bullshit goin' down. The scams, lies, the grafts, the sell-outs, the ground rumbles—I tell you, Sam, she's ready to blow, and it's good riddance, I say..."
> *Dirty Little Secrets* – by John S. Sayyah.

### Federal Due Process Rights

Plaintiffs' Due Process Rights have been violated—*those* very same Due Process Rights of the Fourteenth Amendment to the United States Constitution, fought and paid for by the very blood of untold scores of loyal Americans, that "was intended [by the founding fathers] to prevent governmental officials [judges and magistrates] 'from abusing [their] power, or employing it as an instrument of oppression." *Collins v. Harker Heights*, 503 U.S. 115, 126 (1992) (quoting *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989) (further quotation omitted).

Plaintiffs are well aware that the core of due process pursuant to the Fourteenth Amendment is to protect against arbitrary governmental action. *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716 (1998).

Plaintiffs also are well aware that to state a substantive due process claim, they must allege an abuse of power that shocks the contemporary conscience.

And—"Fraud upon the Court" is precisely that kind of *shocking* "conduct."

### Title 18 U.S.C. § 1503 – Obstruction of Justice

Section 1503 of Title 18, United States Code, the term "officer of the court" include judges, magistrates, clerk of courts, as well as each and every practicing attorney, who "endeavor to influence, intimidate, or impede…the due administration of justice," by virtue of the omnibus clause, "obstructs justice." *United States v. Saget*, 991 F.2d 702, 713 (11th Cir. 1989).

Furthermore, said "judges, magistrates…attorneys at law" may be criminally prosecuted under Section 1503 for endeavoring to "obstruct justice." *United States v. Williams*, 874 F2d 968, 976 (5th Cir. 1989); *United States v. Edwards*, 36 F.3d 639, 645 (7th Cir. 1994); *Roberts v. United States*, 239 F.2d 467m 470 (9th Cir. 1994).

### Fraud Upon the Court

It is clear, well settled controlling law that any attempt to commit "fraud upon the court" vitiates the entire proceedings. *United States v. Karahalias*, 205 $.2d 331 (2nd Cir. 1953);

*Regenold v. Baby People ex rel. Chicago Bar Association v. Gilmore, (1931)*, 345 Ill. 28, 46, 177 N.E. 710.

### Federal Rule of Civil Procedure 60(c)

From the very beginning and throughout the course of this case at bar, Yeager and Freeman deliberately, maliciously and unrelentingly committed fraud upon the court with the awareness and connivance of said judges and magistrates, and that issue of *Fraud Upon the Court* is not a question for triers of fact, but is a question of law to be decided upon by ___this___ court. *Hardin v. Hardin*, 237 Ark. 237, 372 S.W.2d 260 (1963).

Plaintiffs have dutifully proffered to this Court controlling laws that proper procedure must be followed, and that is, to stay all proceedings until such time as this Court has a chance to fully and completely investigate such a charge, and render a full and complete decision. *Hadden v. Rumsey Products*, 196 F.2d 92 (2nd Cir. 1952); 7 Moore's Federal Practice, 60.38(3)(2nd ed. 1971); *United States v. Karahalias*, 205 F.2d 331 (2nd Cir. 1953); *Butcher & Sherrand v. Welsh*, 206 F.2d 259 (3rd Cir. 1953), cert. Denied 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418 (1954).

### Justice & Plaintiffs Have Suffered Egregiously

Yeager's and Freeman's dastardly lying fraud upon the court has totally and completely trashed Plaintiffs case at bar, and for all practical purposes, have driven their cart off the road and into the ditch. Yeager and Freeman have not only imposed themselves upon the Court's busy docket, matters that could have been allotted to other litigants. Through their numerous lies and deceits, Yeager and Freeman have consumed an enormous amount of Plaintiffs' time and energy over these past three years, and have subjected them to substantial, unnecessary expenses.

As the record so clearly and so poignantly shows, even after Plaintiffs had raised the issue of the lying, the deceit, and the fraud upon the court, so well thought out, so meticulously addressed, so totally fleshed out, with all the bells and whistles, with stated facts upon stated facts, supported by an over-whelming abundance of diligently researched laws upon diligently

researched laws, pertinent laws, laws on the very point, laws layered upon lays layered upon laws, more than was asked for, more than was really needed, more than was required, more than beyond simple minimum requirements, beyond preponderance, even beyond a shadow of doubt, and yet Hogan, Weber, Rice and Merz never once did anything—nothing, nada...

This Court would be best advised to seriously ponder and consider that tampering with the administration of justice in the manner alleged herein, involves more than just an injury to a single one of two *pro se* litigants. It is an injury to the very institution designed to protect the public good—in which fraud should not be tolerated and still remain constant with said good.

**WHEREFOR,** Plaintiffs pray this Court to do the only right thing: restore to Plaintiffs their right to fairness and due process of law, and to grant them their motion to stay proceedings pending a full and complete investigation into Plaintiffs charge of "fraud upon the court."

Respectfully submitted,

_____
John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171
(937) 446-4136

_____
Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 451
(937) 446-1265

## CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 6th day July, 2004 to Herbert Freeman, Attorney at Law, The Citadel, 114 East Eighth Street, Cincinnati, OH, 45202; Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202; Michael P. Foley, Esq.; 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202; Colleen Blandford & Roger Schoeni, Attorneys at Law, PNC Center, Suite 1800, 201 East Fifth Street, Cincinnati, OH 45202; Steven D. Hengehold, Attorney at Law, Rendigs, Fry, Kiely & Dennis, LLP, 900 Fourth and Vine Tower, Five West Fourth Street, Cincinnati, OH 45202; Shirely Hempfling, 5757 Cheviot Road, 3B Unit, Cincinnati, Ohio 45247; Matthew Skinner, Attorney at Law, P.O. 145496, Cincinnati, Ohio 45250.

_____
John Sayyah, *pro se*

_____
Brenda Frank, *pro se*