UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN SAYYAH, *et al.*,

    Plaintiffs,                         Case No. 1:01-cv-459

vs.                                        (Weber, J.; Black, M.J.)

WAYNOKA PROPERTY
OWNERS ASSOCIATION,
INC., *et al.*,

    Defendants.

**ORDER THAT PLAINTIFFS' EMERGENCY EXPEDITED MOTION FOR
FRAUD UPON THE COURT WITH IMMEDIATE STAY OF PROCEEDINGS
(Doc. 134) IS DENIED**

    This matter is before the Court on plaintiffs' "Emergency Expedited Motion" to stay this proceeding pending review of plaintiffs' allegations that attorneys Stephen Yeager and Herbert Freeman have committed fraud upon the Court. (Doc. 134).

    Plaintiffs correctly state that the Court is authorized to grant appropriate relief during the pendency of a proceeding when a fraud upon the court has been committed. *See* Fed. R. Civ. P. 60(b); *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1117-18 (1st Cir. 1989); *Ciba Specialty Chemical Corp. v. Zinkan Enterprises,* Inc., 68 U.S.P.Q.2d 1150, 1153 (S.D. Ohio 2003). Nonetheless, "[a] finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust*

*Actions,* 538 F.2d 180, 195 (8th Cir. 1976), *cert. denied,* 429 U.S. 1040 (1977) (citations omitted).

In support of their emergency motion, however, plaintiffs present only conclusory allegations of fraudulent misconduct by Yeager and Freeman. In their motion and memorandum, plaintiffs have presented no evidence, and have failed to allege any facts, to elucidate the alleged "scheme of multifarious lies" or to show that the alleged misconduct was "calculated to interfere with the judicial system's ability impartially to adjudicate a matter," to improperly influence the trier, or to unfairly hamper plaintiffs' presentation of their claims. *See Aoude,* 892 F.2d at 1118.

Moreover, the Court has previously denied plaintiffs' motion for an emergency restraining order seeking to enjoin Yeager and Freeman from meeting with other defendants in this case. (*See* docs. 97, 103). In that motion (doc. 93), as in the present motion, plaintiffs accused Yeager and Freeman of lying and deceiving the Court. (*See id.* at 2).

Accordingly, upon review of the record as a whole, and in the absence from plaintiffs' most recent motion of any specific allegations of wrongdoing, the Court finds that the motion for a stay is not well-taken.

Accordingly, **IT IS HEREIN ORDERED THAT** plaintiffs' "Emergency Expedited Motion For Fraud Upon The Court With Immediate Stay Of Proceedings" (doc. 134) is **DENIED**.

-3-

**IT IS SO ORDERED.**


Date:  7/12/04                              s/Timothy S. Black                        
                                            Timothy S. Black
                                            United States Magistrate Judge