# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| John Sayyah, *pro se, et al* | ) Case No.: C-1-01-459 |
| | ) |
| **Plaintiffs,** | ) Senior Judge Weber |
| vs. | ) |
| | ) **PLAINTIFFS' MOTION IN OPPOSITION TO** |
| Waynoka Prop. Owners | ) **FREEMAN'S MOTION OF 08/26/04 FOR LEAVE** |
| Assoc., Inc. *et al,* | ) **TO FILE HIS RULE 26 INITIAL DISCLOSURE** |
| | ) **WITH A MOTION TO SANCTION FREEMAN** |
| **Defendants.** | ) |
| | ) |

**NOW COME** Plaintiffs and move this Court to deny Freeman's Motion of 08/26/04 for leave to file his rule 26 initial disclosure, with a motion to sanction Freeman. The reasons in support of said motions are more particularly set forth in the accompanying memorandum.

## MEMORANDUM

Plaintiffs would ask this Court to consider the following letter of 06/23/04 by Freeman:

"Dear Mr. Sayyah:

Notwithstanding the fact that you have filed a motion in the Sixth Circuit Court of Appeals on or about the 19th of June of this year containing content which is threatening, lawyers provided by Lake Waynoka's insurance carrier are still willing to give you one more chance to redeem yourself. It is of the utmost importance that both yourself and Ms. Frank come into compliance with the mandates set up by Magistrate Judge Black.

I regret to inform you that should you continue on your present course both myself [pro se] and probably other parties through counsel will be forced to resort to more aggressive tactics. Attached hereto is a photocopy of a subpoena in a civil case. You are an intelligent man, and therefore I am certain that you can "fill in the blanks" of this hypothetical document with the appropriate information. We seek only a voluntary exchange of the same information, in a neutral location and under orderly procedures. Govern yourself accordingly.

Sincerely, Herbert E. Freeman, Attorney at Law." *See attached exhibit A.*

### Freeman: What a Joke

A quick read of Freeman's "Motion" shows it to be simply what it is: a rehash of warmed over false, misleading and fraudulent accusations. But for some mystifying reason Freeman is convinced that if he repeats these lies long and often enough they will become fact.

## Fundamental Purpose

An astute *bono fide* attorney at law, surely Freeman must have or should have known that the fundamental purpose of a pretrial procedure under Fed. R. Civ. P. 16 is to eliminate issues not genuinely in contest and thereby facilitate *those* issues that must be tried at trial. Whether astute, stupid or dumb, the "fundamental purpose" is not to launch an open-ended "fishing expedition" but to promote the ends of justice by providing for the timely and efficient resolution of the case by trial, settlement or pretrial adjudication.

## Lies & Fraudulent Misleading Statements

As usual, Freeman's "Motion" contains the many lies and fraudulent misleading statements that Plaintiffs so temptingly could belabor this court with. However, for the sake of brevity, Plaintiffs will point out just one: Freeman's attached exhibit (I), an "affidavit" in which his wife, Lizabeth Freeman committed perjury. In that "perjured" affidavit, which Freeman submitted to this Court, in paragraph #4, Ms. Freeman raised her right hand and swore under oath that:

> "When plaintiffs met resistance to the pendency of their lawsuits in Brown County Common Pleas Court by the elected trial judge, their tactic was to file suit against his personal secretary, thereby forcing the judge to disqualify himself."

Freeman knew his wife's affidavit was perjured because Plaintiffs had objected to the same "damn" worn-out charge in their "motion to sanction Freeman" (Doc. #105). On page 9, Plaintiffs provided this very Court evidence that: "…Judge Corbin, of his own free volition, had recused himself from the very first complaint filed by Plaintiffs and had recused all the other judges sitting on the Brown County Common Pleas Court, as well…[because] he and the other judges either owned properties at Lake Waynoka or had friends or relatives living there that did, and thereby all had, in one way or another, 'conflicts of interests.'" On the very same page 9, Plaintiffs proved that "[t]he lawsuit against Shelby Browning was not brought against her because she was Judge Corbin's 'office administrator.' But it was brought against her as it related to her duty as the "Assignment Commissioner of Brown County Common Pleas Court, and had absolutely nothing at all to do with being Judge Corbin's secretary."

**Uncontestable and Irrefutable Proof**

**Timeline:** The following two "uncontestable" and "irrefutable" facts are set in stone.

**Fact One:** Plaintiffs Sayyah and Frank filed their very first complaint on January 21, 2000 in the Brown County Common Pleas Court, and that case was immediately assigned out of Brown County to Judge Ringland in Clermont County. *See attached exhibit B.*

**Fact Two:** Plaintiffs Sayyah and Frank filed their complaint against Shelby Browning on December 7, 2001, and that case was immediately assigned out of Brown County to Judge McCracken in Clinton County. *See attached exhibit C.*

The neat thing about being in possession of the facts, they refute falsehoods.

Freeman's lie is exposed by the mere fact that the timeline shows that Plaintiffs had filed their first complaint in Brown County Common Pleas Court on December 7, 2001, some 11 months earlier than when they filed their complaint against Ms. Browning. **Therefore, *ergo,*** there could have been no *quid pro quo*, in which the lawsuit against Ms. Browning forced Judge Corbin to recuse himself. The truth is that the lawsuit against Ms. Browning had nothing to do with Judge Corbin requesting the Ohio Supreme Justice Morey to assign visiting judges outside of Brown County to hear those specific cases involving Lake Waynoka Community. To drive the point home, the following compelling, clear-cut letter from Ohio Chief Justice Thomas J. Moyer:

CERTIFICATE OF ASSIGNMENET

The Honorable John Owen Crouse, a retired judge of the Highland County Court of Common Pleas, is assigned effective December 8, 2000 to preside in the Brown County Court of Common Pleas, General and Domestic Relations Divisions, to hear the following cases: 990590, Denise Davis, et al, v. Waynoka Regional Water and Sewer District, Inc.; 20000032, John Sayyah, et al. v. Waynoka Regional Water and Sewer District, Inc.; 20000258, John Sayyah (pro se) v. Waynoka Property Owners Association, et al.; 20000424, John Sayyah (pro se) and Brenda Frank (pro se) v. Waynoka Regional Water and Sewer District, Inc., et al. and to conclude any proceedings in which he participated."

Thomas J. Moyer
Chief Justice
*See attached exhibit D.*

### A Tell-Tale Final Proof

**Case # 99059** was brought in 1999 by Denise Davis, *not* **Plaintiffs,** which was assigned out of Brown County to Judge Crouse, a retired judge out of Highland County, again because of the conflicts that were associated with the Lake Waynoka Community.  End of story.

### WHAT MUST PLAINTIFFS DO TO GET THIS COURT'S ATTENTION

One would think, ***by now***, after these past three years, that at least one judge or one magistrate in this whole federal distrct would get the message: **Freeman is a damnable liar**.

Maybe federal judges and magistrates in this ***particular*** district do not mind an attorney who lies and makes false accusations and statements, *but Plaintiffs do mind!*  They do mind being locked out of the system, and being treated like third-class citizens.  They do mind federal judges and magistrates, with eyes wide shut, sitting idle, egregiously allowing them to be subjected to Freeman's lying and unethical litigation tactics to go unchallenged.

They do *terribly* mind—and enough is enough.

Plaintiffs have grown weary, and are just plain damn tired of it all.  This is not American Justice, but more in the fashion of a third-rate Kangaroo Court.  Plaintiffs did not fall out of any tree.  Like everyone on the streets of Cincinnati, they knew going into this United States District Court for the Southern District of Ohio Western Division as *pro se* litigants would not be a walk-in-the-park.  They knew, like most of the insiders knew, that being a *pro se* litigant would be difficult, but did not know it would be neigh to impossible.

What a scandal?  What a hoax?

Very difficult to believe, but as the court record so clearly suggests, first District Magistrate Hogan, then District Senior Judge Weber, District Magistrate Merz, District Senior Judge Rice, then Circuit Judge Kennedy, Circuit Judge Rogers, Circuit Judge Cook, and finally Magistrate Black, and to make the circuit complete back to Senior Judge Weber, all, each and everyone, have violated Plaintiffs Due Process Rights pursuant to the Fourteenth Amendment.

And—*for what,* and—*for* whom?  For Freeman?  So he can lie, cheat, make false statements, and all because of the fact that Plaintiffs are garbage, low life, *pro se* litigants, and who gives a damn, anyway!  "Liberty and Justice for All"—what a terrible and sinister joke!

And those attorneys who read this: "what is it all really about?"  Is winning at any cost all that really matters.  To win and gain it all, is it worth the cost to honor, to the very soul of one privileged to represent those unfortunate to have need of recourse under law and or equity.

One attorney in a phone chat stated to Sayyah: "John, why are you so hung-up on these damn motions.  They only distract and delay getting to the real issues in this case?"

Well meaning, no doubt, but lying attorneys and conniving unscrupulous magistrates and judges who knowingly nod and wink at each are, in reality, the ***real*** issues.  Their conniving and unscrupulous behavior defiles the very notion of justice and fairness.  Tragically, without those sacred underpinnings all is lost.  Yes—the right to "due process" is well worth the ***hang-up***.

A final thought.  Plaintiffs would like to share with this Court the "Notice and Entry of Recusal" by the Honorable Judge Ringland of the Clermont County Common Pleas Court, in which, to their everlasting regret, Plaintiffs had erroneously charged him with bias by not honoring a motion for extension of time for which Plaintiffs had been led to believe by Ms. Browning, the Assignment Administrator of the Brown County Common Pleas Court, that he had already approved, but was in time shown to be a concocted lie by Ms. Browning, which was and still is the reason for their lawsuit (*See attached exhibit E*) :

### NOTICE AND ENTRY OF RECUSAL

This Court, acknowledges that the Supreme Court of Ohio has denied Plaintiffs' request for disqualification on procedural grounds as well as on the merits.  Nevertheless, this Court finds that Plaintiffs' faith in the judicial process has apparently been lessened, albeit erroneously, as a result of Plaintiffs' perceptions.  **This Court gives the benefit of doubt to the Plaintiffs** and considers their affidavit **made in good faith** and ***not* frivolous or disingenuous.**  While no bias exists to avoid any future issues or appearances of issues of bias, this Court will voluntarily withdraw from these matters and refers the cases back to the original judge for assignment of a new visiting judge.  (Emphasis added).

Judge Robert P. Ringland.   *See attached exhibit F.*

-5-

## CONCLUSION

**WHEREAS** Plaintiffs pray this Court live up to its responsibility, deny Freeman his "lying" and "deceptive" Motion and finally grant them their Motion to Sanction Freeman pursuant to 28 U.S.C. § 1927, or, in the alternate, Fed. R. Civ. P. 11, or, in the alternate, this Court's inherent power to sanction for bad-faith conduct.

Respectfully submitted,

John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171
(937) 446-4136

Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 451
(937) 446-1265

## CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 30th day of August 2004 to Herbert Freeman, Attorney at Law, The Citadel, 114 East Eighth Street, Cincinnati, OH, 45202; Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202; Michael P. Foley, Esq.; 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202; Colleen Blandford, Attorneys at Law, PNC Center, Suite 1800, 201 East Fifth Street, Cincinnati, OH 45202; Steven D. Hengehold, Attorney at Law, Rendigs, Fry, Kiely & Dennis, LLP, 900 Fourth and Vine Tower, Five West Fourth Street, Cincinnati, OH 45202; Matthew Skinner, Attorney at Law, P.O. 145496, Cincinnati, Ohio 45250.

John Sayyah, *pro se*

Brenda Frank, *pro se*