EXHIBIT A

LAW OFFICES

# Herbert E. Freeman

TELEPHONE (513) 381-8115
FACSIMILE (513) 381-8156
CELLULAR (513) 505-5062

114 EAST EIGHTH STREET
CINCINNATI, OHIO 45202-2102

June 23, 2004

John Sayyah
238 Waynoka Drive
Sardinia, Ohio 45171

RE: <u>John Sayyah</u> & <u>Brenda Frank</u>

-vs-

<u>Waynoka P.O.A., Et Al</u>

Dear Mr. Sayyah:

Notwithstanding the fact that you have filed a motion in the Sixth Circuit Court of Appeals on or about the 19th of June of this year containing content which is threatening, lawyers provided by Lake Waynoka's insurance carrier are still willing to give you one more chance to redeem yourself. It is of the utmost importance that both yourself and Ms. Frank come into compliance with the mandates set up by Magistrate Judge Black.

I regret to inform you that should you continue on your present course both myself [<u>pro se</u>] and probably other parties through counsel will be forced to resort to more agressive tactics. Attached hereto is a photocopy of a subpoena in a civil case. You are an intelligent man, and therefore I am certain that you can "fill in the blanks" of this hypothetical document with the appropriate information. We seek only a voluntary exchange of the same information, in a neutral location and under orderly procedures. Govern yourself accordingly.

Sincerely,

*Herbert C. Freeman*

Herbert E. Freeman         HEF/ao
Attorney at Law            -enclosure as outlined herein-

copies: Ms. Brenda Frank, Matthew Donnelly, Esq., et al

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

John Sayyah & Brenda Frank
V.
Waynoka Property Owners Assn., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-00459

TO: John Sayyah
238 Waynoka Drive
Sardinia, Ohio 45171

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| -SAMPLE- | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| -SAMPLE- | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

-SAMPLE-

| PLACE | DATE AND TIME |
|---|---|
| -SAMPLE- | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| -SAMPLE- | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Herbert E. Freeman, pro se, Attorney at Law | 06-23-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
114 East 8th Street, Cincinnati, Ohio 45202-2102   (513) 381-8153

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

```
                CIVIL CASE DOCKET                          CASE NO: CVH 20000032
-------------------------------------------------------------------------------
       SAYYAH, JOHN                       VS.    WAYNOKA REGIONAL WATER &
-------------------------------------------------------------------------------
```

EXHIBIT B

| Date | Entry |
|---|---|
| 01/21/2000 | CASE FILED BY SAYYAH, JOHN |
| 01/21/2000 | RECEIPT # 2000163 KELLY & WALLACE |
| 01/21/2000 | CLERK FEE: $25.00; COMPUTER FEE $10.00; LEGAL RESEARCH $3.00 LEGAL AID: $15.00 |
| 01/21/2000 | COMPLAINT FOR DECLARATORY JUDGMENT AND TEMPORARY AND PERMANENT INJUNCTION WITH JURY DEMAND. |
| 01/21/2000 | MOTION FOR TEMPORARY RESTRAINING ORDER. |
| 01/21/2000 | AFFIDAVIT. (JOHN SAYYAH) |
| 01/21/2000 | REQUEST FOR SERVICE BY CERTIFIED MAIL AND ALSO BY PERSONAL SERVICE BY BROWN COUNTY SHERIFF'S DEPT. ON TIM O'FARRELL, WAYNOKA REGIONAL WATER & SEWER DISTRICT INC.. |
| 01/21/2000 | ISSUING WRITS: SUMMONS WITH CERTIFIED COPY OF COMPLAINT, MOTION, AFFIDAVIT ATTACHED AND ISSUED TO TIM O'FARRELL, WAYNOKA REGIONAL WATER & SEWER DISTRICT, INC. BY CERTIFIED MAIL, RRR. |
| 01/21/2000 | ISSUING WRITS: SUMMONS WITH CERTIFIED COPY OF COMPLAINT, MOTION, AFFIDAVIT ATTACHED AND ISSUED TO BROWN COUNTY SHERIFF'S DEPT. FOR PERSONAL SERVICE ON TIM O'FARRELL, WAYNOKA WATER & SEWER DISTRICT, INC.. |
| 01/21/2000 | CERTIFICATE OF FACT UNDER SEAL OF THE COURT |
| 01/21/2000 | POSTAGE CHARGE CERTIFIED MAIL $ 3.72 REGULAR MAIL   $ |
| 01/21/2000 | APPLIED |
| 01-26-2000 | SHERIFF RETURN ON SUMMONS SERVED TIM FARRELL DATE SERVED:  1-25-00 |
| 01/27/2000 | RETURN RECEIPT OF TIMOTHY O'FARRELL WAYNOKS REGIONAL WATER & SEWER DISTRICT, INC. /S/ RAYMOND BRADFORD ON 1-24-2000. |
| 01/28/2000 | JR# 222 PG# 192 - JUDGMENT ENTRY. TEMPORARY RESTRAINING ORDER |
| 01-31-2000 | SIGNATURE BOND. |
| 02-03-2000 | ANSWER OF DEFENDANT. CERTIFICATION. |
| 02/15/2000 | MOTION. MEMORANDUM AND CERTIFICATION (EXTEND TEMP ORDERS) |
| 02/25/2000 | MOTION TO ALLOW ADDITIONAL PLAINTIFFS FILED. CERTIFICATION |
| 02/28/2000 | JR# 222 PG# 1020 - ORDER. (TEMPORARY RESTRAINING ORDER IS EXTENDED) |
| 03/14/2000 | JR# 223 PG# 459 - JUDGMENT ENTRY. ORDER |
| 06-12-2000 | DEFENDANT'S CLOSING ARGUMENT. CERTIFICATION |
| 06/15/2000 | MEMORANDUM IN SUPPORT OF PRELIMINARY AND PERMANENT INJUNCTION FILED.   CERTIFICATION |
| 06/30/2000 | MOTION TO DISQUALIFY FILED.  CERTIFICATION |
| 08/09/2000 | MOTION. CERTIFICATION. |
| 09/12/2000 | JR# 228 PG# 870 - JUDGMENT ENTRY. DECISION |
| 09/26/2000 | JR# 229 PG# 303 - JUDGMENT ENTRY. (TEMP. RESTRAINING ORDER HERETOFORE ISSUED IN THIS CAUSE IS HEREBY SET ASIDE.) JAY CUTRELL TO MAIL A COPY OF THIS ENTRY TO JUDGE RINGLAND. |
| 10/21/2000 | AFFIDAVIT OF CIRCUMSTANCES PREVENTING COMPLAINCE WITH THE TIME REQUIREMENT OF FILING AFFIDAVIT OF DISQUALIFICATION CERTIFICATION AND DECISION WITH ATTACHEMENTS |
| 10/23/2000 | JR#  230PG#  136- ENTRY REGARDING AFFIDAVIT OF DISQUALIFICATION   DENIED |
| 10/26/2000 | JR# 230 PG# 241 - JUDGMENT ENTRY. NOTICE AND ENTRY OF RECUSAL |

```
CIVIL CASE DOCKET                              CASE NO: CVH 20000707
-----------------------------------------------------------------------
SAYYAH, JOHN                    VS.    BROWNING, SHELBY
-----------------------------------------------------------------------
```

EXHIBIT C

| Date | Entry |
|---|---|
| 12/07/2000 | CASE FILED BY SAYYAH, JOHN |
| 12/07/2000 | RECEIPT # 2003439 JOHN SAYYAH |
| 12/07/2000 | CLERK FEE: $25.00; COMPUTER FEE $10.00; LEGAL RESEARCH $3.00 LEGAL AID: $15.00; MAGISTRATE $25.00: |
| 12/07/2000 | COMPLAINT FOR GROSS AND MALICIOUS MISCONDUCT ARISING FROM DEFENDANT'S FRAUDULENT COURSE OF ACTION IN BROWN COUNTY, OHIO COURT OF COMMON PLEAS WITH COMPENSATORY AND CONSEQUENTIAL DAMAGES TO BE DETERMINED AT TRIAL AND (CONTINUED NEXT ENTRY) |
| 12/07/2000 | CONTINUED FROM PREVIOUS ENTRY. WITH A SUGGESTED PUNITIVE DAMAGES AT 125 THOUSANDS OF DOLLARS AND WITH JURY DEMAND FILED. |
| 12/07/2000 | REQUEST FOR PERSONAL SERVICE ON SHELBY BROWNING. |
| 12/07/2000 | CERTIFICATE OF FACT UNDER SEAL OF THE COURT |
| 12/07/2000 | ISSUED CERTIFIED COPY OF THE COMPLAINT WITH SUMMONS TO THE BROWN COUNTY SHERIFF FOR PERSONAL SERVICE ON SHELBY BROWNING. |
| 12/08/2000 | SHERIFF RETURN ON SUMMONS SERVED TO SHELBY BROWNING BY PERSONAL SERVICE ON 12/07/2000 |
| 12/11/2000 | APPLIED |
| 12/30/2000 | ANSWER OF DEFENDANT SHELBY BROWNING FILED. CERTIFICATION. (ATTORNEY STEVEN G. LAFORGE) |
| 01/11/2001 | JR# 232 PG# 792 - JUDGMENT ENTRY. CERTIFICATE OF ASSIGNMENT FILED IN MISC. CASE NO: 2320792 ON 1/11/01, REGARDING RETIRED JUDGE JOHN OWEN CROUSE TO PRESIDE IN BR. CO. COMMON PL. CT. TO HEAR THIS CASE, 20000658, 20000706, AND 20000724. |

# The Supreme Court of Ohio

FILED
CLERK OF COURTS
BROWN COUNTY, OHIO

01 JAN 11 AM 11: 20

DANNY L. PRIDE

**EXHIBIT D**

CERTIFICATE OF ASSIGNMENT

The Honorable John Owen Crouse, a retired judge of the Highland County Court of Common Pleas, is assigned effective December 8, 2000 to preside in the Brown County Court of Common Pleas, General and Domestic Relations Divisions, to hear the following cases: 990590, Denise Davis, et al. v. Waynoka Regional Water and Sewer District, Inc.; 20000032, John Sayyah, et al. v. Waynoka Regional Water and Sewer District, Inc.; 20000258, John Sayyah (Pro Se) and Brenda Frank (Pro Se) v. Jay D. Cutrell; 20000267, John Sayyah (Pro Se) and Brenda Frank (Pro Se) v. Timothy D. O'Farrell; 20000396, John Sayyah (Pro Se) and Brenda Frank (Pro Se) v. Waynoka Property Owners Association, et al.; 20000424, John Sayyah (Pro Se) and Brenda Frank (Pro Se) v. Waynoka Regional Water and Sewer District, Inc., et al. and to conclude any proceedings in which he participated.

*Thomas J. Moyer*
Chief Justice

00JA2510

2320791

IN THE COURT OF COMMON PLEAS
BROWN COUNTY, OHIO



FILED
... OF COURTS
... COUNTY, OHIO
00 DEC -7 ... 9: 46
DANNY L. PRIDE

John Sayyah, *pro se* )
238 Waynoka Drive )
Sardinia, OH 45171 )
and )
Brenda Frank, *pro se* )
3021 Rio Brazos Drive )
Sardinia, OH 45171, )
)
    Plaintiffs, )
vs. )
)
Shelby Browning )
240 Horse Shoe Drive )
Sardinia, OH 45171, )
)
    Defendant )
)
)

Case No.

**20000707**

COMPLAINT FOR GROSS AND MALICIOUS MISCONDUCT ARISING FROM DEFENDANT'S FRAUDULENT COURSE OF ACTION IN BROWN COUNTY, OHIO, COURT OF COMMON PLEAS WITH COMPENSATORY AND CONSEQUENTIAL DAMAGES TO BE DETERMINED AT TRIAL AND WITH A SUGGESTED PUNITIVE DAMAGES AT 125 THOUSANDS OF DOLLARS AND WITH JURY DEMAND

**EXHIBIT E**

**COME NOW** Plaintiffs before this Honorable Court and for their Complaint filed against Defendant submit the following statements:

1. Plaintiffs reside at Lake Waynoka, Sardinia, Brown County, Ohio.

2. Defendant resides at Lake Waynoka, Sardinia, Brown County, Ohio, and that, among other things, she is employed by the Brown County Common Pleas Court as the Assignment Commissioner.

**Plaintiffs assert and aver** that the Defendant, as Assignment Commissioner, did violate the very concept of rights and duties owed each and every person who enters the Brown County Common Pleas Court seeking remedy at law and/or at equity for rights broken.

**Plaintiffs assert and aver** that the Defendant, as Assignment Commissioner, did violate those most precious and validated "rights" and "duties" by her flagrant disregard of judicial practices and ethics and what is lawfully and legally demanded of her in her legally assigned duty and task as the Brown County Common Pleas Court Assignment Commissioner in which she strictly must be held to a high level in the performance and function of her office for the

common good of all individuals who perchance are cast into a situation that requires them to seek remedy in the Brown County Common Pleas Court.

**Plaintiffs assert and aver** that, as the evidence and facts will show, Defendant had a gripe as well as a conflict of interest that she verbally expressed on many occasions to Plaintiffs in harsh and critical terms.

**Plaintiffs assert and aver** that, as the evidence and facts will show, Defendant's conflict of interest soon went over the line of just mere vocal expressions of annoyance but soon passed over to a more conniving, dangerous, and sinister state of affairs.

**Plaintiffs assert and aver** that "passing over," as the evidence and facts will show, gave rise to Defendant's direct and intentional fraudulent actions in which Plaintiffs' wellbeing and best interest were severely, irreversibly, and irreparably compromised and damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, those "actions" can be seen in the way she gave Plaintiffs the literal run-a-round, the "I don't know" routine, the "I can't seem to find it" routine, the "I must have misplaced it" routine, the "I didn't know your lawyer wanted me to set a hearing on that Motion" routine, and by such "actions" and "routines" Plaintiffs' wellbeing and best interest were severely, irreversibly, irreparably damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, not content in voicing and just merely being an obstructionist in the comings and goings of Plaintiffs but degenerated ququickly nto two known willful, fraudulent, and deliberate acts that violated Plaintiffs' rights and duties owed them under federal and state laws pertaining thereto in which Plaintiffs' wellbeing and best interests were severely, irreversibly, and irreparably compromised and damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, one of those two "acts" was deliberately planned and timed to effectively and surgically torpedo Plaintiffs case and sink it at a its most vulnerable and critical stage in which Plaintiffs' wellbeing and best interest were severely, irreversibly, and irreparably compromised and damaged beyond repair.

**Plaintiffs assert and aver** that, as the evidence and facts will show, one would have to believe in the tooth fairy to believe anything other than a deliberate and dastardly deed had accomplished the Defendants wishes to see Plaintiffs case go down the toilet.

**Plaintiffs assert and aver** that, as the evidence and facts will show, the "act" that deliberately and maliciously destroyed Plaintiffs case was a "Motion Requesting Continuance of Forty-Five Days" in which Defendant lied and perpetrated a fraud by telling Plaintiffs that the Judge had granted them their *continuance* and then proceeded to tell them that all they had to do was to make a signed *journal entry* and take it to the next hearing and give it to the Judge.

**Plaintiffs assert and aver** that, as the evidence and facts will show, Plaintiffs followed Defendant's instructions, made out the required "entry," and at the next hearing presented it to the Judge only to be told by him that he knew nothing about what Defendant had told us and had never granted such a "Continuance," and by such a deceitful and fraudulent action Plaintiffs wellbeing and best interests were severely, irreversibly, and irreparably damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, that by such a deceitful act on the part of the Defendant Plaintiffs were not fully prepared and therefore were left in no position to argue that day before the Judge forcing Plaintiffs to put aside their plans to argue other "Motions" that would have, as the evidence and facts will show, put their case fully on track and in an excellent winning posture but were forced to forego those "Motions" and to compromise which, in turn, led the Judge to eventually recluse himself, leaving the case in total shambles in which Defendant assert and aver was exactly what the Defendant had deceptively planned when she entered into such a fraudulent act and in which Plaintiffs' wellbeing and best interests were severely, irreversibly, and irreparably compromised and damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, in addition to the above "act" that totally left one of Plaintiffs' lawsuits in shambles, they had another very important case that the Defendant was extremely agitated over and again left no doubt that she was not too

happy in Plaintiffs bringing such an action and she, again, was quite angry and minced little words on how she felt and, again, went beyond mere words and took upon herself a deliberate, willful, malicious, fraudulent plan to deep six a "Motion" in which the Plaintiffs' wellbeing and best interests were severely, irreversibly, and irreparably compromised and damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, that "Motion" had been conveniently overlooked with the feeble and totally ridiculous explanation advanced by Defendant when Plaintiffs asked her how come her *own* attorney prosecuting her *own* case had the same type motion that had been entered many weeks after their Motion had been entered in the Brown County Court of Common Pleas and it had already been heard by the Brown County Court of Common Pleas and their Motion was just sitting on the shelf collecting dust and all she could cough up was that she did not realize that Plaintiffs' Motion was supposed to be set up by her as Assignment Commissioner for a hearing in the Brown County Court of Common Pleas and that she did absolutely nothing in checking out for sure what was to be done with the Motion just sitting and **Plaintiffs assert and aver** that, by her brazen inaction, their wellbeing and best interests were severely, irreversibly, and irreparably compromised and damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, Defendant's feeble and grotesque explanation—"I did not know it was to be scheduled for a hearing"—will not stand the smell test because the Motion clearly spelled in plain English for all to see that it was to be set for a hearing and for Defendant, an experienced Assignment Commissioner, to ask anyone to believe that she had simply missed it stretches credulity beyond the gravitational confines of this planet and way out beyond the far blue yonder, nevertheless, as it will, Plaintiffs' wellbeing and best interests still were severely, irreversibly, and irreparably compromised and damaged.

**Plaintiffs assert and aver** that, as the evidence and facts will show, Defendant did her best to force Plaintiffs' lawsuits off the road and into the ditch

## BASIS FOR COMPLAINT

**Plaintiffs state** the basis for their Complaint is predicated upon personal knowledge as to themselves and their own acts, and upon information and beliefs as to other matters as well as upon other people's statements and assertions as to what they know and believe.

## DEMAND FOR REMEDY

**WHEREFORE, Plaintiffs demand the following remedy:**

1. An order by this Honorable Court forbidding Defendant handling any of the Plaintiffs' business pending before this or any other court.

2. An order entitling to compensatory and consequential damages as well as punitive damages to be lawfully ascertained and to be determined at trial by a duly seated jury of their peers in this course of action.

3. An order for such other and further relief to which Plaintiffs may be entitled at law and at equity, including, without limitation, an award of Plaintiffs' cost and fees incurred in the prosecuting of this action, and to be determined at trial by a duly seated jury of their peers.

4. An order requiring Defendant to pay court costs and all and every sundry expenses incurred by Plaintiffs in this course of action and all other relief to which Plaintiffs may be entitled, and to be determined at trial by a duly seated jury of their peers.

5. An order for all and any other sundry and declaratory remedies provided by generally applicable Ohio law governing such remedies to be determined at trial by a duly seated jury of their peers in this course of action.

6. An order that Defendant be held personally liable for each and every compensatory and consequential damages, punitive damages, awards, reimbursements, and each and every sundry damages and/or liabilities found in favor of Plaintiffs, and said damages and/or liabilities must be paid out of Defendant's own financial resources and assets as mandated

under the Revised Code and common laws of Ohio when state and/or county employees are charged with malicious, fraudulent and culpable acts that go beyond the pale of normal everyday lenient reimbursable coverage under lawful unavoidable conditions.

Humbly submitted and dated this 7th day of December, 2000

John Sayyah, pro se
238 Waynoka Drive
Sardinia, OH 45171
937-446-4136

Brenda Frank, pro se
3021 Rio Brazos Drive
Sardinia, OH 45171
937-446-1265

FILED
CLERK OF COURTS
**COURT OF COMMON PLEAS** OHIO
**BROWN COUNTY, OHIO**
00 OCT 26 PM 12:06

DANNY L. PRIDE

| | | |
|---|---|---|
| John Sayyah, et al | : | **EXHIBIT F** |
| Plaintiffs | : | CASE NO: CVH-2000-032 |
| vs | : | NOTICE AND ENTRY OF RECUSAL |
| Waynoka Regional Water & Sewer District | : | CERTIFIED COPY |
| Defendant | : | COURT COMMON PLEAS BROWN COUNTY, OHIO CLERK DANNY L. PRIDE DEPUTY |

This Court, acknowledges that the Supreme Court of Ohio has denied Plaintiffs' request for disqualification on procedural grounds as well as on the merits. Nevertheless, this Court finds that Plaintiff's faith in the judicial process has apparently been lessened, albeit erroneously, as a result of Plaintiffs' perceptions. This Court gives the benefit of the doubt to the Plaintiffs and considers their affidavits made in good faith and not frivolous or disingenuous. While no bias exists to avoid any future issues or appearance of issues of bias, this Court will voluntarily withdraw from these matters and refer the cases back to the original judge for assignment of a new visiting judge.

Judge Robert P. Ringland

2300241