**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| John Sayyah, *pro se*, et al., | ) Case No.: 01-CV-459 |
| | ) |
| Plaintiffs, | ) District Judge Watson |
| | ) Magistrate Judge Black |
| v. | ) |
| | ) MOTION TO DECLARE THAT FRAUD UPON THIS |
| Waynoka Property Owners | ) COURT MAKES VOID MAGISTRATE BLACK'S |
| Association, Inc,, et al., | ) REPORT AND RECOMMENDATION, RENDERING |
| | ) IT OF NO LEGAL FORCE OR EFFECT |
| Defendants. | ) |
| | ) |

**NOW COME** Plaintiffs, and move to declare to this Court that fraud upon this Court makes void Magistrate Black's ("Magistrate") Report and Recommendations ("Report"), rendering it of no legal force or effect.

## MEMORANDUM

Prior to getting to the heart of the matter, "fraud upon this Court," which vitiates the entire proceedings of this Court, the following is strictly and solely to set the record straight.

The entire history of this pending Civil RICO Case has been an abuse of discretion.

The Magistrate's Report is no exception. It is distorted and lopsided. The issues raised therein have been duly answered by Plaintiffs' immediate responses to Defendants' numerous "motions to dismiss" (Doc. #5, Doc. #12, Doc. #14, Doc. #15, Doc. #31, etc.).

Judge Weber himself stated, in his **ORDER** of 09/19/02, on page 9:

"…it is hereby **ORDERED** that defendant's motion to dismiss the original complaint (doc. 5-1) and defendants' motion to dismiss the amended complaint (docs. 12, 14, 15, 31) are **DENIED**.

Furthermore, in his open court *Hearing* of 11/08/02, Judge Weber stated:

"We're obviously going to get together and be together for a very long time…over the years." *See page 7 of the transcript.*

At the same hearing, on page 34 of said hearing, Judge Weber also stated:

> "Plaintiffs are prepared to go forward. We have ample file documents. I think we have –
> what do we have, how many files in this matter? We've had a number of attorneys. We
> have 95 documents in this matter. And the tragedy, to me, is that the Court hasn't even
> been able to address the merits. But by the motions and motions…by all the side matters,
> I'm prevented from getting at the real issues in this case, whether the plaintiffs have been
> wronged."

On page 35 of said "hearing," Judge Weber went on to state:

> "And the one claim or that they have is – **are *ALL* under the *FOUR SECTIONS* of the
> *RICO statute*. The elements of RICO are *reasonably clear to us*…I need your
> cooperation to help me get this case to the merits." (Emphasis added).

Again, repeat: the Judge stated on the record and in open court that the merits of Plaintiffs'

RICO cause of action:

> "**are *ALL* under the *FOUR SECTIONS* of the RICO statute**. The elements of RICO
> are *reasonably clear to us*…" (Emphasis added).

Since nothing has changed, what Senior Judge Weber determined from the record then is on

the same record **NOW**. Yet, the Magistrate is unable to see what Senior Judge Weber saw.

No!—something just does not add up.

For the last and final time, before the whole sorry mess goes public, and it will. It is not only

Plaintiffs that have a beef, so does 2800 property owners. Make no mistake, many of them are

well aware of the shenanigans going on in this Court. They are ready to explode. Plaintiffs can

assure this Court that they are not orphans kept in the dark. They and the people of Brown

County are all quite knowledgeable about the millions that have been scammed not only from the

U.S. Treasury but also the State of Ohio and they themselves, as well. *See exhibit A.*

In fact, within the last day or so, three newspapers, including the *Ledger Independent,* called,

wanting to know if Sayyah would like to comment on the Magistrates Report recommending that

Plaintiffs' whole Civil RICO Case be thrown out. Not wanting to make matters worse than what

they were and are already, Sayyah said he would get back to them.

In similar regard, Jesse Jones of Channel Five, having spent many hours and days at Sayyah's home, going into the details of this pending Civil RICO Case, speaking with dozens of property owners with sad stories to tell, as well as with the people at the Brown County Sheriff's Department, just two months ago called Sayyah, wanting to know if there were anything going on or if there were any stories for him to put on the air. Sayyah told him he would get back to him. As of now, Sayyah has not gotten back to him—yet.

Mr. Jones knows, like so many others, this pending Civil RICO Case has a very interesting story behind it, ready to be told—total and complete judicial corruption, both state and federal.

There are no secrets. Truly, everything comes out in the final end. And people talk. Some even are compelled to talk—especially if that "compulsion" gets to their conscience.

What is going on here is no exception. People are talking.

This is not a case of someone slipping on a wet floor; this case has serious implications and consequences, involving not only serious civil matters, but serious criminal matters, as well.

And for this Magistrate to say that there was nothing to support Plaintiffs' allegations, Plaintiffs are afraid says more about the Magistrate than about the "allegations."

The fact is that there is a substantial abundance of facts to support Plaintiffs' allegations.

The above being said, Plaintiffs now will turn to the matter: "fraud upon the Court."

## FRAUD UPON THE COURT

It is well settled, the supreme governing law of the land makes quite clear: "fraud upon the court" vitiates, contaminates and defiles the entire court proceedings, rendering its orders, decisions, rulings and judgments void. *See Vallely v. Northern Fire and Marine Ins. Co.,* 254 U.S. 348, 41 S.Ct. 116 (1920); *Hazel-Atlas Glass Co. V. Hartford-Empire Co.,* 322 U.S. 238, 64 S.Ct. 997 (1943); *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985).

## VOID ORDERS

A void order is an order issued without jurisdiction by a judge and is void *ab initio* and does not have to be declared void by a judge.  Only an inspection of the record of the case showing that there was or is "fraud upon the court" is sufficient for an order to be void.  In this instant matter, as Plaintiffs' following arguments will show, controlling law applies to the Magistrate's Report, declaring that said Report is void *ab initio*.  *Potenz Corp. v. Petrozzini,* 170 Ill. App. 3d 617, 525 N.E. 2d 173, 175 (1988); *Old Wayne Mut. I. Assoc. v. McDonough,* 294 U.S. 8, 27 S.Ct. 236 (1907); *Williamson v. Berry,* 8 How. 495, 540, 12 L.Ed. 1170, 1189 (1850).

Many attorneys and judges have the misconception that only a judge may declare an order void, but this is not the law.  Why?  Because: 1) there is no statute nor case law that supports this proposition, and 2) should there be any case law that allegedly supported this argument, that case law would be in direct contradiction to the controlling law established by the U.S. Supreme Court in *Valley v. Northern Fire and Marine Ins.Co.,* 254 U.S. 348, 41 S.Ct. 116 (1920).

Any party in a proceeding may have a court vacate a void order, but the void order is still void *ab initio,* whether ***officially*** vacated or not.  As has been determined in *Vallely,* in cases of "fraud upon the court," a piece of paper does not determine whether an order is void, it just memorializes it, makes it legally binding and voids out all previous orders returning the case to the date prior to that action of "fraud upon the court" leading to void *ab initio.*

This principle of law was stated and written in stone by the U.S. Supreme Court, which stated that courts are constituted by authority and they cannot go beyond that power delegated to them, and if they act beyond that authority and in contravention of it, their orders and judgments must be, by the very nature of controlling law, regarded as nullities.  They are not voidable, but simply void—**and void prior to even any attempt at reversal**.  *Vallely,* supra.

Pursuant to the *Vallely* court decision, a void order does not have to be reversed by any court to be a void order.  Courts have held that, since void orders are not final orders, but is in effect no

order at all, it cannot even be appealed.  Courts also have held that a void decision is not in essence a decision at all, and can never become final.  In line with this holding, the U.S. Supreme Court, in 1991, stated that, "[this] jurisdictional defect deprives not only the initial court but also the appellate court of its power over the case or controversy." *Freytag v. Commissioner,* 501 U.S. 868 (1991).  In other words, it would be an unlawful action on the part of an appellate court to even review such a case or controversy.  Even more compelling, when discovered, it is law that a void order may be challenged in any court, at any time, and even by third parties.  Why?  Because a void order has no legal force or effect.  As one court stated, a void order is equivalent to a blank piece of paper, signifying absolutely nothing, other than simply a blank piece of paper.

## FRAUD UPON THE COURT

*Fraud upon the court* has been defined by the 7th Circuit to "embrace that species of fraud which does, or attempts to, defile the court itself…by officers of the court [attorneys, judges, magistrates, etc.], so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.,* 387 F.3d 689 (1968); *see, also,* 7 Moore's Federal Practice, 2nd ed., p. 512, ¶ 60.23.

*Fraud upon the court* makes **_void_** the orders and judgments of that court.

Committing "fraud upon the court" or tampering with the administration of justice in that regard or similar regard involves more than an injury to a single litigant.  It is a wrong that is perpetrated against that institution specifically set up to protect and safeguard the public and the society at large.  "Fraud upon the court" cannot be tolerated and still remain consistent with the good order of society.  The very preservation of the integrity of the judiciary process demands the legitimate notion that "fraud upon the court" vitiates, contaminates and defiles the court, and makes "void" each and every ruling and judgment issued forth by said court.  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 245, 88 L.Ed. 1250, 64 S.Ct. (1944).

*Fraud upon the court* is any attempt by an officer of the court to deceive the court, thereby "seriously affecting the integrity of the normal process of adjudication." 12 James Wm. Moore et al., Moore's *Federal Practice* ¶ 60.21 [4][a] (3rd ed. 1999); *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F2d 1072, 1078 (2nd Cir. 1972; 7 Moore ¶ 60.33, at 360: *also, Zerzysko v. Chase Manhattan Bank,* 461 F.2d 699, 702 (2nd Cir.) (per curiam), cert. Denied, 409 U.S. 883, 34 L.Ed 2d 139, 93 S.Ct. 173 (1972); *Dankese Eng'g, Inc. v. Ionics, Inc.,* 89 F.R.D. 154, 157-58 (D. Mass. 1987).

Well-established federal law explicitly states that when an attorney, any attorney, acts dishonestly or fraudulently in dealing with the court, he or she perpetrates a "fraud upon the court." 7 Moore, supra, at 513 (footnote omitted). In that regard, the record in this instant case is replete with such unlawful behavior.

The record shows that Plaintiffs have raised, over these past three years, and in significant detail, the argument that two attorneys (Stephen Yeager ("Yeager") and Herbert Freeman ("Freeman")) have engaged themselves in lying and misleading this Court with numerous fraudulent statements, *ad nauseam* (see docs. 7, 17, 24, 32, 33, 37, 44, 51, 58, 70, 71, 75, 82, 91, 93, 100, 105, 106, 116, 118, 120, 134), thereby creating fraud upon this Court.

## FRAUD DEFINED AS ANYTHING CALCULATED TO DECEIVE

Courts have broadly defined fraud upon the court as any conduct calculated to deceive, as making false statements. *Bullock v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985).

## YEAGER & FREEMAN

*As attorneys*, Yeager and Freeman knew, or reasonably should have known that they had a legal and fiduciary duty not to engage in knowingly making false statements to the Court.

*As attorneys*, Yeager and Freeman knew, or reasonably should have known that they had a legal and fiduciary duty to inform this Court of any and all fraud perpetrated upon it by them, as they had a duty to do, and are still required to do under law—even now and even today.

The facts, taken directly from the record and from their very own statements as recorded in their numerous memoranda to this Court, show that they deliberately, knowingly, flagrantly, and intentionally made repeated misrepresentations to this Court. This Court, in good conscience, cannot escape the cut-in-stone fact that Yeager and Freeman engaged in conduct that was unethical, unprofessional, and which brings the legal and the judicial profession into disrepute.

Furthermore, more troubling, and more condemning, Yeager and Freeman both engaged in wrongful conduct that was purposely designed to mislead this Court.

To say otherwise is to fly directly away from the realm of factual reality.

## <u>LOYALTY TO THE COURT DEMANDS INTEGRITY</u>

It is self-evident that Yeager's and Freeman's loyalty to the court, as officials thereof, demanded integrity and honest dealing with that court. And when they departed from this standard they perpetrated a fraud upon the court. In that respect, their assertions and statements, gleaned directly from the court record, can be seen for what they really are—*patently false.*

This Court surely must know that Yeager and Freeman did, in deed and in fact, lie to it.

Corrupt, maybe—*but not stupid.*

However one might put it, the Record speaks for itself, *loudly and clearly.*

## <u>YEAGER: FALSE AND MISLEADING STATEMENTS</u>

**From the Official Court Docket**

**Doc. #40**

On page 2, Yeager asserted to this Court that:

> "Plaintiffs have moved to disqualify the undersigned based on the fact that he represents thirty-two (32) defendants in this matter. In order to respond fully to plaintiffs' allegations of conflicts BETWEEN the above named [32] defendants, the undersigned needs to address Plaintiffs motion *with his* [32] *clients*. The undersigned wishes to make all of these defendants ***FULLY AWARE*** of any potential conflicts of interest that may arise and **OBTAIN** their consent to continue representation." (Emphasis added).

On the same page, Yeager went on to assert that:

> "In order to fulfill his *ethical obligation to* **EACH** of these defendants, the undersigned will need more time than that allowed..."  (Emphasis added).

**Doc. #48**

On page 1, Yeager asserted to this Court that:

> "a careful review of the facts shows that the above-named [32] Defendants have a substantial identity of interest..."

On page 4, Yeager asserted to this Court that:

> "Defendants shared a close and special relationship or an identity of interest..."

On page 6, Yeager re-asserted to this Court that:

> "Defendants being represented by the undersigned share a close and special relationship or an identity of interest..."

**The Facts Taken Directly From the Court Record Are Abundantly Clear**

- *Yeager lied* and made false and material misrepresentation by asserting to this Court that he wished "to make all of these defendants fully aware of any potential conflicts of interest that may arise and obtain their consent to continue representation."

- *Yeager lied* and made false and material misrepresentation by asserting to this Court that he had contacted each of the thirty-two (32) defendants and after "a careful review of the facts shows that the above-named [32] Defendants have a substantial identity of interest...[and that they] share a close and special relationship.."

- *Yeager lied* and made false and material misrepresentation to this very Court, inferring that he had, in fact and in deed, gotten in touch with each of his thirty-two (32) clients to make sure that each of them were fully apprised and made "fully aware" of any potential conflicts that may arise and "obtain their consent to continue representation, and, in so doing, thereby made a "fraud upon this Court."

## SWORN AFFIDAVITS AND STATEMENTS CONFIRM A SORRY TALE

- **Sworn Affidavit of Robert Rickling, a defendant, well-respected property owner for a number of years, and past elected President of the WPOA Board of Trustees** (see exhibit B)

Mr. Rickling stated that:

"For the record, I was never at any time contacted by Mr. Yeager. Nor did Mr. Yeager at any time ever discuss or talk to me...I have never spoken with or have met Mr. Yeager, and I am totally in the dark since nobody has contacted me explaining what is going on."

Mr. Rickling also stated that:

"Since there are numerous, complicated, and serious civil and criminal charges leveled against me, I need to have Mr. Yeager legally represent me and my interest."

Mr. Rickling also stated that:

"All I know is the distinct possibility that some, if not many, of the charges leveled against certain people and the Association may be *easily proven* [by Plaintiffs], and that is why I need to be protected and represented by Mr. Yeager..." (Emphasis added).

- **Statement of Robert Rickling, a defendant, well-respected property owner for a number of years, and past elected President of the WPOA Board of Trustees** (see exhibit C)

Mr. Rickling stated that:

"As of this date [June 1, 2002], I have not heard anything from Mr. Yeager, and it is quite disturbing. I was a member of the WPOA Board of Trustees and there is an insurance policy that says that if I am a named defendant in any lawsuit that I would be entitled to have legal assistance provided me. I was a named defendant and have ***NOT*** received any legal assistance as yet...[i]t is apparent that Mr. Yeager is not willing to help represent my interests...I really feel that I need legal help to protect my interests in this case."

- **Sworn Affidavit of Robert Rickling, a defendant, well-respected property owner for a number of years, and past elected President of the WPOA Board of Trustees** (see exhibit D)

Mr. Rickling stated that:

> "Mr. Yeager lied and misled this Court."

Apparently in frustration, Mr. Rickling also stated that:

> "How could a court, any court, allow attorneys to lie and deceive, and get away with it?…How can this Court be so uncaringly corrupt?  This is not American Justice."

- **Sworn Affidavit of Shirley Hempfling, a defendant, well-respected property owner for a number of years, and past elected Member of the WPOA Board of Trustees** (see exhibit E)

Mrs. Hempfling stated that:

> "Defense Attorney, Stephen Yeager, lied and misrepresented to the Court that my testimony would be in harmony with all the other [31] defendants."

Mrs. Hempfling also stated that:

> "In fact, at no time has Yeager ever called or asked me about my testimony, and for him to state so to this Court is false and is a total misleading lie."

Mrs. Hempfling also stated that:

> "On or about the middle of January 2002, I left numerous (at least three times) messages at Yeager's Legal Office, in which he never returned my calls."

Mrs. Hempfling also stated that:

> "I want this Court **TO KNOW** that my testimony will be **ADVERSE** to the Waynoka Property Owners Association, Inc. General Manager, Timothy D. O'Farrell, as well as numerous Association Board of Trustee Members, who are listed as defendants in this case."  (Emphasis added).

Mrs. Hempfling also stated that:

> "Again, Yeager misled and lied to this Court, because my testimony, with some minor exceptions, will definitely be harmful to the other defendants…[and] Yeager never contacted me at any time to get my testimony."

- **Statement of James Sanger, a Defendant, well-respected property owner for a**

**number of years, and Past Elected Member of the WPOA Board of Trustees** (see

exhibit F)

Mr. Sanger stated that:

> "It is the obligation of the insurance carrier to provide adequate legal representation without any conflicts.  Other than the cover letter signed by Mr. Yeager, I have never been personally contacted by Mr. Yeager…"

- **Sworn Affidavit of Brenda Frank, a Plaintiff and well-respected property owner for a number of years**   (see exhibit G)

> "…many of the Defendants…were never contacted by Mr. Yeager…it is in fact Mr. Yeager's responsibility to talk to each and every defendant in this case that he states he represents…[m]any of the defendants that have called us state that their testimony at some point could in fact be harmful to the other defendants."

- **Statement of Nancee Klein, a Defendant, a well-respected property owner for a number of years, and past elected Member of the WPOA Board of Trustees** (see exhibit H)

Mrs. Klein stated that:

> "I have never been contacted by Mr. Yeager to date.  My testimony in court could be damaging to past and present board members as well as the management at Lake Waynoka."

## CONCLUSION:

- Not only the statements and affidavits testifies to the fact that Yeager lied and misled this Court, but the official court record as well shows that he lied and misled this Court in his "motion for enlargement of time (Doc. #40)" by making a false statement that he needed additional time "in order to respond fully to Plaintiffs' allegations of conflicts of interest between the above named [32] defendants, the undersigned [Yeager] needs to address plaintiffs' motion with his client…", which as the testimony of his own clients, Rickling, Hempfling, Klein, and Sanger, as poignantly testifies to: Yeager lied to the Court.

11

- When the entire court record is combined with the testimonies of Yeager's own clients, Rickling, Hempfling, Klein and Sanger, it becomes overwhelming, showing that beyond a reasonable doubt, Yeager made a "hoax" and a "fraud upon this Court" when he himself stated that he had fully addressed the question of "conflict of interest" with each and every single one of his thirty-two (32) clients, assuring this Court that each and every one of the thirty-two (including Rickling, Hempfling, Klein, and Sanger) were in "complete harmony" with one another, which, as the testimonies of Rickling, Hempfling, Klein, and Sanger, as well as the facts in the record shows, they were not in complete harmony, and that they were and still are in "conflict with one another," and in which Yeager lied to the Court.

- Etched in stone testimonies and facts on the record show that the averments to this Court were lies and material misrepresentations, in a desperate attempt to avoid disqualification, and that by his so doing, Yeager made a "fraud upon this Court."

- Etched in stone testimonies and the court record show conclusively that Yeager intentionally purposed to lie to the Court, desperately treating as "undisputed facts' facts that were sharply disputed by the record, signed statements and sworn affidavits testimony taken under oath by *his* very own clients: Rickling, Hempfling, Klein and Sanger, as well as a host of other of his so-called clients who will testify if and when brought in and placed under oath.

- The Court Record, etched in stone statements and sworn affidavits (along with others willing to testify under oath) have shown and will show that Yeager intentionally and deceptively made false, misleading and deceptive statements in order to "defraud" this Court.

- The Court Record, etched in stone statements and sworn affidavits (along with others willing to testify under oath) will show that Yeager willfully, egregiously and maliciously violated Title 18 U.S.C. § 1503, intentionally and corruptly endeavoring "to influence…[a] court of the United States…or impede, or endeavor to influence, obstruct, or impede, the due administration of justice [of said court] [and is guilty of a federal crime].

But Yeager is not the only one; Freeman also intentionally made a "fraud upon this Court."

## FREEMAN: FALSE AND MISLEADING STATEMENTS

**Lies and Material Misrepresentation**

The Court Record shows that Freeman intentionally and deceptively lied.

**Doc. #5**

Freeman intentionally and maliciously made a false and fraudulent representation to this Court that he was the "defense attorney of record" for "defendants ten (10) through thirty-one (31), each of whom being either a current or a former member of the Boards of Trustees of either the Waynoka Property Owners Association...," which, among the twenty-one (21) defendants Freeman claimed as his clients, included Rickling, Hempfling, Klein, and Sanger.

- **Sworn Affidavit of Robert Rickling, a defendant, well-respected property owner for a number of years and past elected President of the WPOA Board of Trustees** (see exhibit I)

Mr. Rickling stated that:

> "I have never, at any time, consulted, discussed, nor have I ever hired or retained Attorney Herbert Freeman to represent me, or any of my interests in any litigation or lawsuit."

Mr. Rickling also stated that:

> "Mr. Freeman representation of me as my 'attorney of record' was done without my knowledge or consent."

Mr. Rickling also stated that:

> "Mr. Freeman's unlawful and unauthorized representation of me as my "attorney of record," is a direct and egregious violation of my constitutional right to privacy."

Mr. Rickling also stated that:

> "Mr. Freeman deliberately and maliciously lied to this Court by making a false, misleading statement that he represented me and was retained by me as my attorney of record."

Mr. Rickling also stated that:

> "Mr. Freeman had no right to invade by constitutional autonomy and privacy."

Mr. Rickling also stated that:

"Mr. Freeman has intentionally and maliciously lied and misled this Court."

Mr. Rickling also stated that:

"As far as can be determined, Mr. Freeman was never retained by any of the defendants in this pending case to represent them as their "attorney of record.""

Mr. Rickling also stated that:

"For this Court to allow Mr. Freeman to lie and make false misleading statements is not only scary, but is a clear demonstration of total and complete corruption."

Mr. Rickling also stated that:

"I have lost all confidence in this Court to assure justice will be done."

Mr. Rickling also stated that:

"For a court, any court, to allow attorneys to lie and deceive is not right."

- **Sworn Affidavit of Shirley Hempfling, a defendant, well-respected property owner for a number of years, and past elected member of the WPOA Board of Trustees** (see exhibit J)

Mrs. Hempfling stated that:

"I have never consulted with, discussed with, nor have retained or hired Herbert Freeman, an attorney at law, to represent me in any lawsuit."

Mrs. Hempfling also stated that:

"On his own accord, without my consent or knowledge, Freeman decided to represent me, and did so without informing me of his action."

Mrs. Hempfling also stated that:

"Freeman's unlawful and illegal decision to represent me is an invasion of my own interests, especially without any prior approval or consent."

Mrs. Hempfling also stated that:

"Worse, Freeman has intentionally lied and maliciously misled this Court."

Mrs. Hempfling also stated that:

"Freeman lied and has deceived this Court, making false statements to the effect that he was my "attorney of record.""

Mrs. Hempfling also stated that:

"Freeman lies; I never retained him as my attorney to represent me."

Mrs. Hempfling also stated that:

"Again, repeat, I never consulted with, discussed with, nor have, at any time, ever retained or hired Freeman to represent me in this lawsuit."

Mrs. Hempfling also stated that:

"In my opinion, Freeman is an unmitigated liar."

- **Sworn Affidavit of Nancee Klein, a defendant, well-respected property owner for a number of years, and past elected Member of the WPOA Board of Trustees** (see exhibit K)

Mrs. Klein stated that:

"The attorney Herbert Freeman has lied and made false statements to the Court."

Mrs. Klein also stated that:

"I have never, at any time, consulted, retained or hired Mr. Freeman to represent me or to be my attorney of record in any legal cause of action."

Mrs. Klein also stated that:

"Without my consent or knowledge, Freeman, of his own volition, decided to represent me, and did so without informing me of his action."

## CONCLUSION:

Not only the etched in stone statements and affidavits testifies to the fact that Freeman lied and misled this Court, but the official court record as well shows that he willfully, intentionally, egregiously, and maliciously lied and misled this Court into the false and fraudulent belief that

he was Rickling's, Hempfling's, Klein's and Sanger's "attorney of record" in this pending Civil

RICO Case, as well as a number of other defendants, without their knowledge or consent.

The Court Record, etched in stone statements and sworn affidavits (along with others willing

to testify under oath) have and will show that Freeman willfully, egregiously and maliciously

violated Title 18 U.S.C. § 1503, intentionally and corruptly endeavoring "to influence…[a]

court of the United States…or impede, or endeavor to influence, obstruct, or impede, the due

administration of justice [of said court] [and is guilty of a federal crime].

### CODE OF PROFESSIONAL RESPONSIBILITY VIOLATED

- Yeager and Freeman violated their Code of Professional Responsibility, which prohibits
  engaging in actions that could improperly prejudice the outcome of a legal matter.

- Yeager and Freeman violated their solemn duty to "uphold the integrity and honor of [their]
  profession, to observe the [Code], and to strive to avoid not only professional impropriety but
  also the very appearance of impropriety."

- Yeager and Freeman, under Code DR 1-102(A)(4), "[e]ngaged in conduct involving
  dishonesty, fraud, deceit, [and] misrepresentation."

- Yeager and Freeman acted with reckless disregard for the truth in order to do whatever was
  needed to prevail in this pending cause of action.

- Yeager and Freeman willfully, egregiously and maliciously engaged themselves in an
  unconscionable scheme calculated to interfere with the due process of the judicial system's
  ability impartially to adjudicate issues rising before the Court so that the ends of justice
  would not prevail and would be perverted and invalidated.

- Yeager and Freeman fabricated facts which is indicative of a broad conspiracy, which
  transcends mere perjury and non-disclosure, and which intent and purposes was designed so
  the Court in said pending Civil RICO reached wrong decisions.

- Yeager and Freeman, as officers of the court, in direct violation of their solemn loyalty to the court, acted with utter disregard to their pledged integrity and honesty, and hence departed from that standard in order to perpetrate a "fraud upon this Court."

### OBSTRUCTION OF JUSTICE – SCOPE OF TITLE 18 U.S.C. § 1503

Pursuant to Section 1503 of Title 18, United States Code, the term "officer of any court of the United States "includes, among other things, defense attorneys, who "endeavor to influence, intimidate, or impede…the due administration of justice," by virtue of the omnibus clause, "obstructs justice." *See United States v. Saget,* 991 F.2d 702, 713 (11th Cir.) *cert. Denied,* 510 U.S. 950 (1993).

Furthermore, there is the distinct possibility that Yeager and Freeman may be prosecuted under Section 1503 for endeavoring to obstruct justice, *United States v. Neal, supra; United States v. Williams,* 874 F.2d 968, 976 (5th Cir. 1989).

Furthermore, it is no defense that such obstruction was unsuccessful, *United States v. Edwards,* 36 F.3d 639, 645 (7th Cir. 1994).

Furthermore, courts have ruled that Title 18 U.S.C. § 1503 applies to civil, as well as criminal judicial proceedings. *Roberts v. United States,* 239 F.2d 467, 470 (9th Cir. 1956).

Furthermore, Yeager and Freeman violated Plaintiffs' rights and immunities under the Constitution and Laws of the United States, inflicting great harm upon their physical health and well-being, causing them great consternation, anxiety, distress and other sundry harm and injury.

Furthermore, Yeager and Freeman participated in an intentional and malicious "fraud upon this Court," inflicting great harm upon Plaintiffs health and well-being, causing them great consternation, anxiety, distress and other sundry harm and injury.

Furthermore, Yeager and Freeman intentionally and maliciously participated actively to deprive Plaintiffs of their civil rights, inflicting great consternation, anxiety, distress and other sundry harm and injury.

Furthermore, Yeager and Freeman intentionally and maliciously engaged in the practice of "fraud upon the court," thereby corrupted this Court, the legal process, the rule of law, as well as other sundry corruptive processes, and whereby and therein, inflicted great pain, harm and suffering upon Plaintiffs' physical health and well-being, causing them great consternation, anxiety, distress and other sundry harm and injury.

Furthermore, Yeager and Freeman intentionally and maliciously entered into activities to obstruct the ends of justice and by doing so denied Plaintiffs (as well as the 32 defendants in this pending case) a fair and equitable hearing in this pending Civil RICO cause of action, inflicting great pain, harm and suffering upon Plaintiffs' physical health and well-being, causing them great consternation, distress and other sundry harm and injury.

Furthermore, Yeager and Freeman intentionally and maliciously committed "fraud upon this Court" by the improper use of their office as officers of the court to exert undue influence on said Court to function impartially, thereby defiling and contaminating this Court, and inflicting great harm upon Plaintiffs' physical health and well-being, causing them great psychological distress, consternation, as well as a multiple of other sundry mental harm and injury.

## CONCLUSION

As been argued by Plaintiffs *ad nauseam* over these past three years, the Record along with the etched in stone statements and affidavits are sufficient testimonials to the fact that Yeager and Freeman are scoundrels and unmitigated liars, having caused a "fraud upon this Court."

In *Kenner v. C.I..R..*, 387 F.3d 689 *1968), the 7th Circuit stated that "fraud upon the court makes void the orders and judgments of that court," echoing the maxim that "fraud upon the court vitiates every transaction in which that court enters, which specifically applies to its judgements and to its orders." *See Hickman v. Taylor,* 329 U.S. 495, 510 (1947); *also Hazel-Atlas Glass Co. v. Hartford Empire Co.,* 322 U.S. 238, 245 (1944).

**WHEREFORE,** hoping for the best but prepared for the very worst, knowing full well,

magistrates and judges are not stupid people, they truly do know the score, Plaintiffs pray this

Court to acknowledge and render the Magistrate's Report with no legal force or effect.

Respectfully submitted,

John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171
937-446-4136

Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 45171
937-446-4136

### CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 8th day of November, 2004 to Herbert Freeman, Attorney at Law, 114 East Eight Street, Cincinnati, OH, 45202, Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202, Michael P. Foley, Esq., 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, Colleen Blandford, Attorney at Law, 1400Carew Tower, 441 Vince Street, Cincinnati, OH 45202, Matthew Skinner, Attorney at Law, P.O. Box 145496, Cincinnati, Ohio 45250, and Steven Hengehold, One West Fourth Street, Suite 900, Cincinnati, Ohio 45202.

John Sayyah, *pro se*

Brenda Frank, *pro se*