EXHIBIT 

This is the result of three months of exhaustive interviews and investigations conducted by a reporter from *The Ledger Independent*, Carla Redden...

# THE LEDGER INDEPENDENT

## REGION



**GOT A NEWS TIP?** Call 564-9091 or 1-800-264-9091

**MARY ANN KEARNS**
*News Editor*

**A3**

### Accusations abound in Lake Waynoka lawsuit

**By CARLA REDDEN**
*Staff Writer*

SARDINIA, Ohio — A civil lawsuit filed by two Lake Waynoka property owners is pending in federal court in Cincinnati.

Acting as their own attorney, John Sayyah and Brenda Frank filed a second amended Civil RICO complaint May 7 with a demand for damages to be compensated by a suggested $7.5 million.

An original complaint was filed in November 2001 by Sayyah and Frank who were later required by the court to expand upon allegations of racketeering within the Lake Waynoka associations.

The complaint lists 42 defendants which include Lake Waynoka employees, board of trustee members, real estate broker and agents, attorneys and police who allegedly participated directly or indirectly in a racketeering enterprise.

The 150-page amended complaint includes numerous supporting documents including WPOA, or Waynoka Property Owners Association code of regulations and restrictive covenants, financial statements and various memos, affidavits and letters to and from Waynoka officials to state officials.

At the heart of the plaintiffs' allegations is the statement that several Lake Waynoka officials helped WPOA General Manager Tim O'Farrell devise fraudulent schemes that violated WPOA restrictive covenants recorded on the association's property deeds.

The plaintiffs state WPOA was formed on or about June 25, 1970, as a nonprofit organization and has active status until Feb. 19, 2003.

Waynoka Utilities Inc. was formed in the early 1970s to supply Lake Waynoka with water and during the 1980s, WU was able to pay its loan off nine year ahead of schedule, according to the complaint.

See **LAWSUIT** on Page A

---

**BRIEF**

**Body found**
**Lewis**

The body of Bill Lewis Tuesday ranchers Friday home in a rural portion indered Bill Lewis

EXHIBIT 7   Exhibit    EXHIBIT B

I, Robert Rickling, after being duly cautioned and sworn, hereby states that the following is true to the best of my knowledge and belief:

I was informed sometime in the middle of January 2002 to come to the Waynoka Property Owners Association, Inc. main office located at One Waynoka Drive, Sardinia, Ohio 45171 in order to sign an affidavit that had been requested by the attorney representing myself and other named defendants. At that time, I was simply handed an affidavit to sign but refused because I did not know what it was all about. All I knew was that there was another attorney, Herbert E. Freeman, who wanted to represent us at no cost, but since I was not informed if it was that or exactly what was going on, and did not know if it was right for me and my interests, I thought it better not to sign, and, as far as I am concerned, that is where the matter stands today.

When I called Mr. Sayyah (as well as others), I was told by him that as far as he knew Mr. Yeager, the attorney, was highly capable and would more than likely be calling on me to explain. Mr. Sayyah went on to say that it would be in my best interest to listen to what Mr. Yeager had to say and to discuss the matter with him. But, while I always respected and had cordial relations with him, Mr. Sayyah informed me that under the circumstance he could not advise me whether or not to sign, and would go no further.

For the record, I was never at any time contacted by Mr. Yeager. Nor did Mr. Yeager at any time ever discuss or talk to me on the matter of the affidavit nor on any subject for that matter and for any other reason. I have never spoken with or have met Mr. Yeager, and I am totally in the dark since nobody has contacted me explaining what is going on.

I can not sign the affidavit because I do not know what the statement "I do not believe that any conflict of interest exists" refers to or understand what is being asked of me.

Since there are numerous, complicated, and serious civil and criminal charges leveled against me, I need to have Mr. Yeager legally represent me and my interests.

Since refusing to sign, I have talked to a number of people, including Mr. Sayyah who is at a complete loss to explain. From what I am now being told, if this affidavit has to do with any possible testimony on my part, all I can say is that the many serious charges being claimed may and could very well be totally accurate and true. I am no attorney and have not been involved in anything so serious. All I know is the distinct probability that some, if not many, of the charges leveled against certain people and the Association may be easily proven, and that is why I need to be protected and represented by Mr. Yeager, even though I am convinced that I personally have not done anything wrong, but if I have, it was totally unintentional, and regardless I want and need an attorney.

Robert Rickling

Robert Rickling

REBECCA J. LAYNE
Notary Public, State of Ohio
My Commission Expires July 11,

June 1, 2002

**EXHIBIT C**

Dear John:

I am quite aware of the concerns of Shirley Hempfling and have read her letter addressed to you about her concerns.

I share those concerns. Like Shirley and so many other defendants, I firmly believe that you are trying to do the best thing for Lake Waynoka and its property owners. And, like Shirley, I also do not want to get involved in things that I have little experience in. The legal system can be very intimidating and scary, especially if you are a named defendant.

I also agree with Shirley that you have always told us no matter what, as board members, to tell the truth and let the chips fall where they will. And that is my intention. But still it is a scary to think that things could get out of hand. And Shirley is right. We do need legal guidance, and should not be dumb and allow ourselves to think other wise.

As of this date, I have not heard anything from Mr. Yeager, and it is quite disturbing.

I was a member of the WPOA Board of Trustees and there is an insurance policy that says that if I am a named defendant in any lawsuit that I would be entitled to have legal assistance provided me. I was a named defendant and have not received any legal assistance as yet. I, like Shirley, do not know where else to turn but to you.

It is sure apparent that Mr. Yeager is not willing to help represent my interests.

Therefore, knowing not where else to turn, would you please help me and see what can be done. I really feel that I need legal help to protect my interests in this case.

Sincerely,

Robert Rickling

*Robert Rickling* (signature)

EXHIBIT D

STATE OF OHIO      )
COUNTY OF BROWN )   SS.:

I, Robert Rickling, having been duly cautioned and sworn, do hereby state that the following is true to my best knowledge and belief:

1. Mr. Yeager lied and misled this Court. He stated at Plaintiffs' Motion for Emergency T.R.O. held on 11/08/02 that the only reason for the meeting of 11/14/02 was "to simply determine whether any conflicts do exist and if any of the clients that I do represent are uncomfortable with my representation." Nothing could have been further from the truth. None of us who attended were ever asked anything about our testimony. It seemed the real reason was to make me an example by viciously and verbally attacking me. First by Attorney Herbert Freeman, then followed by some other five or so defendants. As Kenny Myers, one of the defendants present at the meeting, stated later, "That meeting was a joke. Its only purpose was to make an example of Rickling to the rest of us. Not once did they ever discuss the case or what our testimonies might be. It was strictly to put the fear of God in us, and not to dare buck the group, or else the same may befall us."

2. All the while I was being attacked verbally, Mr. Yeager stood by silently, until he finally came over to me and said: "I think it would be better if you left. I'll see about getting you another attorney." But, even that was a lie. He never did get me an attorney, that is until I hired an attorney, John Ipsaro, who forced him to, and that was over a year later.

3. Mr. Yeager and Judge Weber lied and misled me. I have lost all confidence in this Court and the judicial system, and believe it to be totally corrupt.

4. How can a court, any court, allow attorneys to lie and deceive, and get away with it?

5. How can this Court be so uncaringly corrupt? This is not American justice.

Further, Affiant sayeth naught.

_Robert Rickling_
Robert Rickling

Sworn to before me and subscribed in my presence by Robert Rickling on the 30 day of July, 2004.

_Notary Public, State of Ohio_

LISA A. SALISBURY
Notary Public, State of Ohio
My Commission Expires Oct. 7, 2007

-1-

**EXHIBIT E**

State of Ohio )
County of Brown ) SS.:

I, Shirley Hempfling, duly cautioned and sworn, hereby state that the following are true to the best of my knowledge and belief:

1. Defense attorney, Stephen Yeager, lied and misrepresented to the Court that my testimony would be in harmony with all the other defendants.
2. In fact, at no time has Yeager ever called or asked me about my testimony, and for him to state so to this Court is false and is a total misleading lie.
3. On or about the middle of January 2002, I left numerous (at least three times) messages at Yeager's Legal Office, in which he never returned my calls.
4. I want this Court to know that my testimony will be adverse to the Waynoka Property Owners Association, Inc. General Manager, Timothy D. O'Farrell, as well as numerous Association Board of Trustee Members, who are listed as defendants in this case.
5. Again, Yeager misled and lied to this Court, because my testimony, with some minor exceptions, will definitely be harmful to the other defendants.
6. Yeager never contacted me at any time to get my testimony.
7. As of this date, Yeager has never retained an attorney to represent, as he had promised me he would do.

_Shirley Hempfling_
Shirley Hempfling

Sworn to before me and subscribed in my presence by Shirley Hempfling this 31st day of July 2004.

_Gloria Winkler Vetter_
Notary Public, State of Ohio

GLORIA WINKLER VETTER
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 07-31-07

**EXHIBIT F**

April 3, 2002

To whom it may concern,

RE; affidavit of Case No.: 01-CV-459
      Notarized 1-23-2002

I signed the aforementioned affidavit, with the impression that I was reaffirming that Mr. Yeager would continue as my attorney, as stated in the cover letter attached to the document.

The conflict I felt was, that there were two attorneys, Mr. Freeman and Mr. Yeager, and that this signing was affirming Mr. Yeager as my attorney.

I feel that I need legal representation and reiterate that I have no problem with Mr. Yeager, representing me as he has been retained by our insurance carrier to do so. It is the responsibility of the insurance carrier to provide adequate legal representation without any conflicts.

Other than the cover letter signed by Mr. Yeager, I have never been personally contacted by Mr. Yeager explaining any other conflicts (if any).

James E. Sanger
339 Yuma Drive
Sardinia, Ohio  45171

Brenda Frank
273 Yuma Drive
Sardinia, Ohio 45171

**EXHIBIT** //

**EXHIBIT** G

**Affidavit for Case No. C-1-01-459**

I Brenda Frank am making this affidavit to inform this court of the following :

It has come to my attention that many of the Defendents in Case No. C-1-01-459 were never contacted by Mr. Steve Yeager the Attorney of record for the Defendents. These people are telling me that they were called to the office at Lake Waynoka to sign an affidavit about a conflict of interest with Mr. Yeager that Mr. Sayyah and myself filed, and were told that the conflict was about wheather they wanted Mr. Herbert Freeman or Mr Yeager to be their attorney. They were never told by the attorney what it was about. The General Manager called and told them to come up and sign. Mr. Yeager asked this court to grant him an extension of time on which he would get in contact with ALL of his clients and explain what our motion was about. They were never told that we were raising the issue that some of the defendents testimony might in fact be harmful to other defendents in this case. It is not the responsibility of the General Manager to inform the defendents of any thing, it is in fact Mr. Yeagers responsibility to talk to each and every defendant in this case that he states he represents. There are codes that refer to this. Many of the defendents that have called us state that their testimony at some point could in fact be harmful to the other defendents. I am asking this court to please look into this matter so that
if there needs to be changes in attorneys that the defendents have enough time to secure representation. I am very upset that an attorney
would not take enough interest in his clients to sit down and outline everything that could happen and what there rights are. Mr. Sayyah and myself just want justice to be served, but we want it to be done fairly and without monkey business. We both try very hard to make sure that we follow all the rules to the letter, and sometimes we make mistakes, and as soon as it is brought to our attention we make sure we correct it right away. We are not attorneys. We are two people who are trying to get a wrong corrected. All we have ever ask is that we are treated fairly and we try to do the same. I would like to thank this court for is time and patience.

Sincerely,

*[signature]*

**Brenda Frank, Pro Se**


**Notary Public:**

*[signature] 4-4-02*

EXHIT I

STATE OF OHIO )
COUNTY OF BROWN ) SS.:

I, Robert Rickling, having been duly cautioned and sworn, do hereby state that the following is true to my best knowledge and belief:

1. I have never, at any time, consulted, discussed, nor have I ever hired or retained Attorney Herbert Freeman to represent me, or any of my interests in any litigation or lawsuit.

2. Mr. Freeman representation of me as my "attorney of record" was done without my knowledge or consent.

3. Mr. Freeman unlawful and unauthorized representation of me as my "attorney of record," is a direct and egregious violation of my constitutional right to due privacy.

4. Mr. Freeman deliberately and maliciously lied to this court by making a false, misleading statement that he represented me and was retained by me as my attorney-of-record.

5. Mr. Freeman had no right to invade my constitutional autonomy and privacy.

6. Mr. Freeman has intentionally and maliciously lied and misled this Court.

7. As far as can be determined, Mr. Freeman was never retained by any of the defendants in this pending case to represent them as their "attorney of record."

8. For this Court to allow Mr. Freeman to lie and make false misleading statements is not only scary, but is a clear demonstration of total and complete corruption.

9. I have lost all confidence in this Court to assure justice will be done.

10. For a court, any court, to allow attorneys to lie and deceive is not right.

Further, Affiant sayeth naught.

_____
Robert Rickling

Sworn to before me and subscribed in my presence by Robert Rickling on the 30 day of July, 2004.

LISA A. SALISBURY
Notary Public, State of Ohio
My Commission Expires Oct. 7, 2007

_____
Notary Public, State of Ohio

-1-

Exhibit "D"

**Nancee Klein**
**531 Waynoka Drive**
**Sardinia, Ohio  45171**
**(937)446-3976**

EXHIBIT H

March 30, 2002

I am currently being represented by Stephen M. Yeager in the case of John Sayyah, et al. v. Waynoka Property Owners Association, et. al. case number 01-CV-459.

I signed an affidavit on January 24, 2002 stating that I wanted him to go ahead and represent me as he was doing with all of the past and present board members.

I have never been contacted by Mr. Yeager to date. My testimony in court could be damaging to past and present board members as well as the management at Lake Waynoka.

Nancee L. Klein

_Nancee L. Klein_                                  3-30-02
Signature                                           Date

**EXHIBIT J**

State of Ohio )
County of Brown ) SS.:

I, Shirley Hempfling, duly cautioned and sworn, hereby state that the following are true to the best of my knowledge and belief:

1. I have never consulted with, discussed with, nor have retained or hired Herbert Freeman, an attorney at law, to represent me in any lawsuit.
2. On his own accord, without my consent or knowledge, Freeman decided to represent me, and did so without informing me of his action.
3. Freeman had no legal right to represent me without my knowledge or consent.
4. Freeman's unlawful and illegal decision to represent me is an invasion of my own interests, especially without any prior approval or consent.
5. Worse, Freeman has intentionally lied and maliciously misled this Court.
6. Freeman lied and has deceived this Court, making false statements to the effect that he was my "attorney of record."
7. Freeman lies; I never retained him as my attorney to represent me.
8. Again, repeat, I never consulted with, discussed with, nor have, at any time, ever retained or hired Freeman to represent me in this lawsuit.
9. In my opinion, Freeman is an unmitigated liar.

_____
Shirley Hempfling

Sworn to before me and subscribed in my presence by Shirley Hempfling this 31ST day of July 2004.

_____
Notary Public, State of Ohio

GLORIA WINKLER VETTER
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 07-31-07



EXHIBIT K

State of Ohio            )
County of Brown    ) SS.:

I, Nancee Klein, having been duly cautioned and sworn, and do hereby state that the following is true to the best of my knowledge:

1. The attorney Herbert Freeman has lied and made false statements to the court.
2. I have never, at any time, consulted, retained or hired Mr. Freeman to represent me or to be my attorney of record in any legal cause of action.
3. Without my consent or knowledge, Freeman, own his own volition, decided to represent me, and did so without informing me of his action.

_Nancee Klein_
NANCEE KLEIN

Sworn to me and subscribed in my presence by Nancee Klein this 3rd day of August 2004.

_Nancy Joe Hardy_
Notary Publice, State of Ohio

9-2-2008