<div style="text-align: right">
K. Roger Schoeni (0004812)  
Colleen M. Blandford (0061877)  
Attorneys for Defendants Donald E. Fender, Inc.,  
Milan Gorby, and James L. Bridges
</div>

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOHN SAYYAH,** *pro se*, **et al.,** | : | **Case No. C-1-01-459** |
| | : | |
| Plaintiffs, | : | **Judge Watson** |
| | : | **Magistrate Judge Black** |
| vs. | : | |
| | : | **MEMORANDUM OF DEFENDANTS** |
| **WAYNOKA PROPERTY OWNERS** | : | **DONALD E. FENDER, INC., JAMES** |
| **ASSOCIATION, INC., et al.,** | : | **L. BRIDGES AND MILAN GORBY IN** |
| | : | **OPPOSITION TO PLAINTIFFS'** |
| Defendants. | : | **MOTION TO DECLARE THAT** |
| | : | **FRAUD UPON THIS COURT MAKES** |
| | : | **VOID MAGISTRATE BLACK'S** |
| | : | <u>**REPORT AND RECOMMENDATION**</u> |

Come now Defendants Donald E. Fender, Inc., James L. Bridges, and Milan Gorby ("Fender Defendants"), by and through counsel, and urge this Court to deny Plaintiffs' Motion to Declare that Fraud Upon this Court Makes Void Magistrate Black's Report And Recommendation. Specifically, the issue of fraud on the court has already been raised and dismissed by this Court; the Motion does not satisfy Federal Rule of Civil Procedure 72(b)'s requirements of specific objections to the Magistrate's Decision; and the Motion fails to set forth any reason why the judgment in favor of the Fender Defendants should be altered. This Memorandum in Opposition is supported by the attached Memorandum of Law.

<div style="margin-left: 50%">

Respectfully submitted,  
KOHNEN & PATTON LLP

<u>/s/ Colleen M. Blandford</u>  
K. Roger Schoeni (0004812)  
Colleen M. Blandford (0061877)  
Attorneys for Defendants Donald E. Fender, Inc.,  
  Milan Gorby, and James L. Bridges  
PNC Center, Suite 800, 201 East Fifth Street  
Cincinnati, OH 45202-2994  
Telephone: (513) 381-0656; (513) 381-5823 fax

</div>

## MEMORANDUM OF LAW

**A.  This Court has already considered and rejected the issue of fraud upon the court.**

At bar, Plaintiffs urge the Court to declare that fraud upon the court makes void Magistrate Black's Report and Recommendation, rendering it of no legal force or effect. In support of this Motion, Plaintiffs argue the Magistrate Judge's Report and Recommendations should be declared void because of issues regarding statements made to the court by Attorney Yeager and Attorney Freeman as to whether or not they represented certain defendants.

In fact, a similar Motion for Fraud Upon the Court was filed in this case by Plaintiffs on July 6, 2004, on grounds substantially similar to those advanced at bar, including fraud upon the court and obstruction of justice pursuant to 18 USC 1503.  By Order dated July 12, 2004, this Court denied Plaintiffs' Motion for Fraud Upon the Court.

As recognized by this Court in that Order "A finding of fraud upon the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel, and must be supported by clear, unequivocal and convincing evidence." *In Re Coordinated Pretrial Proceedings in Antibiotic Anti-Trust Actions,* 538 F. 2d 180, 195 (8th Circuit 1976) cert. denied 429 US 1040 (1977) (citations omitted). This Court then held that "Upon review of the record as a whole, and in the absence from plaintiffs' most recent motion of any specific allegations of wrongdoing, the court finds that a motion… is not well taken." Since substantially the same issues are rehashed in this most recent Motion to Declare that Fraud Upon the Court Makes Void Magistrate Black's Report and Recommendation, it too must be denied.

**B.     Plaintiffs' Motion fails to satisfy Federal Rule of Civil Procedure 72(b)'s requirements of specific objections to Magistrate Black's Report and Recommendation.**

Accompanying Magistrate Black's Report and Recommendation is a Notice which provides in pertinent part as follows:

> Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within TEN DAYS after being served with a copy thereof… All objections shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections with ten days after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 US 140 (1985); *United States v. Walters* 638 F. 2d 947 (6th Cir. 1981).

Here, Plaintiffs' Motion does not specify any portions of the Report and Recommendation objected to. Thus, Plaintiffs' Motion must fail.

Rule 72 further explains the procedure for objecting to a Magistrate's Report and Recommendation, providing in pertinent part as follows:

> Within ten days after being served the copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within ten days after being served with a copy thereof. The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which this written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Plaintiffs' Motion to Declare that Fraud Upon this Court Makes Void Magistrate Black's Report and Recommendation does not include any specific written objections to the proposed findings and recommendations. As such, any objections are waived, so that the Report and Recommendation of the Magistrate should be confirmed.

**C.    Plaintiffs' Motion sets forth no basis for altering the judgment in favor of the Fender Defendants.**

In the Report and Recommendation, Magistrate Judge Black spends ten pages addressing the Fender Defendants' Motion to Dismiss. This Motion to Dismiss, which was filed on October 9, 2002, was never formally opposed by Plaintiffs. Similarly now, in their Motion Plaintiffs fail to identify any basis for overturning the Magistrate Judge's Report and Recommendations granting the Fender Defendants' Motion to Dismiss. As such, the Report and Recommendation granting the Fender Defendants' Motion to be dismissed should be confirmed.

**D.    Conclusion.**

For the foregoing reasons, Defendants Fender, Bridges and Gorby urge this Court to deny Plaintiffs' Motion to Declare That Fraud Upon this Court Makes Void Magistrate Black's Report and Recommendation, and urge this Court to confirm Magistrate Judge Black's Report and Recommendation.

          Respectfully submitted,

          KOHNEN & PATTON LLP


          /s/ Colleen M. Blandford
          K. Roger Schoeni (0004812)
          Colleen M. Blandford (0061877)
          Attorneys for Defendants Donald E. Fender, Inc.,
            Milan Gorby, and James L. Bridges
          PNC Center, Suite 800
          201 East Fifth Street
          Cincinnati, OH  45202-2994
          Telephone: (513) 381-0656
          Facsimile: (513) 381-5823

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 22nd day of November 2004, via electronically upon the following:

Michael P. Foley, Esq.
Steven Donald Hengehold, Esq.
mfoley@rendigs.com; shengehold@rendigs.com
Rendigs, Fry, Kiely & Dennis, LLP
900 Fourth & Vine Tower
Five West Fourth Street
Cincinnati, OH 45202-3688
Attorney for Defendant Jay D. Cutrell

Stephen M. Yeager, Esq.
syeager@pyplaw.com
Patsfall, Yeager & Pflum, LLC
1 West Fourth Street, Suite 1800
Cincinnati, OH 45202

Matthew R. Skinner
matt_skinner@cinfin.com

and via Regular US Mail upon the following:

Brenda Frank
273 Yuma Drive
P.O. Box 588
Sardinia, OH 45171

John Sayyah
238 Waynoka Drive
Sardinia, OH 45171

Robert Rickling
44 Comanche Drive
Sardinia, OH 45171

David Winchester Peck
Rendigs Fry Kiely & Dennis LLP
One West Fourth Street
Suite 900
Cincinnati, OH 45202-3688

- 6 -

Herbert Edmund Freeman
114 East Eighth Street
Cincinnati, OH 45202-2102

Shirley Hempfling
3376 Citrus Lane
Cincinnati, OH 45239-7113

Nancee Klein
531 Waynoka Drive
Sardinia, OH 45171

/s/ Colleen M. Blandford
Colleen M. Blandford

206895.1:CINTI-44044
11/22/2004