K. Roger Schoeni (0004812)
Colleen M. Blandford (0061877)
Attorneys for Defendants Donald E. Fender, Inc.,
Milan Gorby, and James L. Bridges

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOHN SAYYAH,** *pro se*, **et al.,** | : | **Case No. C-1-01-459** |
| | : | |
| **Plaintiffs,** | : | **Judge Watson** |
| | : | **Magistrate Judge Black** |
| **vs.** | : | |
| | : | **MEMORANDUM OF DEFENDANTS** |
| **WAYNOKA PROPERTY OWNERS** | : | **DONALD E. FENDER, INC., JAMES** |
| **ASSOCIATION, INC., et al.,** | : | **L. BRIDGES AND MILAN GORBY IN** |
| | : | **OPPOSITION TO PLAINTIFFS'** |
| **Defendants.** | : | **MOTION BASED UPON NEW** |
| | : | **EVIDENCE** |
| | : | |
| | : | |

Come now Defendants Donald E. Fender, Inc., James L. Bridges, and Milan Gorby

("Fender Defendants"), by and through counsel, and urge this Court to deny Plaintiffs' Motion

Based Upon New Evidence. Specifically, this "new evidence" is merely the untimely

submission of purported expert testimony. Because this evidence is submitted untimely, without

substantial justification, and is not harmless, it must not be considered by the Court. This

Memorandum in Opposition is supported by the attached Memorandum of Law.

Respectfully submitted,
KOHNEN & PATTON LLP

/s/ Colleen M. Blandford
K. Roger Schoeni (0004812)
Colleen M. Blandford (0061877)
Attorneys for Defendants Donald E. Fender, Inc.,
  Milan Gorby, and James L. Bridges
PNC Center, Suite 800, 201 East Fifth Street
Cincinnati, OH 45202-2994
Telephone: (513) 381-0656; (513) 381-5823 fax

## MEMORANDUM OF LAW

**A.    Because this evidence is submitted untimely, without substantial justification, and is not harmless, it must not be considered by the Court.**

Plaintiffs filed this case in 2001.  In a July 15, 2004 Rule 26(f) Report of the Parties, signed by all counsel and by Plaintiffs' individually, the parties agreed September 1, 2004 would be the deadline for Plaintiffs' expert reports to be sent to all counsel.  This deadline was confirmed in the Court's Calendar Order of July 26, 2004.  On August 23, 2004 Plaintiffs' provided Rule 26 Disclosures, which identified certain experts, including "Forensic Accountant Terry Yoho,"  indicating "Fraud Examiner's Report Not Yet Completed."

The September 1, 2004 deadline for Plaintiffs' expert reports to be sent to all counsel came and went with no such reports being exchange.  Plaintiffs never moved for an extension of time to submit its expert reports, and never submitted any reports.  In a Joint Status Report submitted to the Court October 29, 2004, the Parties agreed that "Plaintiffs failed to identify their primary experts and produce their primary expert reports by 9/1/04 as ordered by this Court's Calendar Order.  Plaintiffs admit that at this time they have yet to retain an expert."  Thereafter, on November 1, 2004, Magistrate Black granted the pending Motion to Dismiss of the Fender Defendants.

No specific objections, as contemplated by Rule 72, were filed by Plaintiffs with regard to Magistrate Black's grant of the Motion to Dismiss.   Nonetheless, Plaintiffs now have pending before the Court their Motion Based Upon New Evidence, which attempts to submit an untimely expert report to the Court.  Because this evidence is submitted untimely, without substantial justification, and is not harmless, it must not be considered by the Court.

Rule 26(a)(2) sets forth the requirements for disclosure of expert witness testimony.  Rule 26(a)(2)(c) further provides that "these disclosures shall be made at the time and in the sequence

directed by the Court."  Here, the Rule 26(f) Report of the Parties and the Court's Calendar Order of July 26, 2004 confirmed that September 1, 2004 would be the deadline for such disclosures.  Plaintiffs did not provide any such disclosure of expert testimony in compliance with Rule 26, the Rule 26(f) Report of the Parties and/ or the Court's Calendar Order.

Rule 37(c) then governs failure to disclose expert testimony in compliance with Rule 26 and court orders, and provides in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c).  "This circuit has established that Rule 37(c)(1) **mandates** that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified."  *Sexton v. Uniroyal Chemical Co., Inc.*  (2003 6th Cir.) 62 Fed. Appx. 615, 616, n.1, emphasis added.  Further, this Rule "**automatically disallows** that party from using such expert evidence… unless there was a substantial justification for the noncompliance or unless the noncompliance was harmless."  *In Re John Richards Homes Building Company, LLC v. John Richards Homes Building Company, LLC*  (ED Mich 2004) 312 BR 849, 863, emphasis added.

In *John Richards Homes, supra*,  a party tried to argue there was "substantial justification" for its delay in providing expert reports where it had difficulty obtaining certain needed financial information important to production of that expert's report.  However, the court found that while the "failure to comply with discovery master's order is unfortunate, and could be considered **some** justification for [the expert's] tardy expert report, this failure is not a **substantial justification** under Rule 37(c)(1) given the fact that, before the discovery master's

order and well before trial, Mr. Adell had ample financial information to place at his expert's disposal." *In Re John Richards Homes Building Company, LLC, supra,* at 864-865.

Likewise, at bar, this case has been pending since 2001. Plaintiffs agreed to the deadline of September 1, 2004 for providing their expert reports. No continuance of this deadline was sought. Now, in their Motion Based Upon New Evidence filed more than two months after the deadline for providing expert reports, and two weeks after the Magistrate's Report recommending dismissal of the claims against the Fender Defendants, Plaintiffs seek to untimely interject expert testimony. No justification, let alone a substantial justification is set forth in Plaintiffs' Motion. Absent a substantial justification, this expert report must be excluded. *Sommer v. Davis* (2003 6th Cir.) 317 F.3d 686, 692.

Similarly, this "new evidence" must be excluded as it is not harmless. "Harmlessness . . . is the key under Rule 37, not prejudice." *Sommer, supra* at 692. In fact, "the advisory committee's note to Rule 37(c) strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.*

At bar, as in *Sommer*, nothing in the record suggests that the failure to disclose this expert's testimony in a timely manner was the result of an honest mistake. In fact, in the Joint Status Report submitted to the Court October 29, 2004, the Parties (including Plaintiffs) agreed that "Plaintiffs failed to identify their primary experts and produce their primary expert reports by 9/1/04 as ordered by this Court's Calendar Order. Plaintiffs admit that at this time they have yet to retain an expert." Here, where dismissal has been recommended for the claims against the Fender Defendants, to allow this untimely submission of expert testimony certainly is not harmless. As such, the Fender Defendants urge this Court to deny Plaintiffs' Motion Based Upon New Evidence.

**B.    Conclusion.**

For the foregoing reasons, Defendants Fender, Bridges and Gorby urge this Court to deny Plaintiffs' Motion Based Upon New Evidence, and urge this Court not to consider Plaintiffs' untimely purported new evidence.

Respectfully submitted,

KOHNEN & PATTON LLP

/s/ Colleen M. Blandford
K. Roger Schoeni (0004812)
Colleen M. Blandford (0061877)
Attorneys for Defendants Donald E. Fender, Inc.,
    Milan Gorby, and James L. Bridges
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH  45202-2994
Telephone: (513) 381-0656
Facsimile: (513) 381-5823

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of December 2004, via Regular US Mail upon the following:

Brenda Frank
273 Yuma Drive
P.O. Box 588
Sardinia, OH 45171

John Sayyah
238 Waynoka Drive
Sardinia, OH 45171

David Winchester Peck
Rendigs Fry Kiely & Dennis LLP
One West Fourth Street
Suite 900
Cincinnati, OH 45202-3688

Herbert Edmund Freeman
114 East Eighth Street
Cincinnati, OH 45202-2102

Nancee Klein
531 Waynoka Drive
Sardinia, OH 45171

and will be served electronically by the Court upon the following:

Michael P. Foley, Esq.
Steven Donald Hengehold, Esq.
mfoley@rendigs.com; shengehold@rendigs.com
Rendigs, Fry, Kiely & Dennis, LLP
900 Fourth & Vine Tower
Five West Fourth Street
Cincinnati, OH  45202-3688
Attorney for Defendant Jay D. Cutrell

Stephen M. Yeager, Esq.
syeager@pyplaw.com
Patsfall, Yeager & Pflum, LLC
1 West Fourth Street, Suite 1800
Cincinnati, OH 45202

Matthew R. Skinner
matt_skinner@staffdefense.com


                                        /s/ Colleen M. Blandford
                                        Colleen M. Blandford

208240.1:CINTI-44044
12/7/2004