IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| John Sayya, *pro se*, et al.,<br>Plaintiffs,<br>vs.<br><br>Waynoka Property Owners<br>Association, Inc., et al.,<br><br>Defendants. | Case No.: 01-CV-459<br><br>Judge Watson<br>Magistrate Judge Black<br><br>MEMORANDUM IN RESPONSE TO<br>12/07/04 FILED MEMORANDUM OF<br>DONALD E. FENDER, INC., JAMES L.<br>BRIDGES AND MILAN GORBY FILED<br>(hereinafter "Defendants") |

## RESPONSE MEMORANDUM

**First**

After much consideration, Plaintiffs have determined that there will be no need to call upon any "expert' witness, as they believe the "overwhelming" abundance of evidence they will submit and the many knowledgeable witnesses they will call upon to testify will be more than adequate and sufficient to successfully prosecute their case before an "impartial" jury.

**Second**

While Plaintiffs contemplated retaining Forensic Accountant Terry Yoho, realizing that there was no need to as she "already" had been hired, retained and paid for by Defendant Rickling, they did not engage or contract her to do any work for them. Therefore, as she was not retained officially by Plaintiffs, there was not need for them to move "for an extension of time to submit its expert witness reports...."

Even Defendants admit in their "Memorandum" on page two (2) that: "Plaintiffs admit that at this time they have not yet to retain an expert [witness]." Plaintiffs reiterate that they will have no need for any expert witnesses. And the "new evidence" submitted to this Court was freely given them by Defendant Rickling, acting out of his own need, and was proper and justified.

**Third**

A correction is in order. On page two (2) of Defendants' "Memorandum," they erroneously state that "...on November 1, 2004, Magistrate Black granted the pending Motion to Dismiss of the Fender Defendants." No! Magistrate Black only "recommended" the "grant."

Again, a correction is in order, as to Defendants' statement on page two (2) that "[n]o specific objections, as contemplated by Rule 72, were filed by Plaintiffs in regard to Magistrate Black's grant of the Motion to Dismiss." Magistrate Black did not grant the Motion to Dismiss, he merely recommended the "grant."

As to Rule 72, Plaintiffs have argued, *ad nauseam,* that "fraud upon the court" vitiates all a court's proceedings. The repetition of the argument to the contrary serves no useful purpose, other than to confuse and compound the already confused proceedings by this very Court.

## CONCLUSION

Again, ***repeat***, having decided there was no need for expert witnesses, the "new evidence" Plaintiffs' submitted to this Court was given them "freely" by Defendant Rickling, who on his own account and to the tune of $25,0000 (mortgaging his own home) "personally" retained Terry Yoho at no urging or prompting of Plaintiffs. Firmly believing that they were under no duty or obligation to do otherwise, they did what they did lawfully and legally, and that is that.

**WHEREAS**, for the foregoing reasons, Plaintiffs respectfully urge this Court to disregard and reject Defendants' memorandum in opposition of 12/07/04.

Respectfully submitted,

John Sayyah, pro se
238 Waynoka Drive
Sardinia, OH 45171
937-446-4136

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was served by U.S. Mail on this 9th day of December, 2004 to Herbert Freeman, Attorney at Law, 114 East Eight Street, Cincinnati, OH, 45202, Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202, Michael P. Foley, Esq., 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, Colleen Blandford, Attorney at Law, 201 East Fifth Street, Cincinnati, Ohio 45202, Steven Hengehold, One West Fourth Stree, Cincinnati, Ohio 45202, Matthew Skinner, Attorney at Law, PO Box 145496, Cincinnati, Ohio 45250

John Sayyah, pro se