IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 FEB 28 PM 1:13

| | |
|---|---|
| John Sayyah, *pro se*, et al., <br> Plaintiffs, <br> v. <br> Waynoka Property Owners <br> Association, Inc., et al., <br><br> Defendants. | Case No.: 01-CV-459 <br><br> Judge Watson <br><br> MEMORANDUM IN OPPOSITION <br> TO DEFENDANTS' JOINT MOTION <br> TO STAY DISCOVERY |

### OPPOSING MEMORANDUM

On page three of Defendants' joint motion to stay discovery, it states that "the discovery process will be quite costly and time consuming for all parties," but what else is new. After all, a Civil RICO case is fraught with myriad complicated issues involving alleged criminal activities, having serious, far-reaching consequences. Plaintiffs are not playing games nor did they bring this case on a lark. Numerous and serious crimes have been alleged to have been committed, involving such things as: defrauding the United States Government out of multi millions of dollars; defrauding the U.S. Internal Revenue Service out of tens of thousands of dollars; defrauding State of Ohio agencies out of multi millions of dollars; and defrauding WPOA property owners, including, of course, Plaintiffs, out of multi millions of dollars, to name just a few.

No, this will be costly for all parties, on that there should be no doubt.

And mostly, it has been extremely costly for Plaintiffs. Defendants can sit back easy in their easy chairs, for they do nothing. It is their attorneys that do all the work, whose fees, Plaintiffs might add, are not paid out of Defendants' pockets but out of the dues and fees from members of the Association, which include Plaintiffs'. If tears are to be shed, please include a few drops for Plaintiffs (a few prayers would also help, too).

1

## CIVIL RICO: PATERN OF RACKETEERING ACTIVITIES

As so often the case with Civil RICO, the viability of a plaintiff's claims turns on whether they can establish a pattern of racketeering activity, which is an essential element of a claim under both 1962(a) and 1962(c). *Vicom, Inc. v. Harbridge Merchant Serv., Inc.,* 20 F.3d 771, 778-79 (7th Cir. 1994). While Plaintiffs readily admit their status as novices, one thing is sure: doing their best with the little they have, the RICO statute itself is not particularly helpful in defining the all-important pattern requirement, as it notes only that a pattern requires at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). As far as can be determined, "racketeering activity" is defined by United States Code, in which Plaintiffs' Civil RICO case has been liberally embroidered, well knitted and crafted, the results of many long hours in a determined, dedicated effort to meet the requirements as specified by 18 U.S.C. § 1961(1)(B). *McDonald v. Schencker,* 18 F.3d 491, 494 (7th Cir. 1994).

## LIBERALLY EMBROIDED & WELL KNITTED

**"*Liberally embroidered and well knitted*"—on that score, United States Senior Judge Herman J. Weber, in an open "hearing" held in his court on 11/08/02, before defendants and attorneys present, stated for the record, on page 7: "*We're obviously going to get together and be togethere for <u>a very long time</u>…over the years. I mean, this litigation has already gone on a long time.*" See Doc. 98, Transcript, p.7.**

Judge Weber—"*<u>for a very long time</u>…*"

So much for Magistrate Judge Black's <u>Report and Recommendation</u>!

But it gets better…

## MOTIONS TO DISMISS – ALL DENIED

"We're obviously going to get together and be together for a very long time…over the years…," Judge Weber said that in a hearing held in open court on 11/08/02, but then, earlier, in his **ORDER** of 09/19/02, on page 9, Judge Weber stated: "In accordance with

the foregoing, it is hereby **ORDERED** that defendant's motion to dismiss the original complaint (docs. 5-1) [are **DENIED**] and defendant's motion to dismiss the amended complaint (docs. 16, 31) are **DENIED** without prejudice...and defendants' motion to dismiss the amended complaint (docs. 7-1, 33-2) are [also] **DENIED**...." *See doc. 74.*

So much for Magistrate Judge Black's Report and Recommendation!

## SUMMARY JUDGMENT & NEED FOR DISCOVERY

Summary judgment, the procedural equivalent of a trial, deprives one of rights normally available at trial, in which there are confrontations of witnesses and cross-examinations. *Terranova v. Emil,* 20 NY2d 493, 497. It is precisely for this very reason, summary judgment is deemed a "harsh and drastic remedy" to be "sparingly exercised." *Alvord & Swift v. Muller Constr. Co., Inc.,* 46 NY2d 273, 287. And it ***also*** is precisely the reason why a party opposing summary judgment must be given the opportunity for full and complete discovery so that said party may "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Usually, a party opposing a Rule 56 motion for summary judgment will typically submit affidavits showing that material facts are in dispute. But Rule 56 gives a party not one, but two choices. One may, under Rule 56(e), file an affidavit showing the existence of a triable issue of fact, or one may elect, under Rule 56(f), to file an affidavit opposing a motion for summary judgment, requesting for reasons stated the need for discovery. *See Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 983, 988 (1sr Cir. 1988) (quoting *Herbert v. Wicklund,* 744 F.2d 218, 221 (1st Cir. 1984). In particular, Rule 56(f) offers one an opportunity to discover "facts essential to justify [its] opposition when confronted by a summary judgment motion." *Paterson-Leitch Co., supra,* 840 at 991.

## **OPPORTUNITY FOR DISCOVERY**

Before ruling on summary judgment, the Supreme Court has established that the non-moving party should receive "a full opportunity to conduct discovery" to be able to defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 U.S. S.Ct. 2505, 2510 (1986) (stressing importance of allowing ample time for discovery); *also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In other words, Plaintiffs must have the opportunity for discovery **_before_** this Court acts precipitously on Magistrate Judge Black's recommendation. *Celotex,* 477 U.S. at 326; *see, also, Clark v. Coats, Inc.,* 929 F.2d 605, 608 (11th Cir. 1991); *High Tech Gays v. Defense Indus. Sec. Clearance Office,* 895 F.2d 563, 574 (9th Cir. 1990); *Roush v. KFC Nat'l Management Co.,* 10 F.3d 392, 397 (6th Cir.1993), cert. denied, 115 S.Ct. 56 (1994).

## **RULE 56(f) & DISCOVERY**

A Rule 56(f) motion offers a party the opportunity for "discovery" so that a ruling on a summary judgment motion can be more properly made. *Davis v. Kelly,* 160 F.3d 917, 921 (2nd Cir. 1998). In so many words, before a ruling is made on a summary judgment motion, a non-moving party should be given at least the opportunity to discover relevant information in the hands of a defendant, to do otherwise renders fair and even-handed justice void. The adequacy of inquiry of a plaintiff is important, especially where critical information sought is under the direct control of the defendant. *Villante v. Department of Corrections of New York,* 782 F.2d 516, 521 (2nd Cir. 1986).

Where, as in this instance, a case largely turns on the ability to secure evidence held in the possession of a defendant, courts should not render summary judgment without first determining whether the non-moving party has had a fair chance to obtain said evidence through the means of discovery. *Gordon v. Leeks,* 574 F.2d 1147, 1152 (4th Cir. 1978)

Furthermore, without a proper and full discovery pursuant to Rule 56(f), summary judgment is made prematurely and therefore should not be ruled upon by this Court.

Again, repeat, pursuant to Rule 56(f), summary judgment is appropriate for a ruling *only* if discovery has occurred first. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed2d 202 (1986); *Otto v. Variable Annuity Life Ins.*, 814 F.2d 1127, 1138 (7th Cir. 1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587, 89 L.Ed.2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992; *Matagorda County v. Russle Law*, 19 F.3d 215, 217 (5th Cir. 1994).

### COMPLIANCE WITH RULE 56(f)

In compliance with Rule 56(f), Plaintiffs attached hereto and to set and place in and on record, the required "affidavit" to preserve their argument that this Court defer judgment on Magistrate Judge Black's Report and Recommendation, pending discovery.

### CONCLUSION

**WHEREAS,** for all the foregoing stated reasons and arguments, Plaintiffs pray this Court to deny Defendants' motion for stay of discovery, and prayerfully request this Court to grant their Rule 56(f) motion and attached affidavit for discovery.

Respectfully submitted,

John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171
937-446-4136

Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 45171
937-446-1265

### CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 24rd day of February, 2005 to Herbert Freeman, Attorney at Law, 114 East Eight Street, Cincinnati, OH, 45202, Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202, Michael P. Foley, Esq., 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, Colleen Blandford, Attorney at Law, 1400Carew Tower, 441 Vince Street, Cincinnati, OH 45202, Matthew Skinner, Attorney at Law, P.O. Box 145496, Cincinnati, Ohio 45250, and Steven Hengehold, One West Fourth Street, Suite 900, Cincinnati, Ohio 45202.

John Sayyah, *pro se*

Brenda Frank, *pro se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **John Sayyah,** *pro se,* **et al.,** | ) Case No.: 01-CV-459 |
| **Plaintiffs,** | ) |
| v. | ) Judge Watson |
| **Waynoka Property Owners** | ) |
| **Association, Inc., et al.,** | ) AFFIDAVIT OF PLAINTIFF JOHN SAYYAH |
| | ) |
| **Defendants.** | ) |
| | ) |

State of Ohio        )
                     ) ss:
County of Brown      )

    I, affiant, John Sayyah, being duly sworn, aver that Plaintiffs' opposition to Magistrate Judge Black's recommendation to grant summary judgment are hindered because of their inability to present essential facts by means of affidavits that justify their said opposition, and that Plaintiffs need time to identify those said essential facts through the means of process of discovery, such as to flesh out Plaintiffs' allegations, as to the following:

- Violations of WPOA Board of Trustees directives by the WPOA Manager.
- Violations of check writing authority by WPOA General Manager and employees;
- Circumvention of internal control, and whether said circumvention imperiled the security, welfare and financial structure of WPOA;
- Massive fraud of WPOA funds and assets;
- Unlawful use of WPOA personnel, equipment and funds;
- Co-mingling of equipment and funds between WPOA & WRWSD;
- Massive thefts of WPOA lots;
- Defrauding the U.S. Government out of multi millions of dollars;
- Defrauding the State of Ohio out of multi-millions of dollars; and,
- Defrauding WPOA property owners out of multi-millions of dollars, just to name only a few essential facts that are needed for discovery.

    Affiant further aver his firm and abiding belief that the need for discovery will show that named Defendants, some more than others, to one degree or another, wittingly or unwittingly, have personal knowledge or some inkling or information as to the massive frauds that have been committed, either through themselves or by others, against the United States Government in the multi millions of dollars, Ohio governmental agencies in the multi millions of dollars, the U.S. Internal Revenue Service in tens of thousands of dollars, and the property owners, including Plaintiffs, collectively in the multi millions of

dollars, to list a few, that can only be obtained through means of "aggressive" discovery, fully utilizing interrogatories and depositions.

For reasons stated herein, as well as those contained in their *opposing memorandum* in and upon which this affidavit is attached hereto, affiant respectfully urges this Court to grant him and plaintiffs the right through discovery "facts" vitally needed to oppose any motion to dismiss and/or any motion for summary judgment.

Further affiant saith naught

Subscribed and Sworn to before me on 2-25 05

I, affiant, John Sayyah, declare, under penalty of perjury, that the information contained in this affidavit is true and correct to the best of my information, knowledge and belief.

_____
John Sayyah, affiant


_____
NOTORY PUBLIC

KAREN M. HILLIS
Notary Public, State of Ohio
My Commission Expires Sept. 25, 2007      9-25-07

2