UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Sayyah, et al.,

    Plaintiffs,

v.

Waynoka Property Owners
Association, Inc., et al.,

    Defendants.

Case No. 1:01cv459

Judge Michael H. Watson

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is the November 1, 2004 Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 153) The Magistrate recommends that this Court grant the pending Motions to Dismiss, for Summary Judgment, and for Judgment on the Pleadings (Docs. 80, 86, 99); and close this case. The Magistrate further recommends denying the remaining motions as moot. (Docs. 82, 87, 101, 120, 123, 126)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] To date, no objections to the November 1, 2004, Magistrate Judge's R&R have been filed.

However, Plaintiffs have filed a Motion to Declare That Fraud upon this Court Makes

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Void Magistrate Black's R&R, Rendering it of No Legal Force of Effect. (Doc. 154) This motion was filed within the ten-day time frame for filing objections. 28 U.S.C. § 636(b)(1). Based on the timing and content of Plaintiffs' motion, the Court will construe this motion as objections to the Magistrate's R&R.[2] Accordingly, Defendants' Responses to Plaintiffs' Motion (Docs. 158, 159, 161) will be construed as responses to Plaintiffs' objections.

Plaintiffs take issue with statements made by attorney Stephen Yeager, who is the attorney of record for twenty-nine individual Defendants in this matter. Plaintiffs claim that Yeager lied and mislead this Court in his motion for enlargement of time (Doc. 40) by making a statement that he needed additional time to consult with his clients in order to respond fully to Plaintiffs' allegations of conflicts of interest between Defendants. Plaintiffs have submitted numerous statements by Defendants Robert Rickling, Shirley Hempfling, James Sanger, and Nancee Klein. Plaintiffs have also submitted the statement of Plaintiff Brenda Frank. The crux of these statements is that Yeager mislead and lied to this Court because he did not contact these Defendants; and if Yeager were to have contacted them, these Defendants would have informed him that their testimony would be adverse to other Defendants. Plaintiffs object to Yeager's representation of these Defendants.

Plaintiffs also take issue with attorney Herbert Freeman's representation to this Court that he is the attorney of record for certain Defendants.[3] Plaintiffs have submitted

---

[2] In one of their subsequent motions, Plaintiffs address their failure to file any objections: "Plaintiffs believe then, as they believe now, federal controlling law dictates that fraud upon the court vitiates all of its orders, judgments or proceedings. Accordingly, Plaintiffs believe that they are under no obligation to respond to Magistrate Black's Report and Recommendation, as it is invalid and voidable under all the above-cited federal controlling law."

[3] According to the docket sheet for this case, Freeman represents the same Defendants as Yeager with one exception, Defendant Fred Daulton, who is only represented by Freeman.

statements made by Defendants Rickling, Hempfling, and Klein, which indicate that they did not agree to be represented by Freeman.

Plaintiffs argue further that Yeager and Freeman have violated the Code of Professional Responsibility; are in violation of 18 U.S.C. § 1503 for obstructing justice; and have violated the Plaintiffs' Constitutional rights.

At the outset, it should be stated that the issues Plaintiffs raise regarding Yeager and Freeman are not related to any of the recommended rulings by the Magistrate in the R&R.

Secondly, Plaintiffs have previously moved for this Court to declare that Yeager and Freeman have committed a fraud upon this Court. On July 6, 2004, Plaintiffs filed a Motion for Fraud upon the Court with Immediate Stay of Proceedings Pending Review and Outcome of Said Motion Pursuant to Fed. R. Civ. P. 60(b). (Doc. 134) Plaintiffs made identical arguments in that Motion as they do in the instant Motion. The Court denied the Motion, noting that "[a] finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976) (citations omitted), *cert. denied*, 429 U.S. 1040 (1977). (Doc. 135) This Court found that Plaintiffs had presented only conclusory allegations of fraudulent misconduct by Yeager and Freeman. (Id.) While Plaintiffs have now supported their allegations with sworn statements, the allegedly false statements and misrepresentations made by Yeager and Freeman do not rise to the level of the egregious misconduct necessary for a declaration of fraud upon the court. Even if proven false, the statements made by Yeager and Freeman that they had contacted certain Defendants or were the

3

attorney of record for certain Defendants are not analogous to the bribery of a judge or jury, or fabrication of evidence by counsel.

Similarly, Plaintiffs have raised the issue of whether Yeager and Freeman are proper representatives on several occasions.[4] A review of the record in this case shows that Plaintiffs have filed four separate Motions to Disqualify Yeager and Freeman. (Docs. 24, 33, 44, 71) Two of these motions (Docs. 44, 71) were motions for orders on the previous motions, and this Court denied those motions on that basis. (Doc. 74) This Court set the remaining two motions (Docs. 24, 33) for a motion hearing. (Id.) Plaintiffs moved for reconsideration of that Order, and the Court denied the motion. (Doc. 76) The motion hearing was cancelled (Doc. 102), and the motions were later administratively terminated while Chief Judge Walter H. Rice considered Plaintiffs' Motion for Recusal. (Doc. 108) Because these Motions were never addressed, this Court will now address the issues Plaintiffs have raised regarding Yeager and Freeman's representation.[5] *See General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704, 710 (6th Cir. 1982) (holding that decision for disqualification of attorney is adequately founded without evidentiary hearing if factual inquiry is conducted in manner which will allow appellate review and if district judge does not undertake to decide disputed issues of fact).

Plaintiffs' objections regarding Yeager's representation of Defendants Hempling and

---

[4]Plaintiffs themselves point to twenty-three motions where they have previously argued that a fraud has been made upon this Court due to Yeager's and Freeman's representation of some of the Defendants. (Doc. 160)

[5]The Court notes that the Magistrate held an informal discovery conference on August 8, 2002. According to the minutes for this conference, the attorney representation conflict regarding attorneys Freeman and Yeager was resolved. (Doc. 72) This resolution was apparently not to Plaintiffs' satisfaction.

Rickling are moot. On April 19, 2002, Attorney Yeager moved to withdraw as attorney for Defendant Hempfling. (Doc. 57) The Court granted the motion on September 19, 2002. (Doc. 74) In addition, Attorney Matthew Skinner filed a Notice of Substitution of Counsel on April 19, 2004, stating that he was substituting for Yeager in the representation of Rickling. (Doc. 128)

"The extreme sanction of disqualification should only be utilized when there is a 'reasonable possibility that some specifically identifiable impropriety' actually occurred, and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F.Supp.2d 863, 865 (S.D. Ohio 2002), *quoting, Kitchen v. Aristech Chemical*, 769 F.Supp. 254, 257-59 (S.D. Ohio 1991). As the Sixth Circuit has recently warned:

> Courts must be vigilant in reviewing motions to disqualify counsel as "the ability to deny one's opponent the services of capable counsel[ ] is a potent weapon," *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988), that can be "misused as a technique of harassment." *Kitchen v. Aristech Chem.*, 769 F.Supp. 254, 257 (S.D. Ohio 1991) (citations omitted). . . . A court should only disqualify an attorney "when there is 'a reasonable possibility that some specifically identifiable impropriety' actually occurred." *Id.* (quoting United States v. Kitchin, 592 F.2d 900, 903 (5th Cir.1979)).

*Moses v. Sterling Commerce (America), Inc.*, 2005 WL 11684, *6 (6th Cir. Jan. 3, 2005). The moving party bears the burden of establishing the need for disqualification. *Nilavar v. Mercy Health System-Western Ohio*, 143 F.Supp.2d 909, 912 (S.D. Ohio 2001).

Plaintiffs maintain that disqualification of Yeager is proper because he represents Defendants with conflicting interests. Under the Model Code of Professional Responsibility, the following mandatory Disciplinary Rule is applicable to such conflicts:

5

> DR 5-105. Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer
>
> (A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).
>
> (B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).
>
> (C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

The Court finds that Plaintiffs have failed to identify any specifically identifiable impropriety. Plaintiffs and the affidavits they have submitted in support of their position only make vague references to conflicting testimony. (See Doc. 154, Ex. H, Nancee Klein Aff. ("My testimony in court could be damaging to past and present board members as well as the management at Lake Waynoka"))

Even if it is assumed that a conflict of interest exists between the Defendants represented by Yeager, Yeager has complied with DR-5-105(C). Yeager has submitted affidavits from twenty-six of the individual Defendants. In the affidavits, each Defendant states that he or she does not believe a conflict exists; and he or she desires to have Yeager continue to represent them. (Doc. 48)[6] Therefore, there is no factual basis to

---

[6] Defendants Rickling and Hempfling did not sign affidavits, but are no longer represented by Yeager. There are three Defendants - Jerry Andrews, Greg Dawson, and Bob Lund - for whom there are no affidavits. Attorney Yeager stated that affidavits were not obtained from these Defendants because they live outside the state.

disqualify Yeager.

Nor is there a legal basis. "Typically, courts do not disqualify an attorney on the grounds of conflict of interest unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify." *Morgan v. North Coast Cable Co.*, 586 N.E.2d 88, 90 (Ohio 1992), *citing, In re Yarn Processing Patent Validity, Celanese Corp. v. Leesona Corp.*, 530 F.2d 83 (5th Cir. 1976) and *Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio*, 900 F.2d 882 (6th Cir. 1990). As a general rule, a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship. 586 N.E.2d at 90-91. There is no indication that Plaintiffs had a previous attorney-client relationship with Yeager; and therefore Plaintiffs lack standing to complain of a conflict of interest between Yeager and the Defendants he represents.

Moreover, "[a]n attorney should not be disqualified *solely* upon an allegation of conflict of interest; even where the requested disqualification is based upon ethical considerations, the moving party still must demonstrate that disqualification is necessary." *Reason v. Wilson Concrete Prod., Inc.*, 774 N.E.2d 781, 783 (Ohio Ct. Com. Pl. 2002). "[T]he moving party must provide some evidence that a need for the disqualification exists." *Sayyah v. Cutrell*, 757 N.E.2d 779, 785 (Ohio Ct. App. 2001) (finding that Plaintiffs Sayyah and Frank had wholly failed to supply the court with anything more than conclusory statements and unsubstantiated allegations of conflict of interest in their motion to disqualify another attorney in a related case). Plaintiffs have not carried their burden of demonstrating that disqualification is necessary. Plaintiffs have done nothing more than make generalized allegations of a conflict.

As to the disqualification of Freeman, Plaintiffs argue that Freeman has made false statements regarding his representation of Defendants Rickling, Hempfling, Klein, and Sanger. There is no indication in the record that when Freeman made this statement that he was not in fact the attorney of record for these Defendants. What the record does show is that Freeman is no longer the attorney of record for Defendants Rickling or Hempfling. However, Freeman is still the attorney of record for Defendants Sanger and Klein. In his signed statement, Defendant Sanger does not state any objection to being represented by Freeman. (Doc. 154, Ex. F) The affidavit of Defendant Klein states that she has not hired Freeman to represent her; and that Freeman decided to represent her without her consent or knowledge. (Doc. 154, Ex. K, Nancee Klein Aff. ¶¶ 2-3)

It is not clear how these statements are any indication of a conflict between these Defendants and Freeman. If Defendants Sanger and Klein did not wish to be represented by Freeman, that is their choice, and not a matter for the Court to decide. Moreover, it is not clear how Plaintiffs have any standing to object to Freeman's representation of these Defendants. The only remedy, if any, that Plaintiffs have against Freeman is filing a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.

In Plaintiffs' original motion to disqualify Freeman, Plaintiffs raise the propriety of Freeman representing Defendants in a case where he is also named as a defendant. (Doc. 24) Under the Model Code of Professional Responsibility, in some instances an attorney may continue to represent his or her client in a case where he or she may be called as a witness:

DR 5-102 Withdrawal as counsel when the lawyer becomes a witness

> (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B) (1) through (4).
>
> (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

There is no indication in the record that Freeman ought to be called as a witness on behalf of any of the Defendants he represents. Moreover, Plaintiffs have not presented any evidence that Freeman's testimony would be prejudicial to his clients. Therefore, the Court finds that this is not a basis to disqualify Freeman.

The Court will not allow motions to disqualify to be misused as a technique of harassment. Plaintiffs have not shown that there is a reasonable possibility that some specifically identifiable impropriety actually occurred; and this Court finds that Yeager and Freeman should not be disqualified as counsel.

Based on the foregoing, this Court determines that there was no fraud upon this Court, and Plaintiffs' objections to the Magistrate's R&R are not well-taken.

Plaintiffs have filed two motions since the entry of the Magistrate's R&R: (1) Plaintiffs' Motion for Leave to File New Evidence Received 11/13/04, That is Significant to this Pending Matter at Hand (Doc. 157) and (2) Plaintiffs' Motion to Introduce Material in Support for Plaintiffs' Charge against Defendant Herbert Freeman for "Fraud Upon this Court." (Doc. 165). For the reasons stated herein, both motions are denied.

Attached to the Motion for Leave to File New Evidence (Doc. 157) is a document

9

entitled "Preliminary Findings" and dated July 14, 2004. This report was submitted on November 8, 2004 by Randall S. Kuvin and Terry L. Yoho of Flagel, Huber, Flagel & Co., an accounting firm. The report details the results of an investigation of the Waynoka Property Owners' Association. The report expresses the firm's "opinion of the losses sustained and indications of potential losses which may result based on abuse of the system of internal controls and rules established by the Association." Plaintiffs maintain that this report supports their RICO claim.

Defendants Fender, Bridges, and Gorby respond that Plaintiffs are attempting to submit an untimely expert report to the Court. (Doc. 163) Defendants point out that Plaintiffs failed to submit this report by September 1, 2004, which is the deadline set out in this Court's Order of July 26, 2004. (See Doc. 137) Plaintiffs reply that they have decided that there is no need for an expert witness; Defendant Rickling has retained Ms. Yoho; and Rickling gave the report to Plaintiffs. (Doc. 164)

Defendants are correct that under Federal Rule of Civil Procedure Rule 26(a)(2)(A), "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." These disclosures are to be made "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Therefore, Plaintiffs were required to identify "any person," regardless of who retained the person, by September 1, 2004. However, Plaintiffs are not seeking to introduce testimony at trial. Instead, the report was submitted to support Plaintiffs' opposition to Defendants' Motions to Dismiss, for Summary Judgment, and for

Judgment on the Pleadings, which were addressed in the R&R.[7]

Under Federal Rules 12(b)(6) and 12(c), if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. A nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.* The list in Rule 56(c) includes "depositions, answers to interrogatories, and admissions on file, together with affidavits, if any." The Rule provides further that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The report submitted by Plaintiff is not one of the kinds of evidentiary materials which can properly be relied upon to oppose Defendants' motions. Therefore, although the Court has read the report, it will not be considered.

Moreover, even if the Court were to consider the report, the Court finds that nothing in the report would support Plaintiffs' RICO claim. While the report may identify potentially illegal activity, none of the acts would constitute one of the predicate offenses necessary to support a RICO violation. *See* 18 U.S.C. §1961(1). Therefore Plaintiffs' Motion for Leave to File New Evidence Received 11/13/04, That is Significant to this Pending Matter at Hand (Doc. 157) is denied.

---

[7]It has not escaped the Court's notice that the report was not attached to a formal objection to the R&R.

As to Plaintiffs' Motion to Introduce Material in Support for Plaintiffs' Charge against Defendant Herbert Freeman for "Fraud Upon this Court" (Doc. 165), the Court finds that the "material" Plaintiffs are seeking to introduce is not relevant. Attached to Plaintiffs' motion is a newspaper article dated December 2, 2004 which includes several statements attributed to Freeman. These statements were not made to the Court, and therefore could not have perpetuated any type of fraud upon this Court. Accordingly, Plaintiffs' Motion to Introduce Material in Support for Plaintiffs' Charge against Defendant Herbert Freeman for "Fraud Upon this Court" (Doc. 165) is denied.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation. Accordingly, the November 1, 2004 Magistrate Judge's Report and Recommendation (Doc. 153) is hereby **ADOPTED**. This action is hereby **DISMISSED WITH PREJUDICE** and stricken from the docket of this Court.

It is **FURTHER ORDERED** that:

1. Plaintiffs' Motion to Declare that a Fraud upon this Court (Doc. 154) shall be **CONSTRUED AS AN OBJECTION** to the Magistrate's R&R.

2. Defendant Herbert Freeman's Motion for Order to Show Cause and Motion for Sanctions (Doc. 156), be **DENIED AS MOOT**.

3. Plaintiffs' Motion for Leave to File New Evidence Received 11/13/04, That is Significant to this Pending Matter at Hand (Doc. 157) be **DENIED**.

4. Plaintiffs' Motion to Introduce Material in Support for Plaintiffs' Charge against Defendant Herbert Freeman for "Fraud Upon this Court" (Doc. 165) be **DENIED**.

5. Defendants Joint Motion to Stay Discovery (Doc. 168) be **DENIED AS MOOT**.

_____
Michael H. Watson
United States District Judge