UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

05 MAR -9 AM 10: 10

JOHN SAYYAH, BRENDA FRANK,
& ROBERT RICKLING

    plaintiffs

        -vs-

WAYNOKA PROPERTY OWNERS
ASSOCIATION, ET AL

    defendants

CASE NO. 1:01-CV-00459

<u>MOTION FOR ATTORNEY'S FEES
BY HERBERT FREEMAN AGAINST
ALL PLAINTIFFS, JOINTLY &
SEVERALLY, & FOR COSTS</u>

DISTRICT JUDGE WATSON

MAGISTRATE JUDGE BLACK

Now comes Herbert E. Freeman, both individually as codefendant herein and as attorney for various codefendants herein, who respectfully moves the Court for an order awarding him attorney fees reflective of the reasonable valuation of the time he has expended in this action.  Attached hereto is a memorandum in support of this request.

*/s/ Herbert E. Freeman*

Herbert E. Freeman [0005364]
Attorney for certain
   designated codefendants,
   and <u>pro</u> <u>se</u> defendant
114 East Eighth Street
Cincinnati, Ohio  45202-2102
(513) 381-8115  FAX 381-8153

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees motion, page 2

MEMORANDUM

1. Movant concedes that under the "American Rule" there usually no provision for an award of damages for attorney's fees to successful defendant[s] against plaintiffs. This is one of the major differences between American & British civil law, notwithstanding the fact that America looked to Britain when setting up its system, based upon British common law.

2. Notwithstanding the general rule, an exception is made when it can successfully be shown that the action itself was both initiated and pursued in bad faith.

3. In the instant case, plaintiffs' initial complaint, a *pro se* Civil RICO action against multiple parties initiated on the 11th of July of 2001, did not name Herbert E. Freeman as a defendant.

4. Plaintiffs in filing suit against the Waynoka Property Owners Association and against the Waynoka Regional Water and Sewer District also joined individual trustees of each respective entity, and said trustees were sued in their individual capacities.

5. Herbert E. Freeman, himself a property owner at Lake Waynoka [a gated community in Brown County, Ohio], discovered the

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees motion, page 3

pendency of the aforementioned action, observed that two of the plaintiffs [Sayyah & Frank] were also candidates for the positions of trustees of both of the respective boards, and furthermore determined that Sayyah & Frank had deliberately omitted any reference to the lawsuit in their candidate curricula vitae.

6. Herbert E. Freeman at his own expense sent letters to all 2,150 property owners of record, notifying them that Sayyah & Frank were plaintiffs in the pending Civil RICO action against the same boards to whom they had submitted their candidacies as trustees. Sayyah & Frank had also deliberately not initiated the required steps to obtain service of process to clandestinely further their deception. In Freeman's letter, the names of alternative candidates were proffered to the voters as suggested better choices.

7. After Sayyah & Frank were soundly defeated, plaintiffs filed an amended complaint, adding Freeman as a party defendant, solely for his activities involving authorship and circulation of the election-related letter. Also added were Freeman's suggested alternative candidates, and other trustees who spoke openly in support of Freeman's actions.

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees motion, page 4

8. Freeman also volunteered to represent all defendants sued in their individual capacities pro bono, provided that his representation was consistent with the appropriate standards for multiple party representation established by the ethical considerations [ECs] and disciplinary rules [DRs] and provided that the parties were willing to accept such representation. See the Ohio Code of Professional Responsibility, inclusive of amendments thereto.

9. Subsequently both Freeman [pro bono to the extent that certain defendants were sued in their individual capacities, and also pro se] and Stephen Yeager [the attorney provided by Lake Waynoka's insurance carrier as representative of various defendants in their official capacities] were subjected to various pretextual and redundant motions seeking that they be disqualified, and they furthermore had to respond to numerous motions seeking that all predecessor judges and magistrate judges disqualify themselves for alleged bias & prejudice. Freeman & Yeager also needed to represent the same parties in an interlocutory appeal to the Sixth Circuit, that was eventually determined to be without merit. It should furthermore be noted that eventually [in other actions filed by combinations of the same plaintiffs] Yeager was also sued in his individual capacity as a party defendant.

Sayyah, et al -vs- WPOA, et al<br>
Case No. 1:01-CV-00459<br>
attorney's fees motion, page 5

10. A search conducted via the PACER Service Center reveals that these same plaintiffs are parties to the following redundant frivilous & bad faith lawsuits:

| | | |
|---|---|---|
| 1:02-CV-00074 | Bledsoe, Melvin -vs- WPOA, et al ["copycat" Civil RICO] | |
| 1:04-CV-00194 | Sayyah, et al | -vs- WPOA, et al |
| 1:04-CV-00395 | Sayyah, et al | -vs- Yeager, et al |
| 1:04-CV-00432 | Sayyah, et al | -vs- WRWSD, et al |
| 1:04-CV-00442 | Sayyah, et al | -vs- WPOA, et al |
| 1:04-CV-00016 | Sayyah, et al | -vs- Brown County Board of Commissioners, et al |

11. The same activities regarding Freeman's 2001 election letter are the subject of redundant & frivilous bad faith lawsuits 20010687 CVH & 20010690 CVH in the Brown County Court of Common Pleas, actions wherein Freeman both individually pro se and pro bono as attorney for essentially the same parties has initiated counterclaims under Ohio's "vexatious litigator" statute, §2323.52 Ohio Revised Code. In each of those actions, plaintiffs Sayyah & Frank have filed same & similar pretextual bad faith motions to disqualify counsel, motions to disqualify the judge, and motions for sanctions.

12. The Chief Justice of the Ohio Supreme Court, speaking through his own attorneys [hired at taxpayers' expense] in a motion to dismiss Case No. 1:05-CV-00016, documents all three plaintiffs' recent history of vexatious litigation against basically every jurist, governmental official,

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees action, page 6

and individual trustee who has or is anticipated to have any contact with them. Moyer states:

> Plaintiff Sayyah has a long & tortured history in the state and federal courts. <u>He has filed approximately 20 lawsuits over the past five years, all but one of which was pro se</u>. Plaintiffs Frank and Rickling were coplaintiffs in some, but not all, of these cases.
>
> While the particular combination of plaintiffs and defendants in each of these suits is different, the basic thrust of these cases is the same, and relates to the same set of underlying facts: Plaintiffs are residental property owners at Lake Waynoka, which requires that they must be dues-paying members of the Waynoka Property Owners Association, Inc. [WPOA], a nonprofit corporation organized under Chapter 1702 Ohio Revised Code. Sayyah originally filed suit in the Brown County Common Pleas Court, essentially alleging that WPOA was conspiring against him by illegally charging him for water. <u>Since that time, he has gone through a seemingly endless cycle of appeals and new cases stemming from that challenge</u>.
>
> .....Plaintiffs are now collaterally attacking judges who presided over their underlying litigation and over plaintiffs' motions for recusal, attempting to relitigate those matters.

13. Because harrassment and not winning is plaintiffs' primary motivation, defendants' traditional safeguards against meritless actions are inadequate countermeasures. Furthermore actions for malicious prosecution or for abuse of process or requests for sanctions all have in common the fact that they also increase defendant's own litigation costs. <u>Wilcox</u> -vs- <u>Superior Court</u>, 33 Cal. Rptr. 2nd 450

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees action, page 7

14. This court should award both costs and the reasonable valuation of attorney's fees to this defendant, both in the interest of justice and because such an award would be a deterrent to the initiation of additional suits in the future.

15. Federal Rule of Civil Procedure 54(D)(2)(A) states that claims seeking attorney's fees & related nontaxable expenses shall be made by motion. Subsection "B" states that such a motion must be filed within 14 days of the date of entry of judgment; furthermore such a motion must specify the grounds entitling the moving party to the award, and must state the amount or provide a fair estimate of the amount sought.

16. Subsection "C" states that the court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court. Furthermore the court shall find facts and state its conclusions of law, as provided in Federal Rule of Civil Procedure 52(A), and a judgment shall be set forth in a separate document, as provided for in Federal Rule of Civil Procedure 58.

                                        Sayyah, et al -vs- WPOA, et al
                                        Case No. 1:01-CV-00459
                                        attorney's fees action, page 8

17. Furthermore Federal Rule of Civil Procedure 54(D)(2)(C) provides that the court may refer a motion for attorney's fees to a magistrate judge under Federal Rule of Civil Procedure 72, as if it were a dispositive pretrial matter.

18. Federal courts have discretion to award attorney's fees when a party has prosecuted a case in bad faith." Rutter Group Practice Guide to Federal Civil Trials & Evidence at §19:260 defines bad faith as ".....vexatiously, wantonly, or for oppressive reasons."  See also Alyeska Pipeline Service Co. -vs- Wilderness Society (1975), 421 U.S. 240.

19. Movant Herbert E. Freeman accordingly gives a good faith estimate that over the almost four [4] years that the instant case has been pending he has spent approximately three hundred [300] hours pursuing legal services that were both reasonable and necessary for defense of both himself pro se and of his clients pro bono. Furthermore he states that the current rate in the Cincinnati, Ohio market for a Federal court practitioner with 31+ years of experience who possesses an "AV" Martindale-Hubbell rating is $300.00 per hour.

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees action, page 9

WHEREFORE requests the following:

1. That the court render a determination that plaintiffs' action was initiated as well as prosecuted in bad faith, since it was without merit ab initio, since there was no nexus [rational relationship] between plaintiffs' allegations and the allegations alleging a RICO conspiracy, since defendants' activities involved rights granted to them by both the Federal and Ohio Constitutions [said rights being infringed], and since plaintiffs' activities involve any & all deprivation of rights not specifically designated herein but neverless found to be present;

2. That the court refer this matter to a magistrate, for a determination of the reasonable valuation of the attorney's fees that are reasonable & necessary and which were necessitated by plaintiffs' actions, said magistrate having the capacity to order the submission of an itemized accounting of said time for legal services;

3. That the court review the recommendations of the magistrate, and ratify said report into an order finding all defendants jointly & severally liable to movant both individually and as agent for his clients.

Sayyah, et al -vs- WPOA, et al
Case No. 1:01-CV-00459
attorney's fees action, page 10

Respectfully submitted,

*Herbert C. Freeman*
_____
Herbert E. Freeman [0005364]
114 East Eighth Street
Cincinnati, Ohio  45202-2102
(513) 381-8115   FAX 381-8153

### CERTIFICATION

On the filing date time-stamped hereon I have sent the following individuals exact copies of this pleading by ordinary U.S. Mail:

| | | |
|---|---|---|
| John Sayyah<br>238 Waynoka Drive<br>Sardinia, Ohio 45171 | Brenda Frank<br>Box 588<br>Sardinia, Ohio 45171 | Robert Rickling<br>44 Comanche Drive<br>Sardinia, Ohio 45171 |
| Stephen Yeager, Attorney<br>One West 4th Street #1800<br>Cincinnati, Ohio 45202 | Nancee Klein<br>531 Waynoka Dr.<br>Sardinia, Ohio 45171 | Shirley Hempfling<br>3376 Citrus Lane<br>Cincinnati, Ohio 45239 |
| Michael P. Foley, Attorney<br>900 Central Trust Tower<br>5 West 4th Street<br>Cincinnati, Ohio 45202 | David Peck, Attorney<br>One West 4th Street<br>Suite 900<br>Cincinnati, Ohio 45202 | |

Colleen Blandford & Kenneth Schoeni, Attorneys
Kohnen & Patton, Attorneys
Suite 800 PNC Center
201 East 5th Street
Cincinnati, Ohio  45202

*Herbert C. Freeman*
_____
Herbert E. Freeman