IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Sayyah, *pro se*, et al., ) | Case No.: 01-CV-459 |
| ) | |
| Plaintiffs, ) | Judge Watson |
| ) | |
| v. ) | MOTION RAISING SUBSTANTIAL |
| ) | QUESTIONS AS TO MATERIAL |
| Waynoka Property Owners ) | FINDINGS OF FACTS AND |
| Association, Inc,, et al., ) | CONCLUSIONS OF LAW IN THIS |
| ) | COURT'S DECISION OF 03/04/05 |
| Defendants. ) | PURSUANT TO FED. R. CIV. P. 52(b) |
| ) | |

**NO COME** Plaintiffs and move this Court, raising substantial questions as to the material findings of facts and conclusions of law in this Court's decision of 03/04/05. Said motion is supported by the accompanying memorandum.

## MEMORANDUM

The issue of fraud upon this Court was not fully addressed by this Court in its decision of 03/04/05. That issue was never resolved. This Court erroneously stated, on page 4, that "This Court set the remaining two motions (Doc 24, 33) for a motion hearing. Plaintiffs moved for reconsideration of that Order, and the Court denied the motion. (Doc. 74).

Plaintiffs never asked for reconsideration. That motion was to be heard orally in Court in which witnesses would have been called, that never occurred, and therefore Plaintiffs were denied a oral hearing in which they could have presented witnesses. In fact, even now, many of the 32 Defendants are still very "anxious" to testify in behalf of Plaintiffs' claim of "fraud upon this Court," which facts are "itched in stone," well documented throughout the Court's official "Record," and "well" supported by controlling Federal (as well as State) Law.

Plaintiffs will argue that their motions (**Court Doc. #24—12/14/01; Doc. #33—01/04/02; Doc. #37—01/14/02; Doc. #44—03/13/02; Doc. #51—04/05/02; Doc. #58—04/18/02; Doc.**

1

#70—06/04/02; Doc. #75—09/30/02; Doc. 82—10/15/02; Doc. #91—10/29/02; Doc. #93—11/04/02; Doc. #100—11/22/002; Doc. #105—12/09/02; Doc. #106—12/16/02; Doc. #116—11/13/03; Doc. #118—12/17/03; Doc. #121—01/05/04; Doc. #122—01/13/04; Doc. #124—02/24/04; Doc. #126—02/27/04; Doc. #134—07/06/04; Doc. #154—11/08/04; Doc. #157—11/15/04) have "demonstrated" fraud upon this court, which, under controlling law, vitiates this Court's entire proceedings, thereby relieving Plaintiffs from all orders, judgments or any other matter issued to or by this Court. *United States v. Karahalias,* 205F.2d 331 (2nd Cir. 1953); *see, also Regenold v. Baby People ex rel. Chicago Bar Association v. Gilmore,* (1931).

## SOMETHING IS NOT KOSHER

From the very beginning and throughout the entire case at bar, Freeman deliberately, maliciously and unrelentingly committed numerous frauds perpetrated upon this Court, which this Court utterly failed to address, ruled out of hand, callously choosing rather to brush it all under the rug—***and did so in the face of controlling case laws cited by Plaintiffs..*** *Hardin v Hardin,* 237 Ark. 237, 372 S.W.2d 260 (1963); *Hadden v. Rumsey Products,* 196 F.2d 92 (2nd Cir. 1952); *Butcher & Sherrand v. Welsh,* 206 F.2d 259 (3rd Cir. 1953); *see, also,* 7 Moore's *Federal Practice,* 60.38(3) (2nd ed. 1971).

Section 1503 of Title 18, United States Code, the term "officer of the court" includes judges, magistrates, clerk of courts, as well as each and every practicing attorney, who "endeavor to influence, intimidate or impede...the due administration of justice," by virtue of the omnibus clause, "obstructs justice," *United States v. Saget,* 991 F.2d 703, 713 (11th Cir. 1989), may be criminally prosecuted pursuant to Section 1503 for endeavoring to "obstruct justice." *United States v. Williams,* 874 F.2d 968, 976 (5th Cir. 1989); *United States v. Edwards,* 36 F.3d 639, 645 (7th Cir. 1994); *Roberts v. United States,* 239 F2d 467, 470 (9th Cir. 1994); *Landreth Timber Co. v. Landreth,* 471 U.S. 681, (1985) quoting *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 756 *1975); *see, also, Brogan v. United States,* 18 S.Ct. 805 (1998); *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571 (1982).

*Again*, under controlling law, "fraud upon *__this__* Court" vitiates its entire proceedings, thereby relieving Plaintiffs from __all__ orders, __all__ judgments or __all__ recommendations issued to or by this Court, and that includes __all__ "denials." *U. S. v. Karahalias,* 205F.2d 331 (2nd Cir. 1953); *see, also Regenold v. Baby People ex rel. Chicago Bar Association v. Gilmore,* (1931).

Plaintiffs believe then, as they believe now, federal controlling law dictates that fraud upon the court vitiates all of its orders, judgments or proceedings.

## CONCLUSION

**WHEREAS,** Plaintiffs pray this Court to reevaluate its decision, and vacate its Decision of 03/04/05, so that justice may be served.

John Sayyah, *pro se*  
238 Waynoka Drive  
Sardinia, OH 45171  
937-446-4136

Brenda Frank, *pro se*  
273 Yuma Drive  
Sardinia, OH 45171  
937-446-4136

## CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 14th day of March, 2005 to Herbert Freeman, Attorney at Law, 114 East Eight Street, Cincinnati, OH, 45202, Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202, Michael P. Foley, Esq., 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202, Colleen Blandford, Attorney at Law, 1400 Carew Tower, 441 Vince Street, Cincinnati, OH 45202, Matthew Skinner, Attorney at Law, P.O. Box 145496, Cincinnati, Ohio 45250, and Steven Hengehold, One West Fourth Street, Suite 900, Cincinnati, Ohio 45202.

John Sayyah, *pro se*

Brenda Frank, *pro se*