UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Sayyah, et al.,

    Plaintiffs,

v.

    Case No. 1:01cv459

Waynoka Property Owners
Association, Inc., et al.,

    Judge Michael H. Watson

    Defendants.

## ORDER

Before the Court is the Defendant Herbert Freeman's Motion for Attorneys' Fees. (Doc. 172) Defendant Freeman maintains that he is entitled to such fees "both in the interest of justice and because such an award would be a deterrent to the initiation of additional suits in the future." Defendant Freeman states that federal courts have discretion to award attorneys' fees when a party has prosecuted a case in bad faith; and argues that Plaintiffs' claims were brought in bad faith.

Plaintiffs claims were brought pursuant to the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 to 1968. Under RICO, a district court may award prevailing plaintiffs a reasonable attorney's fee. 18 U.S.C. § 1964(c); *Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 380 (6th Cir. 1993). There is nothing in the statute which would permit this Court to award Freeman, as a prevailing defendant, fees in this case. *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996) (prevailing defendants cannot

recover attorneys' fees pursuant to section 1964(c) because that provision only permits prevailing plaintiffs to recover fees).

Rule 11 of the Federal Rules of Civil Procedure affords this Court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002). Such sanctions include the award of reasonable attorneys' fees. Fed. R. Civ. P. 11(c)(2). However, "sanctions under Rule 11 are unavailable, unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court" *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir.1997). There is no indication that Defendant Freeman complied with this requirement, and therefore Rule 11 sanctions are unavailable to him.

Yet, even if sanctions are available under statutes or various rules in the Federal Rules of Civil Procedure, the inherent authority of this Court is an independent basis for sanctioning bad faith conduct in litigation. *First Bank of Marietta*, 307 F.3d at 511, *citing*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). "In order to award attorney fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.' " *Id.*, *quoting*, *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir.1997). At this time, there has been no finding by the Court that Plaintiffs' claims were meritless, that Plaintiffs knew or should have known that

2

the claims were meritless, or Plaintiffs' motive for filing the suit was for an improper purpose.

Therefore, Defendant Freeman is not entitled to attorneys' fees, and his motion (Doc. 171) is hereby **DENIED**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court