K. Roger Schoeni (0004812)<br>
Colleen M. Blandford (0061877)<br>
Attorneys for Defendants Donald E. Fender, Inc.,<br>
Milan Gorby, and James L. Bridges

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOHN SAYYAH,** *pro se*, et al., | : | **Case No. C-1-01-459** |
| | : | |
| Plaintiffs, | : | **Judge Watson** |
| | : | **Magistrate Judge Black** |
| vs. | : | |
| | : | **MEMORANDUM OF DEFENDANTS** |
| **WAYNOKA PROPERTY OWNERS** | : | **DONALD E. FENDER, INC., JAMES L.** |
| **ASSOCIATION, INC., et al.,** | : | **BRIDGES AND MILAN GORBY IN** |
| | : | **OPPOSITION TO PLAINTIFFS' MOTION** |
| Defendants. | : | **RAISING SUBSTANTIAL QUESTIONS** |
| | : | **AS TO MATERIAL FINDINGS OF FACT** |
| | : | **AND CONCLUSIONS OF LAW IN THIS** |
| | : | **COURT'S DECISION OF 03/04/05** |
| | : | **PURSUANT TO FEDERAL RULE OF** |
| | : | <u>**CIVIL PROCEDURE 52(B)**</u> |

Come now Defendants Donald E. Fender, Inc., James L. Bridges, and Milan Gorby ("Fender Defendants"), by and through counsel, and urge this Court to deny Plaintiffs' Motion Raising Substantial Questions as to Material Findings of Fact and Conclusions of Law in this Court's Decision of 03/04/05 pursuant to Federal Rule of Civil Procedure 52(B). Specifically, there are no manifest errors of law or fact in this Court's Decision, and Plaintiffs' Motion under Federal Rule of Civil Procedure 52(B) is not well founded. This Memorandum in Opposition is supported by the attached Memorandum of Law.

Respectfully submitted,<br>
KOHNEN & PATTON LLP<br>
<br>
<u>/s/ Colleen M. Blandford</u><br>
K. Roger Schoeni (0004812)<br>
Colleen M. Blandford (0061877)<br>
Attorneys for Defendants Donald E. Fender, Inc.,<br>
  Milan Gorby, and James L. Bridges<br>
PNC Center, Suite 800, 201 East Fifth Street<br>
Cincinnati, OH 45202-2994<br>
Telephone: (513) 381-0656; (513) 381-5823 fax

## MEMORANDUM OF LAW

Plaintiffs bring this Motion seeking reconsideration of this Court's Decision of March 4, 2005 pursuant to Federal Rule of Civil Procedure 52(B). Under that Rule, a Court's findings of fact and conclusions of law may be amended "to correct manifest errors of law or fact." *In Re National Magazine Publishing Company* (1994 ND Ohio BR) 172 B.R. 237; *In Re Braithwaite* (1996 ND Ohio BR) 197 B.R. 834. Rule 52(B) "is not intended to provide a litigant with a rehearing." *In Re National Magazine Publishing Co., supra.* At bar, because there were no manifest errors of law or fact in this Court's decision of March 4, 2005, Plaintiff's Motion must be denied.

The grounds for Plaintiffs' Motion is that the issue of fraud upon the court was not fully addressed and was not resolved in this Court's decision of March 4, 2005. However, a review of this Court's Order Adopting Magistrate Judge's Report and Recommendation shows that the first nine pages of that decision fully address and resolve the issue of fraud on the court. Specifically, after the nine page discussion of Plaintiffs' claim, the Court held that "Based on the foregoing, this Court determines that there was no fraud upon this Court…" *See* Order, p. 9. From this it is clear Plaintiffs' current Motion is not well taken.

As recognized by this Court in its Order, "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence." *In Re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 538 F. 2d 180, 195 (8th Cir. 1976) cert denied 429 US 1040 (1977). There is no manifest error in this statement of law. Further, Plaintiffs have failed to identify any manifest error in the findings

of fact and conclusions of law comprising this Court's Order of March 4, 2005. Absent manifest error, Plaintiffs' Motion must be denied.

Additionally, as this Court recognized in its Order of March 4, 2005, "the issues Plaintiffs raise regarding Yeager and Freeman are not related to any of the recommended rulings by the Magistrate in the R&R." Order, p. 3. Similarly, here, Plaintiffs fail to identify any specific basis for overturning the ruling granting the Fender Defendants' Motion to Dismiss.

For the foregoing reasons, Defendants Fender, Bridges and Gorby urge this Court to deny Plaintiffs' Motion Raising Substantial Questions as to Material Findings of Fact and Conclusions of Law in this Court's decision of 03/04/05 pursuant to Federal Rule of Civil Procedure 52(B).

    Respectfully submitted,

    KOHNEN & PATTON LLP

    /s/ Colleen M. Blandford
    K. Roger Schoeni (0004812)
    Colleen M. Blandford (0061877)
    Attorneys for Defendants Donald E. Fender, Inc.,
      Milan Gorby, and James L. Bridges
    PNC Center, Suite 800
    201 East Fifth Street
    Cincinnati, OH 45202-2994
    Telephone: (513) 381-0656
    Facsimile: (513) 381-5823

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of April 2005, via Regular US Mail upon the following:

Brenda Frank
273 Yuma Drive
P.O. Box 588
Sardinia, OH 45171

John Sayyah
238 Waynoka Drive
Sardinia, OH 45171

David Winchester Peck
Rendigs Fry Kiely & Dennis LLP
One West Fourth Street
Suite 900
Cincinnati, OH 45202-3688

Herbert Edmund Freeman
114 East Eighth Street
Cincinnati, OH 45202-2102

Nancee Klein
531 Waynoka Drive
Sardinia, OH 45171

and will be served electronically by the Court upon the following:

Michael P. Foley, Esq.
Steven Donald Hengehold, Esq.
mfoley@rendigs.com; shengehold@rendigs.com
Rendigs, Fry, Kiely & Dennis, LLP
900 Fourth & Vine Tower
Five West Fourth Street
Cincinnati, OH  45202-3688
Attorney for Defendant Jay D. Cutrell

Stephen M. Yeager, Esq.
syeager@pyplaw.com
Patsfall, Yeager & Pflum, LLC
1 West Fourth Street, Suite 1800
Cincinnati, OH 45202

Matthew R. Skinner
matt_skinner@staffdefense.com

                                        /s/ Colleen M. Blandford
                                        Colleen M. Blandford

219876.1:CINTI.44044
4/1/2005