FILED
JAMES BONINI
CLERK

05 APR -5 AM 11: 10

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **John Sayyah,** *pro se, et al* | ) CASE NO.: 1:O1-CV-00459 |
| | ) |
| Plaintiffs, | ) Judge Watson |
| vs. | ) Magistrate Judge Black |
| | ) |
| **Waynoka Prop. Owners** | ) **MOTION FOR LEAVE OF COURT TO** |
| **Assoc., Inc.** *et al,* | ) **RESPOND TO DEFENDANTS DONALD** |
| | ) **FENDER, INC., JAMES BRIDGES AND MILAN** |
| Defendants. | ) **GORBY MEMORANDUM IN OPPOSITION** |
| | ) **FILED APRIL 1, 2005** |
| | ) |

**NOW COME** Plaintiff and move this Court for leave to respond to Defendants Donald Fender, Inc., James Bridges and Milan Gorby (hereinafter "Defendants") "memorandum in opposition" filed this April 1, 2005. This motion is supported by the following memorandum.

### MEMORANDUM

Defendants totally emasculate and mischaracterize Plaintiffs' motion seeking reconsideration of this Court's Decision of March 4, 2005 pursuant to Federal Rule of Civil Procedure 52(b), by stating, on page two, unnumbered paragraph one, that: "Rule 52(b) 'is not intended to provide a litigant a rehearing.'" Plaintiffs never sought a rehearing. What Plaintiffs sought under Rule 52(B) was "to correct manifest errors of law and fact," in which fraud upon the court vitiates, defiles and contaminates all the proceedings, rulings and decisions, making them null and void.

Despite their protestations to the contrary, Defendants totally disregard what Plaintiffs stated in their motion raising substantial questions as to material findings of facts and conclusions of law in this Court's Decision of 03/04/05 pursuant to Fed. R. Civ. P. 52(b).

Again, Plaintiffs stated then as they state now, they never asked for reconsideration. What they had asked for was that their motion be heard **ORALLY** in court in which live witnesses were to be sworn in and give testimony. That **NEVER** **OCCURRED!**

-1-

## HOW MUCH PLAINER CAN PLAINTFFS GET?

For Defendants to state it some other way is reprehensible.

To start with, the background presented by Defendants to this Court, do not represent the facts of the case. They have created an imaginary background that is totally misleading, devoid of a clear and well-established law that "fraud upon the court" makes all rulings, judgments and orders, null and void. *Austin v. Smith,* 312 F.2d 337, 343 (1962). Plaintiffs cannot make it any clearer than they have. *Ad nauseam,* and once again, "fraud upon the court" makes void all court orders and rulings. They are ***void ab initio***. It has been reasoned that decisions or rulings or judgments are made void whenever fraud upon the court has occurred. It is also clear and well-settled law that any attempt to commit "fraud upon the court" vitiates the entire proceedings. *The People of the State of Illinois v. Fred E. Sterling,* 357 Ill. 354; 192 N.E. 229 (1934). The maxim that fraud vitiates every transactions into which it enters applies most stringently to judgments and rulings and decisions by the court. *Allen F. Moore v. Stanley F. Sievers,* 336 Ill. 316; 168 N.E. 259 (1929); *Dunham v. Dunham,* 57 Ill.App. 475 (1894); *Skelly Oil Co. V. Universal Oil Products Co.,* 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); *Thomas Stasel v. The American Home Security Corp.,* 362 Ukk, 350; 199 N.E. 798 (1935).

## AN ATTORNEY WHO LIES TO THE COURT COMMITS FRAUD UPON THE COURT

On page two, unnumbered paragraph three, Defendants quote the Court that: "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence." But, while that is true as far as it goes, what Defendants failed to recognize is that the court just was illustrating some examples of egregious conduct. There are other egregious conducts, such as an attorney lying to the court. That is to say, when an attorney, such as Yeager or Freeman, lies or makes material misrepresentation to the court, that attorney commits fraud upon the court, which makes all of its orders, judgments

and rullings, null and void. *Bullock v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985); *Kenner v. C.I.R.,* 387 F.3d 689 (1968); 7 Moore's *Federal Practice,* 2nd ed., p. 512, ¶60.23. Plaintiffs hold to the firm conviction that an attorney's loyalty to the court, as an official thereof, demands integrity and honest dealing with the court, and when the attorney, again such as Yeager or Freeman, departs from this standard he or she perpetrates a fraud on the court.

Furthermore, the court record is crystal clear: Yeager and Freeman worked a fraud not only directly on the court but also directly on the Plaintiffs, the thirty-one Defendants and on the public, as well, which makes this Court's orders, rulings and judgments null and void. *Evans v. Gunter,* 294 S.C. 525, 529, 366 S.E.2d 44, 46 (Ct.App. 1988); *Hagy v. Pruitt,* 339 S.C. 425, 430, 529 S.E.2d 714, 717 (2000); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 245, 250 (1944); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991); *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580 (1946).

Furthermore, fraud upon the court by an attorney may be collateral or external to the trial of the matter itself, but, nevertheless, again makes void and null the court's judgments, orders and rulings. *Mr. G. v. Mrs. G.,* 320 S.C. 305, 465 S.E.2d 101 (Ct.App. 1995); *First State Savings & Loan v. Phelps,* 288 S.C. 441, 385 S.E.2d 821 (1989); *Nichols v. Klein Tools, Inc.,* 949 F2d 1047 (8th Cir. 1991); *Godin v. Godin,* 725 A.2d 904 (Vt. 1998).

So that justice may be properly served, courts have the inherent power to investigate any claim of fraud upon the court. Furthermore, the power to unearth such a fraud is the power to unearth it effectively. Accordingly, courts have the duty to bring before it by appropriate means all those who may be affected by the outcome of its investigation. No doubt, if the court finds after a proper hearing **(which Plaintiffs never received)** that fraud has been practiced upon it, or that "the very temple of justice has been defiled," the entire cost of the proceedings could justly be assessed against the guilty parties. *Sprague v. Ticonic National Bank,* 307 U.S. 161, 167, 59 S.Ct. 777, 780.

Furthermore, no court, upon which fraud has been practiced, has the lawful authority to validate a void order; it only has the lawful authority to vacate all orders issued by it. *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920).

### STILL ANXIOUS TO TESTIFY

Many of the thirty-two named defendants still, even now, are anxious to testify in behalf of Plaintiffs' claim of fraud upon the court, such as Nancee Klein, Shirley Hempfling, Robert Rickling, Kenny Meyers, Mary Chance, Lowell Jackson, Jim Sanger, James Taylor, and many others, if placed under oath in an open court. They are prepared to testify that Yeager and Freeman lied and misled the Court, totally and completely. Why are so many afraid to have these defendants testify in open court that Yeager and Freeman intentionally, knowingly and maliciously lied and purposely misled this Court? Why?

Better yet, why not?

Respectfully submitted,

John Sayyah, *pro se*
238 Waynoka Drive
Sardinia, OH 45171
(937) 446-4136

Brenda Frank, *pro se*
273 Yuma Drive
Sardinia, OH 451
(937) 446-1265

### CERTIFICATION OF SERVICE

We hereby certify that a copy of the foregoing was served by U.S. Mail on this 4th day of April 2005 to Herbert Freeman, Attorney at Law, 114 East Eighth Street, Cincinnati, OH, 45202; Stephen Yeager, Attorney at Law, One West Fourth Street, Suite 1800, Cincinnati, OH 45202; Michael P. Foley, Esq.; 900 Fourth & Vine Tower, Five West Fourth Street, Cincinnati, OH 45202; Colleen Blandford, Attorneys at Law, PNC Center, Suite 1800, 201 East Fifth Street, Cincinnati, OH 45202; Steven D. Hengehold, Attorney at Law, Rendigs, Fry, Kiely & Dennis, LLP, 900 Fourth and Vine Tower, Five West Fourth Street, Cincinnati, OH 45202; Matthew Skinner, Attorney at Law, P.O. 145496, Cincinnati, Ohio 45250.

John Sayyah, pro se

Brenda Frank, pro se