UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Sayyah, et al.,

    Plaintiffs,

v.                                                                             Case No. 1:01cv459

Waynoka Property Owners                                    Judge Michael H. Watson
Association, Inc., et al.,

    Defendants.

## ORDER

Before the Court is Plaintiffs' Motion Raising Substantial Questions as to Material Findings of Facts and Conclusions of Law in this Court's Decision of 3/4/05 pursuant to Fed. R. Civ. P. 52(b) (Doc. 173) and Motion for Leave of Court to Respond to Defendants Donald Fender, Inc. James Bridges and Milan Gorby Memorandum in Opposition Filed April 1, 2005. (Doc. 177)

Upon the Court's review of Plaintiffs' Motion for Leave of Court to Respond to Defendants Donald Fender, Inc. James Bridges and Milan Gorby Memorandum in Opposition Filed April 1, 2005 (Doc. 177), the Court finds that this motion shall be construed as a Reply to Defendants' Memorandum in Opposition. Under this Court's Local Rules, a reply memorandum may be filed in response to a memorandum in opposition within eleven days. See S.D. Ohio Civ. R. 7.2(a)(3). Plaintiffs' Reply was timely filed and the filing of a motion for leave was unnecessary. Accordingly, Plaintiffs' Motion for Leave of Court to Respond to Defendants Donald Fender, Inc. James Bridges and Milan Gorby Memorandum in Opposition Filed April 1, 2005. (Doc. 177) is hereby **GRANTED**.

Plaintiffs' Motion Raising Substantial Questions as to Material Findings of Facts and Conclusions of Law in this Court's Decision of 3/4/05 (Doc. 173) is filed pursuant to Fed. R. Civ.

P. 52(b). Rule 52 is applicable to all actions tried upon the facts without a jury or with an advisory jury.[1] As one district court has explained, this rule "is generally understood as requiring the trial court to make far more detailed findings of fact than a jury is required to make when a case is submitted under Fed.R.Civ.P. 49(a)." *Banerjee v. Board of Trustees of Smith College*, 495 F.Supp. 1148, 1150 (D. Mass. 1980), *cert. denied*, 454 U.S. 1098 (1981).

Plaintiffs' Motion refers to this Court's Order of March 4, 2005 (Doc. 170), which was a ruling upon Motions to Dismiss, for Summary Judgment, and for Judgment on the Pleadings. At no time was this action tried upon the facts. Rule 52 specifically states that detailed findings of fact under the rule are "unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." Fed. R. Civ. P. 52(a). Therefore, this Court finds that Rule 52 is inapplicable to this case.

Nevertheless, Plaintiffs appear before this Court *pro se*; and this Court must liberally construe the pleadings and filings of *pro se* litigants. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). Therefore, this Court will construe Plaintiffs' Motion Raising Substantial Questions as to Material Findings of Facts and Conclusions of Law in this Court's Decision of 3/4/05 (Doc. 173) as a Motion for Reconsideration.

---

[1] Plaintiffs cite to subsection (b), which provides:

> On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

In the Sixth Circuit, motions for reconsideration are treated as a Rule 59(e) motion to alter or amend judgment. *Chrysler Motors Corp. v. Country Chrysler, Inc.*, 1989 WL 100084, *1 (6th Cir. 1989); *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir.1982). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, and is reversible only for abuse. *Huff*, 675 F.2d at 122.

There are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Berridge v. Heiser*, 993 F.Supp. 1136, 1146 -1147 (S.D.Ohio 1997).

However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case". *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). While Plaintiffs presumably would argue that their motion is to correct a clear error of law or to prevent manifest injustice, the Court finds that Plaintiffs' Motion for Reconsideration presents the same arguments previously made to the Court. Specifically, Plaintiffs argue that attorney Herbert Freeman has committed a fraud upon this Court, and therefore all of this Court's orders, judgments, and proceedings are null and void. This issue was discussed extensively in this Court's previous order (Doc. 170) and will not be repeated here. The Court has concluded that Plaintiffs' allegations would not constitute a fraud upon the Court. The Court finds that the witness testimony which Plaintiffs seek to present to the Court would have no bearing on the Court's conclusion. If the allegations themselves are insufficient, proof regarding those allegations would be of no effect.

For the foregoing reasons, Plaintiffs' Motion Raising Substantial Questions as to Material Findings of Facts and Conclusions of Law in this Court's Decision of 3/4/05 (Doc. 173) is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Michael H. Watson, Judge
United States District Court